KEVIN O'ROURKE
DAN O'ROURKE
SOUTHWELL & O'ROURKE, P.S.
Attorneys at Law
960 Paulsen Center
W. 421 Riverside Avenue
Spokane, WA 99201
(509) 624-0159

UNITED STATES BANKRUPTCY COURT

IN AND FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | No.:**20-00465-WLH11** |
| **HUSCH & HUSCH, INC.,** | Chapter **11** |
| Debtor. | **SECOND AMENDED PLAN OF REORGANIZATION** |

Debtor proposes the following Plan of Reorganization:

ARTICLE I
<u>DEFINITIONS</u>

1.    "Accountant" shall mean Alegia & Co., P.S. and Barry Warner, CPA, or any certified public accountant, employed or to be employed by Debtor with prior Court approval.

2.    "Administrative Expense" shall mean the claims of creditors of Debtor as set forth in Section 503 of the Code.

3.    "After Notice and Hearing" means after such notice and such opportunity for a hearing as is appropriate in the particular circumstances.  It authorizes an act without an actual hearing if a notice is given properly and if a hearing is not requested timely or if there is insufficient time for a hearing to be held before the act must be done and the Court authorizes the act.

4.    "Allowed Claim" shall mean a Claim for which a proof of Claim has been timely filed with the Court within the time fixed by the Court of May 13, 2020, as to which a

Second Amended Plan of Reorganization-1

**SOUTHWELL & O'ROURKE, P.S.**
**A PROFESSIONAL SERVICE CORPORATION**
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

final order or judgment has been entered allowing said amount or to which no objection to a timely filed proof of Claim being filed or listed without being disputed.

5.     "Allowed Secured Claim" shall mean an Allowed Claim secured by a lien, security interest or other charge against or interest in property in which the Debtor has an interest and which property has a present fair market value in a sufficient amount to pay all superior lien Claims and the Claims.

6.     "Attorney for Debtor" shall mean Southwell & O'Rourke, P.S., Montoya Hinkley Law Firm, and Hummer & Boyd, PLLC, and any additional attorneys or successors as approved by the Court.

7(a).     "Claim" shall mean any right to payment, or right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to payment or right to equitable remedy is reduced to judgment, whether unmatured, disputed, undisputed, legal, equitable, secured or unsecured.

7(b).     "Claim Against Gray Land" shall mean that amount Debtor asserts is owed to it by Gray Land & Livestock, LLC ("Gray Land"). Debtor claims it is owed in excess of Three Hundred Fifty-Six Thousand Dollars ($356,000.00) by Gray Land and that the claim is secured by crops and real estate owned by Gray Land. Gray Land does not dispute the claim amount. However, it asserts that the claim is secured only in the amount of Seventy-Five Thousand Dollars ($75,000.00).

8(a).     "Code" shall mean Title 11 of the United States Code, 11 U.S.C. §101, et. seq.

8(b).     "Commercial Lot" shall mean that approximate 0.75 acres or 32,670 square feet of real estate, Parcel No. 18112744029 on Harrah Road, Harrah, Washington and legally described as:

> BEG 316 FT N OF SE COR OF SEC. TH W 200FT, TH N TO PT 22 FT S OF DRAINAGE DITCH, TH SE' LY TO A PT 210 FT N OF POBTH S 21 FT TO POB EX E 40 FT CO RD R18, T11, SECTION 27, YAKIMA COUNTY, WASHINGTON

9.     "Confirmation" shall mean the entry of an order confirming the Plan.

10.     "Court" shall mean the United States Bankruptcy Court for the Eastern District of Washington.

Second Amended Plan of Reorganization-2

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

11.    "Creditor" or "Creditors" shall mean all persons and/or entities holding Claims of or against the Debtor, holding claims for liabilities, demands or claims of any character whatsoever.

12.    "Debtor" shall mean Husch & Husch, Inc.

13.    "Debtor in Possession" shall mean Debtor, when exercising its rights, powers, and duties under Section 1107(a) of the Code in the reorganization case.

14.    "Debtor's Business" shall mean the seed, spray, fertilizer, and chemical sales and/or application conducted in eastern Washington, Idaho, and Oregon.

15.    "Disbursing Agent" shall mean Accountant and/or the entity or individual as designated by the Court in the Order of Confirmation, acting in the capacity of the disbursing agent under this Plan, and having such rights, powers, and duties as may be designated in the Plan, the Order of Confirmation, or by final Order of the Court. Debtor does not propose the appointment of a Disbursing Agent. If a Disbursing Agent is not appointed, Debtor shall be the Disbursing Agent.

16.    "Disputed Claim" shall mean a filed or scheduled claim of an alleged Creditor as to which an objection has been filed by a party in interest or which has been scheduled in the Schedule of Liabilities filed pursuant to §521(1) of the Code as disputed, contingent or unliquidated.

17.    "Effective Date" shall mean the date on which the Order of Confirmation becomes final and non-appealable.

18.    "Equipment" shall mean Debtor's personal property and fixed assets used by Debtor to conduct its business of buying, selling, and applying seed, fertilizer, and spray, except that property hereinafter defined as "Heritage Equipment", and listed and described on Exhibit No. 1 attached to Debtor's Disclosure Statement.

19.    "Estate" and/or "Property of the Estate" shall mean the estate created pursuant to §541 of the Code.

20.    "Fertilizer Plant Properties" shall mean those eight (8) improved parcels of real estate commonly known as 8031 Branch Road, Harrah, Washington.

Second Amended Plan of Reorganization-3

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

21.     "Final Order" shall mean an order or judgment of the Court as to which the time for appeal has expired without a notice of appeal having been filed, or as to which any appeal therefrom has been resolved.

22.     "Heritage Bank Real Estate Collateral" shall mean that real property securing, in part, the allowed secured claim of Heritage Bank, consisting of some parcels owned by entities other than Debtor.

23.     "Heritage Equipment Collateral" shall mean that non-titled business and farm equipment owned by Debtor described specifically on Exhibit No. 1 to Disclosure Statement.

24.     "Heritage Vehicle/Rolling Stock Collateral" shall mean those titled vehicles owned by Debtor but represent part of the collateral securing one or more of the claims of Heritage Bank. A list with description of each vehicle is listed on Exhibit 2 to Disclosure Statement.

25.     "Inventory" shall mean that personal property owned by Debtor, in Debtor's possession, and as defined by Section 9-102(a)(48) of the Uniform Commercial Code.

26.     "Jones Road Home" shall mean that approximate 1,216 square foot, 3 bedroom, 1 bath, single level home commonly known as 2720 Jones Road, Wapato, Washington.

27.     "Net Proceeds of Liquidation" shall mean gross recovery less the reasonable costs and expenses of any attorneys and experts employed by Debtor with Court approval, to the extent said fees and expenses are fixed and approved by the Court to liquidate an item or account.

28.     "Net Proceeds of Sale" shall mean gross sales or liquidation proceeds including payments on contract, less the real estate or auctioneer commission, if any, approved by the Court or specifically set forth in this Plan, and less the standard, usual, and reasonable costs and expenses at closing, such as attorney fees, title policy expenses, excise tax, revenue stamps and recording fees. As used herein, the realtor's, brokers, consignee, or auctioneer's commission shall not exceed ten percent (10%) of the sales price unless increased After Notice and Hearing. Such modification shall not be deemed an amendment or modification to the Plan. Provided, further, that in the case of an auction, Net Proceeds of Sale shall be that amount further reduced by auction advertising expenses not to exceed three percent (3%) of the gross sales price.

Second Amended Plan of Reorganization-4

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

29(a). "Office Property" shall mean that real estate commonly known as 8031 Branch Road, Harrah, Washington and used by Debtor as and for its corporate offices. This property is leased from Husch Properties, LLC.

29(b). "Open Ground 24 Acres" shall mean that approximate twenty-four (24) acres of unimproved real estate commonly known as 8201 Branch Road, Harrah, Washington 98933.

30. "Order of Confirmation" shall mean the Order of the Court confirming the Plan pursuant to §1129 of the Code.

31. "Petition Date" shall mean the date on which Debtor filed its Voluntary Petition for relief in accordance with Chapter 11 of Title 11, United States Code, with the Court, commencing the reorganization case, namely, March 4, 2020.

32. "Plan" shall mean the Plan of Reorganization in its present form, or as it may be amended, modified, or supplemented, filed by Debtor.

33. "Professional Persons" shall mean persons, including a trustee, if one is appointed, retained or to be compensated pursuant to Sections 326, 327, 328, 330, and/or 1103 of the Code.

34. "Proponent" shall mean Debtor above-named.

35. "Pro rata" shall mean that with respect to a distribution to any holder of an Allowed Claim or interest in a given class, the amount of such distribution shall be calculated by multiplying the total amount available for distribution by a factor, the numerator of which is the whole of said holder's Allowed Claim or interest, and the denominator of which is the aggregate of the Allowed Claims or interest of that class.

36. "Rental Houses" shall mean the two (2) single family houses commonly known as 40 Martin Lane Wapato, Washington, together being tax parcel 181127-44023.

37. "Reorganization" shall mean the Chapter 11 case pending before the Court commenced by Debtor, designated case number 20-00465-WLH11.

38. "Reorganized Debtor" shall mean, as provided by Section 1141(d) of the Code, the Debtor as revested, following the Effective Date, with all assets that were formerly Property of the Estate.

Second Amended Plan of Reorganization-5

SOUTHWELL & O'ROURKE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS AT LAW
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

39.     "Restaurant and Convenience Store" shall mean that public café/restaurant and convenience store located in the same building located adjacent to Debtor's real estate. The facility is commonly known as 3990 Harrah Road, Wapato, Washington and is operated by a tenant. This real estate and improvements are owned by D & LK Husch, Inc.

40.     "Rules" shall mean United States Bankruptcy Rules, Title 11, United States Code.

41.     "Schedules" shall mean the list of assets and liabilities required to be filed pursuant to Section 521 of the Code, and which Debtor has filed, and any amendments thereto.

42.     "Secured Claim" shall mean an Allowed Claim that is a secured Claim against the Debtor determined in accordance with §506(a) of the Code.

43.     "Unclassified Claim" shall mean an Allowed Claim described in Sections 507(a)(1), (2) or (7) of the Code.

44.     "Unsecured Claim" shall mean an Allowed Claim that is not a Secured Claim.

45.     "Unsecured Creditors Committee" shall mean the official Unsecured Creditors' Committee appointed pursuant to Order of the Court in the reorganization case. The members are:     None

46.     "Vehicle/Rolling Stock" shall mean those title vehicles owned by Debtor and used in Debtor's Business and not included in "Heritage Vehicle/Rolling Stock Collateral". A list with description is attached to Debtor's Disclosure Statement as Exhibit No. 3.

ARTICLE II
PURPOSE OF THE PLAN

The purpose of this Plan is to provide a method of orderly payment to priority, secured, undersecured (if any), and unsecured Creditors, recognizing that should certain Secured Creditors foreclose on their security or priority Creditors attach property of Debtor, there would be insufficient Property of the Estate remaining for priority and Unsecured Creditors to satisfy the full amount due them. It will also allow Debtor to retain property and operate its business.

Second Amended Plan of Reorganization-6

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

Debtor believes the payment and distribution under this Plan will benefit and pay all Creditors holding allowed claims more than Creditors would receive in a Chapter 7 liquidation, namely, payment in full. The Disclosure Statement circulated herewith and the Schedules filed with the Court should be reviewed in this regard. The analysis in Article VII of Disclosure Statement should be reviewed.

ARTICLE III
CONDITIONS AFFECTING THE PLAN OF REORGANIZATION

This Plan addresses the conditions, facts and circumstances existing on the Petition Date or, when relevant, the facts as they now exist. Debtor believes the secured Creditors or claimants consist of those herein classified as Classes numbered 5, 6, 7, 8, 9, 10, 11(a) – 11(e), 12, 13, 15, and 16. The Court will retain jurisdiction to determine the amount and validity of any Claims, secured or otherwise. (See: Article XXXI infra.).

Debtor does not, by this Plan, acknowledge or reaffirm any secured debt that is otherwise invalid, avoidable, or unenforceable. Should a Secured Claim be determined, After Notice and Hearing (Art. I, def. #3), to be unsecured, it shall be treated as an Unsecured (Class 14) Claim. Debtor believes the priority Creditors are listed in Classes numbered 1(a), 1(b), 1(c), 2, and 3.

Debtor is not current in its payments and/or obligations to any class of Creditors, or any member of a multi-membered class.

ARTICLE IV
PLAN OF REORGANIZATION

It is proposed that there will be twenty-five (25) classes of Creditors. The present members of each class and the approximate amount due and/or claimed by each class on the Petition Date are set forth hereinafter, which may not include interest which has been accruing. The Disclosure Statement, which accompanies this Plan, contains a list, description and Debtor's estimate of the value of the security claimed by each of the Secured Claim holders, together with the payment required to be made said classes. The classes are as follows:

Class 1(a): Expenses of administration pursuant to Section 503(b)(4) of the Code. Present members are as follows:

///

Second Amended Plan of Reorganization-7

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

| Member | Claim Amount |
|---|---|
| Southwell & O'Rourke, P.S., Attorneys | $109,000.00+ |
| Hummer & Boyd, PLLC, Attorneys | $19,125.00 |
| CFO Selections, Advisors | $10,0000.00+ |
| Alegria & Co., P.S., Accountants | $5,000.00+ |
| Montoya Hinkley Law Firm | $1,000.00+ |

*The above amounts are estimates. The services are continuing so the amounts are increasing monthly. The amount listed for Southwell & O'Rourke, P.S. is for services through March 17, 2021 in the amount of $165,007.00 plus unreimbursed costs in the amount of $5,839.20.

Class 1(b): Expenses of Administration pursuant to Section 503(b)(9). Present members are:

| Member | Claim Amount |
|---|---|
| Helena Agri-Enterprises, LLC | $100,878.30 |
| PCS Sales, Inc. | $49,000.00 |
| Makhteshim Agan of N. America (ADAMA) | $15,863.76 |
| Nutrien Ag Solutions, Inc. | $19,600.00 |
| Two Rivers Terminal, LLC | $52,075.45 |
| West Central Distribution, LLC d/b/a CHS | $4,302.36 |

Class 1(c): Expenses of Administration pursuant to 28 U.S.C. § 1930(a)(b) and 11 U.S.C. § 507(a)(8).

| Member | Claim Amount |
|---|---|
| United States Trustee | $0.00 at present |

Second Amended Plan of Reorganization-8

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

| | |
|---|---|
| USA, IRS | $0.00 at present |
| State of Washington, Department of Revenue | $0.00 at present |

Class 2:     Wage claims pursuant to 11 U.S.C. § 507(a)(4).

| **Member** | **Claim Amount** |
|---|---|
| Ed Boob | $13,650.00 |
| Pat LeNeave | $13,650.00 |
| Allen Husch | $10,000.00 |
| Kelly Husch | $11,250.00 |
| Autumn Torres | $6,750.00 |

Class 3:     United States of America, Internal Revenue Service and State of Washington, Department of Revenue. Amounts due: $11,779.31 (disputed) and $0.00, respectively.

Class 4:     Executory Contracts and Leases pursuant to 11 U.S.C. § 365.

| **Member** | **Claim Amount** |
|---|---|
| Husch Properties, LLC | $5,000.00+ |
| Allen Husch | $10,000.00 |
| Kelly Husch | $11,250.00 |
| Autumn Torres | $6,750.00 |
| Pat LeNeave | $206,858.81 |
| Ed Boob | $137,797.21 |

Second Amended Plan of Reorganization-9

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

Class 5:      Yakima County, State of Washington <u>Amount due</u>: $34,999.22

Class 6:      Agco Finance, LLC. <u>Amount due</u>: $77,843.79

Class 7:      Ally. <u>Amount due</u>: $26,444.21

Class 8:      Deere & Company. <u>Amount due</u>:  $47,120.51

Class 9:      Ford Motor Credit Co. <u>Amount due</u>: $38,993.59

Class 10:     AmeriCredit Financial Services, Inc., d/b/a GM Financial. <u>Amount due</u>: $16,047.38

<u>Class 11(a)</u>:  Heritage Bank. <u>Amount due</u>: $18,572.00

<u>Class 11(b)</u>:  Heritage Bank. <u>Amount due</u>: $6,050.00

<u>Class 11(c)</u>:  Heritage Bank. <u>Amount due</u>: $674,190.00

<u>Class 11(d)</u>:  Heritage Bank. <u>Amount due</u>: $657,858.00

<u>Class 11(e)</u>:  Heritage Bank. <u>Amount due</u>: $2,201,145.00

Class 12:     Wells Fargo Vendor Financial. <u>Amount due</u>: $1,000.00+

Class 13:     Helena Agri-Enterprises, Inc. <u>Amount due</u>: $100,000.00+

Class 14:     Unsecured Creditors. <u>Amount due</u>: $1,315,994.46

| Creditor | Amount Due |
|---|---|
| Alegria & Co. | $0.00* |
| Allen Husch | $500.00+ |
| American Express National Bank | $690.46 |
| Autumn Torres | $100.00+ |
| Bridgewell Agribusiness, LLC | $17,129.22 |
| Car Quest | $2,657.76 |
| CFO Selections, LLC | $0.00** |
| David Cowan | $4,266.35 |
| Double R Farms | $53,426.51 |

Second Amended Plan of Reorganization-10

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

| | |
|---|---|
| Diamond K Gypsum, Inc. | $34,884.24 |
| Ed Boob | $100.00+*** |
| Helena Agri Enterprises, LLC | $346,656.03 |
| Hummer Boyd, PLLC | $9,790.00 |
| Husch Properties, LLC | $1,500.00+ |
| Intergrated Agribusiness Professionals | $119,830.55 |
| International Raw Materials, Ltd. | $91,473.05 |
| Intrepid Potash, Inc. | $12,103.95 |
| Makhteshim Agam of N. America (ADAMA) | $15,863.76 |
| Montoya Hinkley Law Firm | $373.98 |
| Nutrien NW | $19,600.00 |
| Nutrien Ag Solutions, Inc. | $45,514.96 |
| Olson Bros. | $29,362.60 |
| Pat LeNeave | $100.00+*** |
| PCS Sales (USA), Inc. | $49,000.00 |
| PacifiCorp | $4,206.36 |
| Pride Packing | $2,089.94 |
| Rowe Farms | $1,217.44 |
| Simplot Agribusiness | $108,412.65 |
| St. Michelle Wine | $4,422.00 |
| Tegan Husch | $0.00 |
| Two Rivers Terminal, LLC | $186,271.61 |
| Tyson Fresh Meats | $40,012.75 |
| Ultra Yield Miconutrients, Inc. | $28,050.00 |
| West Central Distribution, LLC d/b/a CHS Agronomy | 77,806.44 |
| Winfield Solutions, LLC | $5,309.10 |
| Zecchino Farms | $3,272.53 |

*The prepetition claim of Alegria & Co. in the amount of $13,906.69 was waived by creditor per signed waiver filed on April 8, 2020, ECF 98.

**The pre-petition claim of CFO Selections, LLC in the amount of $9,062.50 was waived by creditor per signed waiver filed on April 30, 2020, ECF 119.

***Disputed in total as a claim of Class 14. Allowed in Class 2 and Class 4.

Class 15:     Husch Properties, LLC. Amount due: $50,000.00+

Second Amended Plan of Reorganization-11

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

Class 16:    D & LK Husch, Inc. <u>Amount due</u>: $10,000.00+

Class 17:    Cross River Bank and/or Small Business Administration.
             <u>Amount due</u>: $375,792.00 (Disputed in total)

Class 18:    Credit Purchasing Claims of Customers. Amount due:
             $628,293.00

| Customer | Credit Amount |
|---|---|
| Double R Ranches | $504,962.00 |
| Dick Berryman | $10,000.00 |
| Auke Bruinsma | $10,573.00 |
| Tony R. Harris Farms | $50,000.00 |
| Colossal Orchards | $4,000.00 |
| Rowe Farms | $26,258.00 |
| Royal Schlepp | $3,000.00 |
| David Cowan | $17,500.00 |
| Dave West | $2,000.00 |

Class 19:    Equity Holders

| Member | Percent Ownership |
|---|---|
| Kelly Husch | 50% |
| Deanna Husch | 47.354497% |
| Allen Husch | 2.645503% |

ARTICLE V
<u>IMPAIRMENT OF CLAIMS AND INTERESTS</u>

The Claims and interests of all classes are impaired under Debtor's Plan, except Classes numbered 1(a) (Administrative), Class 1(c) (Administrative), and 19 (Equity Holders).

///

///

Second Amended Plan of Reorganization-12

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

# ARTICLE VI
## INTEREST/COMPENSATION FOR DEFERRED PAYMENTS

Subject to the provisions of Article VII following, the Claims of all Classes, except Class 19 (Equity Holders) shall be paid or allowed interest on their Allowed Claims or dividends in the amounts and to the extent provided hereinafter. The Claims of Class numbered 19 <u>shall not</u> be paid interest on their Claims. Subject to the provisions of Article VII, interest, which includes compensation to any Creditor whose payment(s) is being deferred, shall be paid as follows:

(a)     The Allowed Claims of Class 1(a) shall be allowed and paid interest on their Claims in the amount of four percent (4%) per annum. Interest shall accrue on a Class 1(a) Claim from the date the Claim becomes an Allowed Claim. Provided, however, that Class 1(a) shall not be paid interest if paid in full on Effective Date.

(b)     The Allowed Claims of Class 1(b) shall be allowed interest on their claims at four percent (4%) per annum, or document rate, if greater.

(c)     Class 1(c) and 2 allowed claims and Class 3 and 5 tax claims shall be allowed and paid interest on their Claims in the amount and to the extent required by law or two and one-half percent (2.5%), whichever is greater. Class 1(c) member IRS, if it acquires a Claim, shall be paid interest in the amount and to the extent required by I.R.C. §6601 and 6621.

(d)     The Allowed Claims of Class 4 and the Allowed Secured Claims of Classes numbered 6 (Agco Finance), 7 (Ally), 8 (Deere & Company), 9 (Ford Motor Credit), 10 (GM Financial), 11(a) – (e) (Heritage Bank), 12 (Wells Fargo), 13 (Helena Agri-Enterprises), 15 (Husch Properties), and 16 (D & LK), shall be allowed or paid interest in accordance with and in the amount equal to the rate set forth in the documents and writings evidencing and supporting the Allowed Secured Claims from the Petition Date. If no amount is specified, the Allowed Secured Claims shall be allowed and paid simple interest in the amount of four percent (4%) per annum from the Petition Date.

(e)     Class 14 (Unsecured) Allowed Claims shall be allowed to add interest to their Claims fixed at the federal judgment rate, pursuant to 28 U.S.C. §1961(a), in effect at the time of Confirmation from the Effective Date (Art. I, def. #17).

Second Amended Plan of Reorganization-13

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

## ARTICLE VII
## PENALTIES/ACCELERATION/PREPAYMENT PENALTIES

No class of Creditors nor any member of a multi-membered class shall be allowed to add penalties or penalty, default-rate, or accelerated interest or interest penalties to its or their Claims, or to accelerate payment except as is otherwise provided by this Plan, unless the Court approves the same prior to the entry of an Order of Confirmation upon the request of a party in interest After Notice and Hearing (Art. I, def. #3).

Nothing in this Plan shall prohibit Debtor from accelerating the payments as fixed or incorporated by this Plan. This includes allowing Debtor to pay in cash at any time the balance then due. Any provisions in any documents or writings evidencing or supporting a Claim which prohibits, restricts, penalizes, or charges Debtor for an acceleration or prepayment is voided by this Plan.

Should any document or writing supporting a Claim provide for a late payment charge or assessment, the same shall be void by this Plan, but only to the extent the payment is specifically deferred by this Plan.

## ARTICLE VIII
## ATTORNEY FEES/COSTS

To the extent approved by the Court After Notice and Hearing (Art. I, def. #3) and properly assessed against Debtor, reasonable costs, expenses, and attorney fees will be added to a Claim. Otherwise, they shall not be allowed.

## ARTICLE IX
## RETENTION OR REMOVAL OF LIENS
## OR SECURITY INTEREST/CREATION OF NEW LIENS

Subject to the provisions of this Article, Article X, Article XIV, and except as is otherwise provided herein, all classes shall retain their liens upon and in that property of Debtor and the Property of the Estate presently held as collateral for their Claims until said property is disposed of, transferred, or sold. However, upon the sale or transfer of any Property of the Estate, the liens or security interest of any Creditor upon and in the property sold or transferred shall be deemed automatically removed without further order of any Court and without the filing of any release or satisfaction by a Creditor so as to permit free and clear title to pass, with the liens of any Creditor attaching to the proceeds

Second Amended Plan of Reorganization-14

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

of sale in the same manner and with the same priority as they presently attach to the property itself, subject only to the terms and conditions of this Plan and specifically the distribution provisions of Article X.  Provided, further, that should Debtor sell or transfer any Property of the Estate not specifically provided by this Plan to be sold or transferred, said sale or transfer of property shall occur only with the consent of the Creditor(s) whose Claim(s) are secured by the same, which consent shall not be unreasonably withheld.

Should any Property of the Estate be sold or transferred and the lien(s) of any Creditor(s) removed to permit clear title to pass, and should said property later revest in Debtor, the security interests in or liens upon said property removed pursuant to the provisions of this Article shall re-attach to the property to the same extent to which and with the same priority in which they attached and pursuant to prior to the sale.

Should any "Property of the Estate" be sold on contract, and should the purchaser default under the contract, and should Debtor fail to exercise any and all remedies available to it under the contract within thirty (30) days of a default, any class of Creditors holding a lien or granted a lien by the Plan upon and in the property sold shall be vested with the same rights as Debtor holds to enforce the terms or exercise Debtor's rights under the contract in Debtor's name as Debtors' agent.

Provided, however, that the rights to enforce the contract herein granted to Creditors shall be effective only if said class of Creditors demands, in writing, that Debtor enforce the contract and Debtor fails to do so within ten (10) days of receiving written notice or demand.

No additional liens, encumbrances or security interests are created or removed by this Plan.  However, the amounts of certain liens are fixed. <u>See</u>: Article XIV.

Pursuant to Order Authorizing Debtor to Obtain Secured Credit From Suppliers Pursuant to 11 U.S.C. § 364(c)(3) and Shorten Time Period to Object entered April 10, 2020 [*ECF No. 102*], certain post-petition suppliers of product to Debtor were given security interests in and liens upon Property of Estate.

ARTICLE X
<u>PAYMENT, TREATMENT, AND DISTRIBUTION UNDER PLAN</u>

This Plan is a partial liquidating Plan, providing for the liquidation of a substantial portion of the property of Debtor. Property shall be liquidated to the extent needed to pay all allowed claims those amounts stated herein, which is full payment to allowed claims.

Second Amended Plan of Reorganization-15

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

### Debtor's Business

Debtor shall continue to operate Debtor's Business (Art. I, def. #14). Debtor's representatives shall use their best efforts to expand its customer base, its income, and its profitability. The net income from Debtor's Business shall be used to pay creditors in full, as set forth hereinafter.

### Revise Ownership Structure

Debtor's representatives are working diligently to explore Debtor's options to restructure the ownership of Debtor as well as to obtain financing for partial stock sale or redemption.

Kelly Husch, a fifty percent (50%) shareholder of Debtor, wants to sell his interest in Debtor and retire. As part of his stock sale, either to Debtor or the remaining two (2) shareholders, he wants his guarantees of the five (5) secured claims of Heritage Bank, listed as classes numbered 11(a) through 11(e), released. In order to accomplish the stock sale and the guarantee release, Debtor is looking for a loan and has been since prior to petition date. The loan would be in approximate amount of Five Million Dollars ($5,000,000.00). The loan proceeds would be used to pay Heritage Bank in full, which would then release its claims and guarantees. The balance would be used for working capital.

The new money loan would be secured by Debtor's property, namely, real estate, equipment, inventory, and receivables. The new money loan shall help Debtor create a line of credit fund. This would allow Debtor to stay current on its inventory purchases.

### Sale of Debtor and Business and Assets

Debtor's representatives are exploring if, when, and how Debtor, Debtor's Business, or Debtor's assets may be sold. Debtor believes if it cannot obtain financing in a sufficient amount to retire the Heritage Bank debt, it will sell its business and all of its assets.

A sale of Debtor's Business need not include all Debtor's Assets. For example, Debtor could sell its ongoing business without its equipment. In that case, the equipment would be sold by separate sale(s).

Second Amended Plan of Reorganization-16

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

Any sale will occur only after notice and hearing and only upon terms and conditions sufficient to pay all creditors in full. Upon a sale, the Net Proceeds of Sale shall be disbursed, to the extent sufficient, as follows:

first, the Allowed Secured Claims of classes numbered 6 (Agco Finance), 7 (Ally), 8 (Deere & Company), 9 (Ford Motor Credit), and 10 (GM Financial), if the collateral of the class is included in the sale, until paid in full;

second, the Allowed Secured Claim of Class 5 (Yakima County), to the extent of its lien on the property sold, until paid in full;

third, the Allowed Secured Claims of classes numbered 11(a), 11(b), 11(c), 11(d), and 11(e), namely, Heritage Bank, until paid in full;

fourth, the Allowed Secured Claim of Class 13 (Helena Agri-Enterprises) until paid in full;

fifth, the allowed claims of classes numbered 1(a), 1(b), and 1(c) (Administrative) pro rata until paid in full;

sixth, the allowed claims of Class 2 (wages) pro rata until paid in full;

seventh, the allowed claims of Class 3 (taxes) pro rata until paid in full;

eighth, the allowed claims of Class 14 (Unsecured) pro rata until paid in full; and

ninth, balance to Class 19.

**Reserve for Disputed or Not Yet Allowed Claims**

Until such time as a disputed claim or a claim not yet determined an allowed claim becomes a final allowed claim, any funds provided herein to be distributed to said claim(s) shall be held in Debtors' estate account. The reserve shall be disbursed if and when said claims become allowed claims.

///

///

Second Amended Plan of Reorganization-17

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

**Rental Homes**

Debtor shall employ a licensed real estate broker and use its best efforts to sell Rental Homes (Art. I, def. #36). The price and terms of sale shall be fixed upon notice and hearing. The Net Proceeds of Sale (Art. I, def. #28) shall be disbursed, to the extent sufficient, as follows:

<u>first</u>, the Allowed Secured Claim of Class 5 (Yakima County) until paid in full;

<u>second</u>, the Allowed Secured Claim of Class 11(e) (Heritage Bank) until paid in full; and

<u>third</u>, the Allowed Secured Claim of Class 13 (Helena Agri-Enterprises) until paid in full;

**Jones Road Home**

Debtor shall retain Jones Road Home (Art. I, def. #26) unless and until either the business is sold or there is a default under the terms of Plan. Should either event occur, this real estate shall be sold as described hereinafter.

Debtor shall employ a licensed real estate broker and use its best efforts to sell Jones Road Home (Art. I, def. #26). It may only be a cash sale at an amount fixed after notice and hearing. The Net Proceeds of Sale (Art. I, def. #28) shall be disbursed, to the extent sufficient, as follows:

<u>first</u>, the allowed claim of Class 11(e) (Heritage Bank) until paid in full;

<u>second</u>, the allowed administrative claims of classes numbered 1(a), 1(b), and 1(c) pro rata until paid in full;

<u>third</u>, the allowed claims of Class 2 (wages) pro rata until paid in full;

<u>fourth</u>, the allowed claims of Class 3 (Internal Revenue Service and State of Washington) pro rata until paid in full; and

<u>fifth</u>, the allowed claims of Class 14 (Unsecured) pro rata until paid in full.

///

Second Amended Plan of Reorganization-18

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

**Claim Against Gray Land**

Debtor shall continue to employ counsel and use its best efforts to liquidate the account receivable and lien claim Debtor asserts against Gray Land & Livestock, LLC and its property (Art. I, def. 7(b)). The Net Proceeds of Liquidation shall be distributed, to the extent sufficient, as follows:

<u>first</u>, the allowed claim of Class 11(e) (Heritage Bank), until paid in full;

<u>second</u>, the allowed administrative claims of classes numbered 1(a), 1(b), and 1(c) pro rata until paid in full;

<u>third</u>, the allowed claims of Class 2 (wages) pro rata until paid in full;

<u>fourth</u>, the allowed claims of Class 3 (taxes) pro rata until paid in full; and

<u>fifth</u>, the allowed claims of Class 14 (Unsecured) pro rata until paid in full.

**Restaurant and Convenience Store**

Debtor's representatives shall use their best efforts to sell Restaurant and Convenience Store (Art. I, def. #39). The sale shall be upon such terms and conditions as Court may approve after notice and hearing. The sale shall be free and clear of all claims and liens, including those of Heritage Bank and of Class 16 and 18 members. Upon sale and closing, the net proceeds of sale shall be disbursed, to the extent sufficient, as follows:

<u>first</u>, Class 5 (Yakima County) to the extent of its lien upon and in the property sold until paid in full;

<u>second</u>, the Allowed Secured Claim of Class 11(e) (Heritage Bank) until paid in full;

<u>third</u>, the allowed claims of classes numbered 1(a), 1(b), and 1(c) pro rata until paid in full;

<u>fourth</u>, the allowed claims of Class 2 (wages) pro rata until paid in full;

<u>fifth</u>, the allowed claims of Class 3 (tax) pro rata until paid in full; and

Second Amended Plan of Reorganization-19

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

**sixth**, the allowed claims of Class 14 (Unsecured) pro rata until paid in full.

### Commercial Lot

Debtor's representatives shall use their best efforts to sell Commercial Lot (Art. I, def. #8(b)). The sale shall be upon such terms and conditions as Court may approve after notice and hearing. The sale shall be free and clear of all claims and liens, including those of Heritage Bank and of Class 16 and 18 members. It also provides that upon sale and closing, the net proceeds of sale shall be disbursed, to the extent sufficient, as follows:

**first**, Class 5 (Yakima County) to the extent of its lien upon and in the property sold until paid in full;

**second**, the Allowed Secured Claim of Class 11(e) (Heritage Bank) until paid in full;

**third**, the allowed claims of classes numbered 1(a), 1(b), and 1(c) pro rata until paid in full;

**fourth**, the allowed claims of Class 2 (wages) pro rata until paid in full;

**fifth**, the allowed claims of Class 3 (tax) pro rata until paid in full; and

**sixth**, the allowed claims of Class 14 (Unsecured) pro rata until paid in full.

### Open Ground 24 Acres

Debtor's representatives shall use their best efforts to sell Open Ground 24 Acres (Art. I, def. #29(b)). The sale shall be upon such terms and conditions as Court may approve after notice and hearing. The sale shall be free and clear of all claims and liens, including those of Heritage Bank and of Class 16 and 18 members. It proposes that upon sale and closing, the net proceeds of sale shall be disbursed, to the extent sufficient, as follows:

**first**, Class 5 (Yakima County) to the extent of its lien upon and in the property sold until paid in full;

**second**, the Allowed Secured Claim of Class 11(e) (Heritage Bank) until paid in full;

Second Amended Plan of Reorganization-20

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

**third**, the allowed claims of classes numbered 1(a), 1(b), and 1(c) pro rata until paid in full;

**fourth**, the allowed claims of Class 2 (wages) pro rata until paid in full;

**fifth**, the allowed claims of Class 3 (tax) pro rata until paid in full; and

**sixth**, the allowed claims of Class 14 (Unsecured) pro rata until paid in full.

## Credit Purchasing

The following customers of Debtor hold credits in the amounts indicated to be used toward post-confirmation purchases from Debtor. These customers make up Class 18. These credits were created pre-petition date by a customer either prepaying or unintentionally overpaying for product or paying for product or services which were not delivered. Post-confirmation Debtor shall allow each of these customers to use their credits. Provided, however, the credits may not be used:

a. If Debtor is in default in any manner in its payments under the Plan of Reorganization;

b. If the use will interfere with or alter any purchase money security interest given by Debtor to a supplier of product; or

c. In an amount in excess of ten percent (10%) of credit amount per quarter unless the credit amount is under Twenty-Five Thousand Dollars ($25,000.00). In those cases, the credit may be used in full.

The customer and credit amounts are as follows:

| Customer | Credit Amount |
|---|---|
| Double R Ranches | $504,962.00 |
| Dick Berryman | $10,000.00 |
| Auke Bruinsma | $10,573.00 |
| Tony R Harris Farms | $50,000.00 |
| Colossal Orchards | $4,000.00 |
| Rowe Farms | $26,258.00 |
| Royal Schlepp | $3,000.00 |

Second Amended Plan of Reorganization-21

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

| David Cowan | $17,500.00 |
| Dave West | $2,000.00 |

**Additional Specific Treatment of Claims**

Class 1(a) and 1(b)

The allowed administrative claims of classes numbered 1(a) and 1(b) shall be paid in full with interest. Payment shall be made in full on or before Effective Date or upon Court approval of claims, whichever is later.

Class 1(c)

The pre-confirmation fees of the U.S. Trustee remaining unpaid shall be paid in full upon Effective Date. Any administrative claims of the IRS on State of Washington, Department of Revenue shall be timely paid.

Class 2

The allowed wage, salary, and commission claims of Class 2 members, to the extent of the priority specified by 11 U.S.C. §507(a)(4), shall be paid in full with interest. These claims shall be paid within eight (8) months from Effective Date. Provided, however, that if Class 2 does not accept the Plan, the class shall be paid cash on the Effective Date of the Plan equal to the allowed amount of such claim(s).

Class 3

The allowed claims of Class 3 members shall be paid in full with interest. The claims shall be paid in sixteen (16) equal quarterly installments. The first payment shall be made in the first full quarter following Confirmation.

Class 4

Debtor shall assume, effective upon confirmation of plan, the leases and executory contracts between Debtor and Class 4 members. Defaults by Debtor shall be cured within eighteen (18) months from Effective Date. Provided, however, that should Debtor sell or liquidate its business or assets after Office Lease assumed, the Lease shall automatically terminate.

Second Amended Plan of Reorganization-22

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

The allowed claims of Class 4 members, Boob and LaNeave, shall be paid in full together with interest within six (6) months of Effective Date. The source of funds to pay shall be either property sales or operating income. Provided, however, that should Class 4 members Boob and LeNeave become secured claims, they shall be paid upon a sale of the collateral even if that occurs later than six (6) months from Effective Date.

Class 4 member Husch Properties, LLC and Class 19 shareholders have agreed that the unpaid wage or commission claims of Class 4 members Boob and LeNeave shall be granted a lien upon and in Restaurant (Art. I, def. #39) and Office Property (Art. I, def. #29). The liens will be inferior and subordinate to the lien claims of classes numbered 5 (Yakima County), 11(e) (Heritage Bank), and Class 13 (Helena Agri-Enterprises).

Class 5

The Allowed Secured Claim of Class 5 (Yakima County) shall be paid in full, together with interest, as follows:

      a.    All real estate taxes assessed after Confirmation shall be timely paid in full; and

      b.    All real estate taxes assessed before Confirmation shall be paid in three (3) equal annual installments, with the first installment due within twelve (12) months from Confirmation.

Class 6

The Allowed Secured Claim of Class 6 (Agco) shall be paid in full, together with interest, at the rate of Twelve Thousand One Hundred Ninety-Nine and 74/100 Dollars ($12,199.74) per year. The first payment shall be made within thirty (30) days of Effective Date. Additionally, any delinquent installments or amounts shall be fully paid within eighteen (18) months of Effective Date.

Class 7

The Allowed Secured Claim of Class 7 (Ally) shall be paid in full, together with interest, at the rate of Eight Hundred Five Dollars ($805.00) per month. The first payment shall be made within thirty (30) days of Effective Date. Additionally, any delinquent installments or amounts shall be fully paid within eighteen (18) months of Effective Date.

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

Class 8

The Allowed Secured Claim of Class 8 (Deere & Company) shall be paid in full, together with interest, at the rate of Forty-Seven Thousand One Hundred Twenty and 51/100 Dollars ($47,120.51) per year. The first payment shall be made within six (6) months of Effective Date. Additionally, any delinquent installments or amounts shall be fully paid within eighteen (18) months of Effective Date. Note: This claim has been paid in full.

Class 9

The Allowed Secured Claim of Class 9 (Ford Motor Credit) shall be paid in full, together, with interest, at the rate of One Thousand Four Hundred Ninety-Nine and 96/100 Dollars ($1,499.96) per month. The first payment shall be made within thirty (30) days of Effective Date. Additionally, any delinquent installments or amounts shall be fully paid within thirty-six (36) months of Effective Date.

Class 10

The Allowed Secured Claim of Class 10 (GM Financial) shall be paid in full, together with interest, at the rate of Seven Hundred Forty-Eight and 86/100 Dollars ($748.86) per month. The first payment shall be made within thirty (30) days of Effective Date. Additionally, any delinquent installments or amounts shall be fully paid within eighteen (18) months of Effective Date.

Class 11(a)

The Allowed Secured Claim of Class 11(a) (Heritage Bank) shall be paid in full, together with interest, at the rate of Four Hundred Six and 22/100 Dollars ($406.22) per month. The first payment shall be made within thirty (30) days of Effective Date. Additionally, any delinquent installments or amounts shall be fully paid within eighteen (18) months of Effective Date.

Class 11(b)

The Allowed Secured Claim of Class 11(b) (Heritage Bank) shall be paid in full, together with interest, at the rate of One Hundred Twenty-Nine Dollars ($129.00) per month. The first payment shall be made within thirty (30) days of Effective Date. Additionally, any delinquent installments or amounts shall be fully paid within eighteen (18) months of Effective Date.

Second Amended Plan of Reorganization-24

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

<u>Class 11(c)</u>

The Allowed Secured Claim of Class 11(c) shall be paid in full with interest. If a refinance of Debtor's business is insufficient to pay the Allowed Secured Claim at refinance completion, Debtor and classes numbered 15 (Husch Properties) and 19 (Shareholders) shall use their best efforts to sell Office Property upon such terms and conditions approved by Court after notice and hearing. The Net Proceeds of Sale shall be disbursed as follows:

　　　　<u>first</u>, Class 5 (Yakima County) to the extent of its unpaid real estate tax claim upon the property sold;

　　　　<u>second</u>, the allowed claims of Class 11(c) (Heritage Bank) until paid in full;

　　　　<u>third</u>, the allowed claims pro rata of classes 1(a), 1(b), and 1(c) until paid in full;

　　　　<u>fourth</u>, the allowed claims of Class 2 (wages) pro rata until paid in full;

　　　　<u>fifth</u>, the allowed claims of Class 3 (taxes) pro rata until paid in full; and

　　　　<u>sixth</u>, the allowed claims of Class 14 (Unsecured) pro rata until paid in full.

<u>Class 11(d) and 11(e)</u>

The Allowed Secured Claims of Class 11(d) and 11(e), namely, Heritage Bank, will be paid in full plus interest. If a refinance of debt and/or a sale of less than all Debtor's property is not sufficient to pay in full the claims of both classes numbered 11(d) and 11(e) within twenty (20) months of Effective Date, Debtor shall sell all its property upon such terms and conditions as are approved by Court after notice and hearing. The sale may be by public auction or by private sale or a combination of both.

The net proceeds of sale shall be disbursed, to the extent sufficient, as follows:

　　　　<u>first</u>, the Allowed Secured Claim of Class 5 (Yakima County) to the extent of its lien upon the property sold;

　　　　<u>second</u>, the Allowed Secured Claims of Class 11(d) and 11(e) (Heritage) pro rata until paid in full;

Second Amended Plan of Reorganization-25

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

third, the allowed claims pro rata of classes numbered 1(a), 1(b), and 1(c) until paid in full;

fourth, the allowed claims of Class 2 (wages) pro rata until paid in full;

fifth, the allowed claims of Class 3 (taxes) pro rata until paid in full; and

sixth, the allowed claims of Class 14 (Unsecured) pro rata until paid in full; and

seventh, balance to Class 19

Until classes numbered 11(d) and 11(e) are paid in full as provided above, Debtor shall pay the sum of Thirty-Five Thousand Dollars ($35,000.00) per month to the classes. This sum shall be prorated between the claims.

## Class 12

The Allowed Secured Claim of Class 12 (Wells Fargo Vendor) shall be paid in full, together with interest, at the rate of One Thousand Dollars ($1,000.00) per month. The first payment shall be made within thirty (30) days of Effective Date. Additionally, any delinquent installments or amounts shall be fully paid within eighteen (18) months of Effective Date.

## Class 13

The Allowed Secured Claim of Class 13 (Helena Agri-Enterprises) shall be paid in full with interest. The allowed claim shall be paid in full not more than ninety (90) days from Effective Date.

## Class 14

The allowed claims of Class 14 (Unsecured) shall be paid in full together with interest. They shall be paid in twelve (12) equal quarterly installments. The first installment shall be paid in the third full quarter following Confirmation.

## Class 15

The two (2) members/owners of Class 15 (Kelly and Deanna Husch) shall pay in full and satisfy the claim of Class 11(c) (Heritage). If Class 11(c) is not paid in full from the

Second Amended Plan of Reorganization-26

SOUTHWELL & O'ROURKE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS AT LAW
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

sale of Office Property, Class 15 shall pay Class 11(c). In that event, Class 15 shall become the owner of Office Property Free of any claims of Debtor.

Class 16

The record owners of Class 16 are Kelly Husch and Deanna Husch, each as to an undivided fifty percent (50%) (hereinafter "Store Owners"). Class 16 is owner of Restaurant and Convenience Store (Art. I, def. #39), collateral for loan and claim of Class 11(e).

If Class 11(e) is paid from a source or sources other than sale of Restaurant and Convenience Store, that collateral shall vest in Store Owners. Otherwise, the property shall be sold and proceeds applied to the Allowed Secured Claim of Class 11(e).

Class 17

In SEC 1106, Loan Forgiveness: the term "covered loan" means a loan guaranteed under paragraph (36) of section 7(a) of the Small Business Act (15 U.S.C. 636(a)), as added by section 1102. The term "*expected forgiveness amount*" means the amount of principal that a lender reasonably expects a borrower to expend during the covered period on the sum of any – (A) payroll costs. The term "payroll costs" has the meaning given that term in paragraph (36) of section 7(a) of the Small Business Act (15 U.S.C. 636(a)), as added by section 1102 of this Act.

Subject to Debtor providing proof that Debtor spent the total Three Hundred Seventy-Five Thousand Seven Hundred Ninety-Two Dollars ($375,792.00) from covered loan through lender Cross River Bank under the Paycheck Protection Program on payroll costs the loan shall be forgiven and Debtor shall owe nothing to Class 17 members. In that case, Class 17 shall pay nothing to Class 17 members.

Class 18

The members of Class 18 shall be treated as is set forth pursuant to Credit Purchasing provisions. See: page 17.

Class 19

The three (3) members of Class 19 (Shareholders) shall be paid nothing as shareholders unless and until all other classes are fully paid.

Second Amended Plan of Reorganization-27

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

**Drop Dead Provisions**

Three (3) drop dead provisions are provided as part of this Plan as follows:

1.      Should any creditor reasonably believe Debtor is not expending sufficient efforts to liquidate property, provided for liquidation by the terms of this Plan, or that an alternative means should be used, such creditor may request the Court to revise the manner of liquidation, after notice and hearing.

2.      Should Debtor fail or be unable to sell property by private sale, Debtor or any creditor may request the Court, After Notice and Hearing (Art. I, def. #3), to order a sale or sales by public auction. This provision applies to all Debtor's property; and

3.      Should Debtor default in payment to creditors per this Plan or default on any of their obligations owed creditors pursuant to the security instruments or other loan documents Debtor executed, said creditor shall give written notice of default to Debtor as provided for in the security instruments or the other loan documents. Thereafter, should the default not be timely cured, a creditor may exercise its state law and/or contractual remedies without further Order of this Court. Except as expressly modified by the Plan, all terms and conditions of the promissory notes, the deeds of trust, the security agreements, and other loan documents evidencing the Debtor's obligations and covenants to creditors shall and hereby do remain in full force and effect. The Debtor shall remain bound by the terms of these promissory notes, deeds of trust, security agreements, and other loan documents except as expressly modified by the Plan.

ARTICLE XI
PAYMENTS/KEEPING CURRENT/ALTERATIONS

The method of paying or providing for Creditors in this Plan is in lieu of any other payment and/or treatment. To that extent, the writings and documents of some Creditors requiring certain payments or the performance of certain obligations are altered and amended.

ARTICLE XII
ASSUMPTION OF CLAIMS/SUBROGATION

Should Debtor sell any Property of the Estate, or should Debtor, or a Trustee, if one be appointed, sell or liquidate any Property of the Estate pursuant to the terms and/or conditions of this Plan, the Claim(s) of any Creditor(s) secured by the property being sold and/or leases constituting Property of the Estate may be assumed by the purchaser,

Second Amended Plan of Reorganization-28

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

provided the delinquent installments due the Claim(s) or lease(s) being assumed, as amended and fixed by this Plan, are brought current upon closing of the sale. No formal or informal approval of any Creditor(s) of a proposed Claim(s) or lease(s) assumption shall be required.

## ARTICLE XIII
## SECURED OR UNDER SECURED OR UNSECURED CREDITORS

Debtor believes the claims of classes numbered 5 (Yakima County), 6 (Agco Finance), 7 (Ally), 8 (Deere & Company), 9 (Ford Motor Credit), 10 (GM Financial), 11(a) – (e) (Heritage Bank), 12 (Wells Fargo Vendor), 13 (Helena Agri-Enterprises), 15 (Husch Properties), and 16 (D & LK) are fully and adequately secured. Debtor believes the collateral securing the claims has a present fair market value greater than the cumulative claims against it.

Assuming the balance of the secured claims are not subject to set-off and are properly perfected and unavoidable, Debtor believes said Secured Claims are fully and adequately secured and collateralized. The Plan, therefore, treats the Claim as such.

After Notice and Hearing (Art. I, def #3), if the Court permits the automatic stay to be lifted, permits a reclamation of Property of the Estate, or Debtor abandons Property of the Estate prior to the Effective Date, the Allowed Secured Claim of any Creditor secured by the property reclaimed, abandoned, or affected by the stay, shall be deemed fully secured and shall not hold a Class 14 (Unsecured) Claim.

## ARTICLE XIV
## FIXING CLAIMS/OBJECTIONS TO CLAIMS

Other than as is set forth in Articles X and XIII and in this Article, this Plan does not fix or attempt to fix or determine the dollar amount, validity, secured status, or the priority of the Claim of any Creditor, claimant, or other party in interest. The Allowed Claim or Allowed Secured Claim of any Creditor will be as listed by Debtors in the Schedules or as set forth in the Claim filed by a Creditor, if a Claim has been filed, unless the Claim is disputed by Debtor or fixed or specifically otherwise treated by this Plan.

This Plan fixes claims and/or objections to claims as follows:

1. The claims of classes numbered 5 through 16, inclusive, are fixed as fully secured claim holders.

Second Amended Plan of Reorganization-29

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

2. The allowed administrative claims of the members of Class 1(b) are fixed in an amount as provided by law. Generally, this is an amount equal to the value of property received by Debtor within twenty (20) days before petition date, namely, on or after February 13 and on or before March 3, 2020.

3. The allowed priority claims of Class 2 members Boob and LeNeave for unpaid pre-petition date wages and/or commissions are fixed in the amount of Thirteen Thousand Six Hundred Fifty Dollars ($13,650.00) each. The claim balance is fixed as an allowed claim of Class 4. They shall hold no claim as Class 14.

4. The unpaid wage, salary, and/or commissions due Class 4 members under and pursuant to the contracts fixing amounts per month shall be fixed as set forth in number 3 above.

5. The Allowed Secured Claim (Art. I, def. #4) of Class 13 (Helena Agri-Enterprises) is fixed as a lien upon Debtor's real estate pursuant to order of Court entered April 10, 2020 [*ECF No. 104*].

6. The pre-petition date claim of Class 1(a) and Class 14 members Barry Warner and Alegria & Company in the amount of Thirteen Thousand Nine Hundred Six and 69/100 Dollars ($13,906.69) was waived. Thus, it is fixed at $0.00.

If it appears to be in the best interest of Debtor and/or Creditors and subject to the following paragraphs of this Article, objections to Claims may be filed by Debtor post-Effective Date.

This Plan (Article XVII) does contain a provision limiting and/or extinguishing Debtor's individual liability for any Claim assumed by a purchaser of Property of the Estate upon sale of any property or interest in property securing, in whole or in part, a Claim.

Any Claim not specifically listed as a Claim in Classes numbered 1 through 13 and 15, 16, and 18 shall be and is hereby designated as a Class 14 (Unsecured) Claim.

The procedure relating to filing objections to Claims shall be governed by the Code and Rules. Provided, however, that any objections to Claims, other than objections to any Claim(s) by the Proponent/Debtor shall be filed within thirty (30) days from Confirmation, or they shall be deemed untimely filed. Should an objection to a Claim be untimely filed, it shall be disregarded, shall be deemed disallowed and without merit by Proponent/Debtor and the Court without further Order of Court.

Second Amended Plan of Reorganization-30

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

## ARTICLE XV
### LIFTING STAY/RECLAMATION OF PROPERTY/ABANDONMENT

The automatic stay imposed by Section 362 of the Code expires upon the entry by the Court of an Order of Confirmation. Debtor is not proposing to, and this Plan does not, extend the stay. Debtor shall resist any application to lift the automatic stay other than as set forth in this Article or in Article X.

Debtor shall oppose any application by a Creditor to reclaim Property of the Estate, except as set forth in this Article or in Article X.

Debtor shall not abandon Property of the Estate, except as set forth in this Article or in Article X.

After Notice and Hearing (Art. I, def. #3), if the Court permits the automatic stay to be lifted, permits a reclamation of Property of the Estate, or Debtor abandons Property of the Estate prior to the Effective Date, the Allowed Secured Claim of any Creditor secured by the property reclaimed, abandoned, or affected by the stay, to the extent of a deficiency, as fixed by this Plan will not be a Class 14 (Unsecured Creditors) Claim.

Debtor has not abandoned post-Petition Date the collateral of any class member. None shall be abandoned until After Notice and Hearing (Art. I, def. #3) or as is set forth in Article X.

## ARTICLE XVI
### EXECUTORY CONTRACTS/LEASES

Debtor believes the only leases to which it is a party are the real estate lease between Debtor, as tenant, and Class 4 member, Husch Properties, LLC, as Landlord, and the equipment lease between Debtor, as Lessee, and Class 12 (Wells Fargo Vendor), as Lessor.

Debtor does not believe it is a party to any executory contracts, except the employment agreements with individual Class 4 members.

Debtor does not know of any additional leases or executory contracts between it and Creditors.

If any additional leases or executory contracts do exist, Debtor shall have a reasonable period of time to accept or reject the same following the Effective Date (Art. I,

Second Amended Plan of Reorganization-31

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

def. #17) upon being notified of the existence of the same. Should the existence of a lease or executory contract be brought to Debtor's attention and be rejected, the Claim of the lease or contract holder resulting from the rejection shall be a Class 14 (Unsecured Creditors) Claim, unless specifically provided otherwise herein.

The agreements between Debtors and the members of Classes numbered 6 thru 13, inclusive, shall not be deemed "executory" pursuant to Section 365 of the Code.

ARTICLE XVII
PERSONAL GUARANTEES

Debtor does not believe it has guaranteed the debts or claims of any Creditor against any person or organization except its own debts. Debtor is uncertain as to the nature and extent of additional guarantees or liability but does not actually believe any exist, other than the independent guarantees which legally attach to an entity operating a business. The guarantees, if any, are specifically rescinded and rendered null and void by the Plan, and any claim for damages there under or for damages or liability arising therefrom or from the guarantee termination shall be a Class 14 (Unsecured Creditors) Claim, except as set forth in Article X, aforementioned. Upon the Effective Date, any personal guarantees of Debtors are terminated.

Notwithstanding the termination of guarantees, to the extent a creditor holds an Allowed Secured Claim in which the holder's lien is not removed, avoided, or otherwise determined invalid or unenforceable, the holder shall retain its lien on its collateral securing its Allowed Secured Claim.

ARTICLE XVIII
EXEMPTIONS

Debtor is a limited liability company registered in the State of Washington. Pursuant to 11 U.S.C. § 522(b), only an individual debtor may claim property as exempt property. Debtor is not entitled to and, therefore, does not claim any property as exempt property.

ARTICLE XIX
DISBURSEMENT TO CREDITORS/PREPAYMENT/RETAINED EQUITY

The method of payments and disbursements to or treatment of Creditors is contained in Article X. No other payment or disbursement shall be made to Creditors. Provided, however, that nothing in this Plan shall prohibit Debtor from accelerating its payments fixed by this Plan.

Second Amended Plan of Reorganization-32

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

Debtor believes and has been advised by its counsel that sufficient disbursement, payment, and/or other considerations or adequate treatment of Claims are being proposed herein to compensate Creditors for any retained equity of Debtor.

ARTICLE XX
FILING/FIXING ADMINISTRATIVE EXPENSES

The deadline for submission of all Claims entitled to priority pursuant to §§507(a)(1) and (b) of the Code incurred prior to Confirmation, with the exception of fees and costs of Professional Persons, allowable under §503(b)(1) and (b)(2) shall be thirty (30) days following Confirmation unless a specific order fixes a different date. Failure to file a Claim by this date shall conclusively bar the claimant from asserting a Claim, which Claim shall be forever discharged.

Should a Claim or request for allowance of Administrative expense be filed with the Court after the date the Court enters an Order closing the case or should one be filed before the entry of a closure Order, but the time for filing a timely objection thereto expires after the entry of such closure order, and should there be a timely objection filed to such request, the requesting party shall be required to file an application with the Court to re-open this Chapter 11 case for the purpose of allowing the Court to hear the issues raised by the objection. The requesting party shall also tender to the Clerk of the Court the appropriate filing fee with the application to re-open the Chapter 11 case.

Should a Claim or a Request for Administrative Expense be presented to Debtor by the Attorney for Debtor after the case is closed, with the result that a current certified Master Mailing List (MML) cannot be obtained from the Court without paying a fee to reopen the case, the Attorney for Debtor shall use the MML used to notify Creditors of the entry of the Order of Confirmation. Should no objection to the Claim or Request be served upon the Attorney for Debtor, it shall be deemed approved and allowed by the Court, without the necessity of an Order of the Court formally approving the same.

Any tax liability created or generated by Debtor's estate, including by liquidation of Property of the Estate, shall be deemed an Administrative (Class 1(c)) Claim and shall be paid as a Class 1(c) Claim without the necessity of a Claim being filed and without further Order of Court.

///

///

Second Amended Plan of Reorganization-33

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

## ARTICLE XXI
## SALARY OR WAGE/SUBROGATION/RETENTION OF MANAGEMENT

Debtor may attempt to borrow funds from shareholders or others or use post-Petition Date earnings, or liquidate Property of the Estate to pay or purchase certain Claims. Should this occur, the purchaser or payor of said Claim(s), including Debtor, whether voluntary or involuntary, shall be subrogated, without further order of the Court, to the rights to receive payments of the Claim pursuant to this Plan.

Should Debtor or any other person or entity pay, in whole or in part, the Claim(s) of any Class(es), the payor shall be automatically subrogated to receive the payment(s) of said Class(es)' Claim(s) as provided to be paid pursuant to Article X, to the extent of payment by Debtor.

## ARTICLE XXII
## SUBSTANTIAL CONSUMMATION

Debtor's Plan shall be deemed substantially consummated sixty (60) days following Confirmation, provided that Debtor has paid all installments and performed all obligations provided by this Plan to be paid or performed within that time.

## ARTICLE XXIII
## HEARING REQUESTS POST-FINAL DECREE

Should Debtor's Plan provide that certain acts or events may occur after the Plan has been substantially consummated or after the entry of a Final Decree, and in either event only "After Notice and Hearing" (Art. I, def. #3), and should Debtor cause such a notice to be given to which a party in interest objects and reopening of this case is necessary to hear the objection, such reopening shall be guided by the Bankruptcy Code and Rules as supplemented by Debtor's Plan. The party seeking to reopen and/or invoking the jurisdiction of the Court shall have the duty of reopening the case and bear the cost of so doing.

Should Debtor, pursuant to this Plan, be required to give a notice to Creditors after a Final Decree is entered or after the case is closed, with the result that a current certified Master Mailing List (MML) cannot be obtained from the Court without paying a fee to reopen the case, the Attorney for Debtor shall use the MML used to notify Creditors of the entry of the Order of Confirmation. Should no objection to the Claim or Request be served upon the Attorney for Debtor, it shall be deemed approved and allowed by the Court, without the necessity of an Order of the Court formally approving the same.

Second Amended Plan of Reorganization-34

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

## ARTICLE XXIV
## CREDITORS' CHANGE OF ADDRESS

It shall be the duty of each Creditor to keep the Debtor and the Disbursing Agent informed of any changes in the Creditor's address by notifying in writing the Debtor and Disbursing Agent of any such changes. Should a Creditor change his/her address and fail to notify Debtor and Disbursing Agent with the result that the Debtor or Disbursing Agent are no longer able to mail a dividend to said Creditor by first class mail, the Debtor or Disbursing Agent shall cancel said check and re-deposit said funds in the Disbursing Agent's account. Should this occur, the Debtor is forever relieved of liability to said Creditor in regard to payment of a dividend.

## ARTICLE XXV
## DISBURSING AGENT

Debtor proposes that no Disbursing Agent be appointed, and that Debtor and/or Debtor's attorneys act as Disbursing Agent, or, if one be appointed, that Debtor's accountant be designated as Disbursing Agent to serve without bond. If the Court directs a bond be posted, it will be fixed by the Court upon Confirmation. The Disbursing Agent, if appointed, shall receive the money from the payments being made by Debtor, other than the payments being made directly to the secured Creditors, and shall disburse said funds in accordance with this Plan. The costs and reasonable fees for the services of the Disbursing Agent shall be paid After Notice and Hearing (Art. I, def. #3) or, as fixed by the Court should an objection be filed and should the objecting party comply with Articles XX and XXIII, and shall be considered an Administrative Expense.

The money being paid or generated by Debtor shall be disbursed by Debtor or the Disbursing Agent, if any, to Creditors in accordance with this Plan within thirty (30) days of receipt by the Disbursing Agent unless otherwise specifically provided by Article X.

## ARTICLE XXVI
## LIQUIDATING AGENT

Should Debtor materially breach or default a major condition of the Plan, the Court, after notice and hearing, may appoint a liquidating agent with the authority and duties Court deems necessary and appropriate under the circumstances.

///

///

Second Amended Plan of Reorganization-35

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

## ARTICLE XXVII
## MODIFICATION OF THE PLAN

Debtor may propose amendments or modifications to the Plan at any time prior to Confirmation, provided such modifications comply with Sections 1122 and 1123 of the Code. After Debtor files such modification, the Plan, as modified, becomes the Plan.

Debtor may propose amendments or modifications to the Plan at any time after Confirmation, provided such modifications comply with Sections 1122 and 1123 of the Code. After Debtor files such modification, the Plan, as modified, becomes the Plan.

Debtor may propose amendments or modifications at any time after Confirmation of the Plan and before substantial consummation of such Plan, as long as the modifications meet the requirements of Sections 1122 and 1123 of the Code. Such Plan as modified becomes the Plan only if circumstances warrant such modifications and the Court, After Notice and Hearing (Art. I, def. #3), confirms such Plan as modified.

A change in the manner, terms, and/or conditions of any sale or liquidation of Property of the Estate shall be authorized provided Creditors and other parties are given at least fifteen (15) days prior notice of the same. Such change/revision shall not be deemed an amendment or modification of this Plan as defined and/or used in sections 1122 and/or 1123 of the Code, but shall be deemed an adjustment authorized by this Plan. The same shall be deemed automatically approved by the Court without the necessity of an Order of Court provided no objection is timely and properly filed to the Notice.

## ARTICLE XXVIII
## EFFECT OF CONFIRMATION

Upon Confirmation of this Plan, the effect of Confirmation shall be provided for in Section 1141 of the Code.

## ARTICLE XXIX
## PROVISIONS FOR PRIORITY, ADMINISTRATIVE, WAGE AND
## TAX CLAIMS

All Class 1(a), 1(b), and 1(c) Claims shall be paid in accordance with Article X.

Each claim of a kind specified in 11 U.S.C. 507(a)(8) of the United States Code and any Allowed Secured tax claim of the United States of America must be paid in deferred cash payments over a period of not exceeding five (5) years after petition date, of a value, as of the Effective Date of the Plan, equal to the allowed amount of such Claim. Subject to

Second Amended Plan of Reorganization-36

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

the provision of Article XIV, Debtor shall comply with this provision, notwithstanding any other provisions of this Plan.

Notwithstanding any provision of the Plan to the contrary, the Allowed Claims of the United States of America, Internal Revenue Service and State of Washington or any other state taxing agency shall be paid as is set forth in Article X and shall be at a minimum each quarter a sum equal to one-twentieth (1/20) of its/their Claim(s). However, a payment to these taxing agencies of more than the minimum in any quarter shall automatically carry over as an advance payment on the next quarterly payment(s) due.

Notwithstanding any provisions of the Plan to the contrary, the United States of America, Internal Revenue Service, shall have the right of set off and shall be deemed secured pursuant to 11 U.S.C. 506(a) to the extent Debtor owes the Internal Revenue Service and it holds a refund of taxes otherwise payable to Debtor.

Any tax liability to the Internal Revenue Service accruing post-petition but prior to Discharge shall be timely paid or paid upon Effective Date (Art. I, def. #17), whichever occurs later.

Any taxes owing by the estate, including capital gain taxes created by the sale of any real property pursuant to the terms of this Plan, due the United States of America, Internal Revenue Service shall be paid as a Class 1 claim. Any taxes accruing post-petition by the Debtors due the United States of America, Internal Revenue Service shall be timely paid and all post-petition tax returns due by the Debtor to the United States of America, Internal Revenue Service shall be timely filed.

Any Allowed Claim of the Internal Revenue Service or State of Washington shall not be discharged until such time as all payments provided by the Plan to be paid to the Internal Revenue Service or State of Washington have been paid.

The Debtor shall provide notice of the tax due by the Debtor and the estate, including the amount for each sale as they occur, by filing and paying each quarterly estimated tax payment, and filing and paying tax returns when due with the Spokane Insolvency Office of the IRS.

Should Debtor default in Plan payments to the United States of America, Internal Revenue Service or to state taxing agencies, said agencies may proceed, after giving Debtor and Debtor's attorney thirty (30) days written notice of default with an opportunity to cure said default, to exercise any remedies otherwise available to them under the laws governing the collection of taxes, including, but not limited to, requesting that the Court dismiss the Chapter 11 case for lack of substantial consummation, if the default occurs

Second Amended Plan of Reorganization-37

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

before substantial consummation. Provided, however, that the actions, if any, by said federal or state taxing agencies may not nor shall not impair Debtor's ability to sell any Property of the Estate or operate Debtor's Business (Art. I, def. #14), to the extent provided for in Article X of this Plan.

All fees payable to the U.S. Trustee pursuant to U.S.C., §1930 shall be paid in full on or before the Effective Date (Art. I, def. #17).

To the extent required by law, the reorganized Debtor shall be responsible for timely payment of fees incurred pursuant to 28 U.S.C. Section 1930(a)(6). After confirmation, and to the extent required by law, the reorganized Debtor shall serve upon the United States Trustee monthly operating reports.

Debtor shall be entitled to use any pre-petition Net Operating Loss carry forward, or any similar tax attributes, to the extent necessary to reduce Debtor's tax liability.

ARTICLE XXX
SPECIAL PROVISIONS

1. Notwithstanding any other provision of this Plan of Reorganization:

a) Disputed Claims shall be paid the same as other Claims of the Class in which they are members upon their allowance by the Court;

b) any Claim may be disputed by Debtor after Confirmation should it be determined that said Claim is invalid or unenforceable and Debtor does not, by listing a Claim at all, reaffirm, acknowledge or agree to pay any Claim that proves to be invalid or unenforceable; and

c) should a Claim or Creditor be listed in Debtor's Plan as a Secured Claim or Creditor and it be determined by the Court that said Creditor's Claim be unsecured in whole or in part, for any reason, then, in that event, said Claim, in whole or in part, shall be treated as an Unsecured (Class 14) Claim and paid accordingly.

2. Preservation of Rights: The Debtor and the Estate retain all rights of and to commence and pursue any and all Causes of Action (under any theory of law, including, without limitation, the Bankruptcy Code, and in any court or other tribunal including, without limitation, in an adversary proceeding filed in the Chapter 11 Case) to the extent the Debtor deems appropriate. Potential Causes of Action may, but need not (if at all), be pursued by the Debtor prior to the Effective Date, to the extent warranted.

Second Amended Plan of Reorganization-38

SOUTHWELL & O'ROURKE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS AT LAW
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

Potential Causes of Action that may be pursued by the Debtor and/or the Estate prior to the Effective Date and by the Debtor and/or the Estate after the Effective Date, also include, without limitation, any other Causes of Action, whether legal, equitable, or statutory in nature, arising out of, or in connection with, the affairs of the Debtor, including, without limitation, the following: possible claims against borrowers or third parties, counterclaims, defenses, and objections relating to any Claims or other obligations; contract or tort claims which may exist or subsequently arise; any and all Avoidance Actions pursuant to any applicable section of the Bankruptcy Code arising from any transaction involving or concerning the Debtors.

The Debtor and the Estate expressly reserve any and all Causes of Action for later enforcement by the Debtor and/or the Estate (including, without limitation, Causes of Action that may be set forth in the Plan or not specifically identified or which the Debtor may presently be unaware of or which may arise or exist by reason of additional facts or circumstances unknown to the Debtor at this time or facts or circumstances which may change or be different from those which the Debtor believes to exist) and, therefore, no preclusion doctrine, including, without limitation, the doctrines of *res judicata*, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable, or otherwise) or laches shall apply to such claims or Causes of Action as a result of the confirmation or consummation of this Plan, *or any aspect of the Disclosure Statement, this Plan, or the Confirmation Order.* In addition, the Debtor and the Estate expressly reserves the right to pursue or adopt any claim, crossclaim, or counterclaims alleged in any lawsuit in which the Debtor is a defendant or an interested party, against any Entity, including, without limitation, the plaintiffs or co-defendants in such lawsuits, subject to the provisions of this Plan or any Final Order.

The Debtor and the Estate do not intend, and it should not be assumed that because any existing or potential Causes of Action have not yet been pursued by the Debtor and the Estate or are not set forth herein, that any such Causes of Action have been waived**.**

Without limiting the generality and breadth of the foregoing, the following potential Causes of Action are hereby expressly preserved for pursuit by Debtor or the Estate: Any and all losses, damages, claims, demands, debts, actions, causes of action, suits, contracts, agreements, obligations, accounts, damages, lawsuits, judgments, promises, charges, rights, interest, costs, attorneys' fees, expenses, payments, rights of indemnity, legal or equitable, rights of subrogation, rights of contribution, right of reimbursement, and liabilities of any kind or character whatsoever, whether known or unknown, suspected or unsuspected, in contract or in tort, at law or in equity, and any other claims and remedies of any nature whatsoever, that exist, or have existed, or might exist, or might have existed, or which do exist, or which herein after shall or may

Second Amended Plan of Reorganization-39

SOUTHWELL & O'ROURKE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS AT LAW
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

exist, fixed, contingent, derivative, successor, or otherwise, which Debtor or the Estate had, now has, or might hereafter have against anyone, jointly or severally, for or by reason of any matter, cause, or thing whatsoever, including claims, counter-claims, cross-claims, offsets, and defenses (collectively "Claims). Debtor and the estate also retain any avoidable transfers, claims, and causes of action arising under 11 U.S.C. §§544, 545, 547, 548, 549, 550, and any claims arising under §362.

ARTICLE XXXI
<u>JURISDICTION OF THE COURT</u>

The Court will retain exclusive jurisdiction until this Plan has been fully consummated and thereafter upon a party in interest filing an application to re-open the case and paying the necessary filing fee, including, but not limited to, the following purposes:

1.    The classification or determination of the amount or validity of the Claim of any Creditor and the re-examination of Claims which have been allowed for purposes of voting, and the determination of such objections as may be filed to Creditors' Claims. The failure by Debtor to object to, or to examine any claims for the purposes of voting, shall not be deemed to be a waiver of the Debtor's right to object to, or re-examine the Claim in whole or in part.

2.    The determination of all questions and disputes regarding title to Property of the Estate, and determination of all causes of action, controversies, disputes or conflicts, whether or not subject to action pending as of the date of Confirmation, between the Debtor and any other party, including, but not limited to, any right of the Debtor to recover assets pursuant to the provisions of Title 11 of the United States Code.

3.    The correction of any defect, the curing of any omission or the reconciliation of any inconsistency in the Plan or the Order of Confirmation as may be necessary to carry out the purposes and intent of the Plan.

4.    The modification of the Plan after Confirmation pursuant to the Bankruptcy Rules and Title 11 of the United States Code.

5.    To enforce and interpret the terms and conditions of the Plan.

6.    To set or adjust the asking price for any property which Debtor is proposing to sell under this Plan upon the request of a party in interest, After Notice and Hearing (Art. I, def. #3).

Second Amended Plan of Reorganization-40

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

7. The entry of any order, including injunctions, necessary to enforce the title, rights, and powers of Debtor and to impose such limitations, restrictions, terms and conditions of such title, rights and powers as this Court may deem necessary.

8. Entry of an Order concluding and terminating this case.

The Debtor shall immediately upon Confirmation of this Plan of Reorganization begin carrying out the terms thereof.

DATED this 5th day of March, 2021 April, 2021.

HUSCH & HUSCH, INC.,

By: _____
ALLEN HUSCH, CFO

## VERIFICATION

ALLEN HUSCH, CFO of Debtor herein, states under penalty of perjury of the laws of the State of Washington, that he has read the foregoing, understands the contents and believes it to be true to the best of his knowledge and information.

_____
ALLEN HUSCH

///

///

PRESENTED BY:

SOUTHWELL & O'ROURKE, P.S.

BY: /s/ Dan O'Rourke
    DAN O'ROURKE, WSBA #4911

Second Amended Plan of Reorganization-41

SOUTHWELL & O'ROURKE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS AT LAW
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

PRESENTED BY:

SOUTHWELL & O'ROURKE, P.S.


BY: /s/ Kevin O'Rourke
    KEVIN O'ROURKE, WSBA #28912
    Attorney for Debtors

Second Amended Plan of Reorganization-42

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159