KEVIN O'ROURKE
DAN O'ROURKE
SOUTHWELL & O'ROURKE, P.S.
Attorneys at Law
960 Paulsen Center
W. 421 Riverside Avenue
Spokane, WA 99201
(509) 624-0159

# UNITED STATES BANKRUPTCY COURT

## IN AND FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | No.: **20-00465-WLH11** |
| **HUSCH & HUSCH, INC.,** | Chapter **11** |
| Debtors. | **SECOND AMENDED DEBTOR'S DISCLOSURE STATEMENT** |

I.

INTRODUCTION

**Brief Explanation of Creditor Treatment Under Plan**

Debtor's Plan of Reorganization ("Plan") provides for full payment to all creditors, with interest, by a combination of asset liquidation and earnings. It is summarized as follows:

Class 1(a): The professional members of Class 1(a) are Debtor's accountants, business advisors, and attorneys with code section 503(b)(4) claims. They will be paid in full with interest from liquidation of certain estate property and from business operation profits. The payment shall be made within thirty (30) days of Confirmation.

Class 1(b): The allowed claims of Class 1(b) under section 503(b)(9), providing product prepetition date, shall be paid in full upon Effective Date or once becoming allowed, whichever is later.

Class 1(c): The claims of Class 1(c) shall be paid in full upon effective date or once becoming due, whichever is later.

Class 2: The wage claims of Class 2 will be paid in full within eight (8) months from Effective Date.

Second Amended Disclosure Statement-1

**SOUTHWELL & O'ROURKE, P.S.**
**A PROFESSIONAL SERVICE CORPORATION**
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

Class 3: The Class 3 (tax) claims shall be paid in full with interest in sixteen (16) equal quarterly installments.

Class 4: The leases and contracts between Debtor and Class 4 shall be assumed and paid in full, unless specifically rejected.

Class 5: The real estate tax claim of Class 5 (Yakima County) shall be paid timely and in full.

Class 6: The claim of Class 6 (Agco) shall be paid in full at the rate of $12,199.74 per year.

Class 7: The claim of Class 7 (Ally) shall be paid in full at the rate of $805.00 per month.

Class 8: The claim of Class 8 (Deere) shall be paid in full at the rate of $47,120.51 per year.

Class 9: The claim of Class 9 (Ford) shall be paid in full at the rate of $1,499.96 per month.

Class 10: The claim of Class 10 (GM) shall be paid in full at the rate of $748.86 per month.

Class 11(a): The claim of Class 11(a) (Heritage) shall be paid in full within eighteen (18) months. In the interim it shall be paid $406.22 per month.

Class 11(b): The claim of Class 11(b) (Heritage) shall be paid in full with interest within eighteen (18) months. Until then it shall be paid $129.00 per month.

Class 11(c): The claim of Class 11(c) (Heritage) shall be paid in full with interest. If a refinance does not pay this claim in full within twenty (20) months, the Office Property will be sold to pay the claim.

Class 11(d) and 11(e): The Allowed Secured Claims of 11(d) and 11(e) (Heritage Bank) shall be paid in full plus interest. Debtor is attempting to refinance its business and once completed will pay classes 11(d) and 11(e) in full. It also provides that if these classes are not paid in full within twenty (20) months that Debtor will sell all its property to pay the claims.

Class 12: The Claim of Class 12 (Wells Fargo) will be paid in full at the rate of One Thousand Dollars ($1,000.00) per month.

Second Amended Disclosure Statement-2

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

Class 13: The Claim of Class 13 (Helena Ag) will be paid in full before eighteen (18) months of Effective Date.

Class 14: The claims of Class 14 (Unsecured) shall be paid in full in twelve (12) equal quarterly installments.

Class 15 and 16: The members of classes numbered 15 (Husch Properties) and 16 (D & LK) shall be paid nothing as members of the classes. The property of said classes pledged to secure claims of Heritage Bank shall be sold, if needed, to pay the claims.

Class 17: The members of Class 17 (Cross River Bank and/or Small Business Administration) shall be paid nothing. Under the terms of the Paycheck Protection Program the loan shall be forgiven.

Class 18: The nine (9) members of Class 18 shall be paid in full by using pre-petition credits each holds to purchase product and services.

**General Introduction and Information**

Debtor provides this Disclosure Statement to all of its known Creditors in order to disclose that information deemed by the Proponent, with the advice of counsel, to be material, important, and necessary to Creditors to arrive at a reasonably informed decision in exercising their right to vote for acceptance of the Plan of Reorganization (hereinafter "the Plan") presently on file with the Bankruptcy Court. A copy of the Plan accompanies this Statement.

The Court will set the last day for filing an acceptance or rejection of or an objection to the Confirmation of the Plan. You will be notified of said date. Creditors may vote on the Plan by filling out and mailing the accompanying ballot to the Bankruptcy Court at the address indicated on the form. As a Creditor your acceptance is important. In order for the Plan to be deemed accepted, of the ballots cast, Creditors that hold at least two-thirds (2/3) in dollar amount and more than one-half (1/2) in number of the Allowed Claims of each class of Creditors must vote for the Plan.

NO REPRESENTATIONS CONCERNING THE DEBTOR, PARTICULARLY AS TO ITS FORMER OR PRESENT BUSINESS OPERATIONS OR THE VALUE OF PROPERTY, ARE AUTHORIZED BY THE PROPONENT OTHER THAN AS SET FORTH IN THIS STATEMENT. ANY REPRESENTATIONS OR INDUCEMENTS MADE TO SECURE YOUR ACCEPTANCE WHICH ARE OTHER THAN AS CONTAINED IN THIS STATEMENT SHOULD NOT BE RELIED UPON BY YOU IN ARRIVING AT YOUR DECISION.

THE INFORMATION CONTAINED HEREIN HAS NOT BEEN SUBJECT TO A CERTIFIED AUDIT. THE RECORDS KEPT BY THE DEBTOR UPON WHICH A

Second Amended Disclosure Statement-3

**SOUTHWELL & O'ROURKE, P.S.**
**A PROFESSIONAL SERVICE CORPORATION**
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

SUBSTANTIAL PORTION OF THIS STATEMENT IS BASED ARE DEPENDENT UPON ACCOUNTING PERFORMED BY THE DEBTOR WITH THE ASSISTANCE OF ACCOUNTANTS. FOR THE FOREGOING REASON, AS WELL AS BECAUSE OF THE COMPLEXITY OF THE FINANCIAL MATTERS OF THE DEBTOR. IT IS UNABLE TO WARRANT OR REPRESENT THE INFORMATION CONTAINED HEREIN IS WITHOUT ANY INACCURACY, ALTHOUGH GREAT EFFORT HAS BEEN MADE TO BE ACCURATE.

II

DEFINITIONS

Debtors' Plan and Disclosure Statement refer to or use certain words, which have a specific meaning under Title 11 U.S.C. (the Bankruptcy Code), the Plan or the Disclosure Statement. These words or terms are herein defined.

1. "Accountant" shall mean Alegia & Co., P.S. and Barry Warner, CPA, or any certified public accountant, employed or to be employed by Debtor with prior Court approval.

2. "Administrative Expense" shall mean the claims of creditors of Debtor as set forth in Section 503 of the Code.

3. "After Notice and Hearing" means after such notice and such opportunity for a hearing as is appropriate in the particular circumstances. It authorizes an act without an actual hearing if a notice is given properly and if a hearing is not requested timely or if there is insufficient time for a hearing to be held before the act must be done and the Court authorizes the act.

4. "Allowed Claim" shall mean a Claim for which a proof of Claim has been timely filed with the Court within the time fixed by the Court of May 13, 2020, as to which a final order or judgment has been entered allowing said amount or to which no objection to a timely filed proof of Claim being filed or listed without being disputed.

5. "Allowed Secured Claim" shall mean an Allowed Claim secured by a lien, security interest or other charge against or interest in property in which the Debtor has an interest and which property has a present fair market value in a sufficient amount to pay all superior lien Claims and the Claims.

6. "Attorney for Debtor" shall mean Southwell & O'Rourke, P.S., Montoya Hinkley Law Firm, and Hummer & Boyd, PLLC, and any additional attorneys or successors as approved by the Court.

7(a). "Claim" shall mean any right to payment, or right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such

Second Amended Disclosure Statement-4

SOUTHWELL & O'ROURKE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS AT LAW
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

right to payment or right to equitable remedy is reduced to judgment, whether unmatured, disputed, undisputed, legal, equitable, secured or unsecured.

7(b).    "Claim Against Gray Land" shall mean that amount Debtor asserts is owed to it by Gray Land & Livestock, LLC ("Gray Land"). Debtor claims it is owed in excess of Three Hundred Fifty-Six Thousand Dollars ($356,000.00) by Gray Land and that the claim is secured by crops and real estate owned by Gray Land. Gray Land does not dispute the claim amount. However, it asserts that the claim is secured only in the amount of Seventy-Five Thousand Dollars ($75,000.00).

8(a).    "Code" shall mean Title 11 of the United States Code, 11 U.S.C. §101, et. seq.

8(b).    "Commercial Lot" shall mean that approximate 0.75 acres or 32,670 square feet of real estate, Parcel No. 18112744029 on Harrah Road, Harrah, Washington and legally described as:

> BEG 316 FT N OF SE COR OF SEC. TH W 200FT, TH N TO PT 22 FT S OF DRAINAGE DITCH, TH SE' LY TO A PT 210 FT N OF POBTH S 21 FT TO POB EX E 40 FT CO RD R18, T11, SECTION 27, YAKIMA COUNTY, WASHINGTON

9.      "Confirmation" shall mean the entry of an order confirming the Plan.

10.     "Court" shall mean the United States Bankruptcy Court for the Eastern District of Washington.

11.     "Creditor" or "Creditors" shall mean all persons and/or entities holding Claims of or against the Debtor, holding claims for liabilities, demands or claims of any character whatsoever.

12.     "Debtor" shall mean Husch & Husch, Inc.

13.     "Debtor in Possession" shall mean Debtor, when exercising its rights, powers, and duties under Section 1107(a) of the Code in the reorganization case.

14.     "Debtor's Business" shall mean the seed, spray, fertilizer, and chemical sales and/or application conducted in eastern Washington, Idaho, and Oregon.

15.     "Disbursing Agent" shall mean Accountant and/or the entity or individual as designated by the Court in the Order of Confirmation, acting in the capacity of the disbursing agent under this Plan, and having such rights, powers, and duties as may be designated in the Plan, the Order of Confirmation, or by final Order of the Court. Debtor

**SOUTHWELL & O'ROURKE, P.S.**
**A PROFESSIONAL SERVICE CORPORATION**
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

does not propose the appointment of a Disbursing Agent. If a Disbursing Agent is not appointed, Debtor shall be the Disbursing Agent.

16.     "Disputed Claim" shall mean a filed or scheduled claim of an alleged Creditor as to which an objection has been filed by a party in interest or which has been scheduled in the Schedule of Liabilities filed pursuant to §521(1) of the Code as disputed, contingent or unliquidated.

17.     "Effective Date" shall mean the date on which the Order of Confirmation becomes final and non-appealable.

18.     "Equipment" shall mean Debtor's personal property and fixed assets used by Debtor to conduct its business of buying, selling, and applying seed, fertilizer, and spray, except that property hereinafter defined as "Heritage Equipment", and listed and described on Exhibit No. 1 attached hereto.

19.     "Estate" and/or "Property of the Estate" shall mean the estate created pursuant to §541 of the Code.

20.     "Fertilizer Plant Properties" shall mean those eight (8) improved parcels of real estate commonly known as 8031 Branch Road, Harrah, Washington.

21.     "Final Order" shall mean an order or judgment of the Court as to which the time for appeal has expired without a notice of appeal having been filed, or as to which any appeal therefrom has been resolved.

22.     "Heritage Bank Real Estate Collateral" shall mean that real property securing, in part, the allowed secured claim of Heritage Bank, consisting of some parcels owned by entities other than Debtor.

23.     "Heritage Equipment Collateral" shall mean that non-titled business and farm equipment owned by Debtor described specifically on Exhibit No. 1 attached hereto.

24.     "Heritage Vehicle/Rolling Stock Collateral" shall mean those titled vehicles owned by Debtor but represent part of the collateral securing one or more of the claims of Heritage Bank. A list with description of each vehicle is listed on Exhibit 2 attached hereto.

25.     "Inventory" shall mean that personal property owned by Debtor, in Debtor's possession, and as defined by Section 9-102(a)(48) of the Uniform Commercial Code.

26.     "Jones Road Home" shall mean that approximate 1,216 square foot, 3 bedroom, 1 bath, single level home commonly known as 2720 Jones Road, Wapato, Washington.

Second Amended Disclosure Statement-6

SOUTHWELL & O'ROURKE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS AT LAW
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

27.     "Net Proceeds of Liquidation" shall mean gross recovery less the reasonable costs and expenses of any attorneys and experts employed by Debtor with Court approval, to the extent said fees and expenses are fixed and approved by the Court to liquidate an item or account.

28.     "Net Proceeds of Sale" shall mean gross sales or liquidation proceeds including payments on contract, less the real estate or auctioneer commission, if any, approved by the Court or specifically set forth in this Plan, and less the standard, usual, and reasonable costs and expenses at closing, such as attorney fees, title policy expenses, excise tax, revenue stamps and recording fees. As used herein, the realtor's, brokers, consignee, or auctioneer's commission shall not exceed ten percent (10%) of the sales price unless increased After Notice and Hearing. Such modification shall not be deemed an amendment or modification to the Plan. Provided, further, that in the case of an auction, Net Proceeds of Sale shall be that amount further reduced by auction advertising expenses not to exceed three percent (3%) of the gross sales price.

29(a).  "Office Property" shall mean that real estate commonly known as 8031 Branch Road, Harrah, Washington and used by Debtor as and for its corporate offices. This property is leased from Husch Properties, LLC.

29(b).  "Open Ground 24 Acres" shall mean that approximate twenty-four (24) acres of unimproved real estate commonly known as 8201 Branch Road, Harrah, Washington 98933.

30.     "Order of Confirmation" shall mean the Order of the Court confirming the Plan pursuant to §1129 of the Code.

31.     "Petition Date" shall mean the date on which Debtor filed its Voluntary Petition for relief in accordance with Chapter 11 of Title 11, United States Code, with the Court, commencing the reorganization case, namely, March 4, 2020.

32.     "Plan" shall mean the Plan of Reorganization in its present form, or as it may be amended, modified, or supplemented, filed by Debtor.

33.     "Professional Persons" shall mean persons, including a trustee, if one is appointed, retained or to be compensated pursuant to Sections 326, 327, 328, 330, and/or 1103 of the Code.

34.     "Proponent" shall mean Debtor above-named.

35.     "Pro rata" shall mean that with respect to a distribution to any holder of an Allowed Claim or interest in a given class, the amount of such distribution shall be calculated by multiplying the total amount available for distribution by a factor, the

Second Amended Disclosure Statement-7

SOUTHWELL & O'ROURKE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS AT LAW
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

numerator of which is the whole of said holder's Allowed Claim or interest, and the denominator of which is the aggregate of the Allowed Claims or interest of that class.

36.     "Rental Houses" shall mean the two (2) single family houses commonly known as 40 Martin Lane Wapato, Washington, together being tax parcel 181127-44023.

37.     "Reorganization" shall mean the Chapter 11 case pending before the Court commenced by Debtor, designated case number 20-00465-WLH11.

38.     "Reorganized Debtor" shall mean, as provided by Section 1141(d) of the Code, the Debtor as revested, following the Effective Date, with all assets that were formerly Property of the Estate.

39.     "Restaurant and Convenience Store" shall mean that public café/restaurant and convenience store located in the same building located adjacent to Debtor's real estate. The facility is commonly known as 3990 Harrah Road, Wapato, Washington and is operated by a tenant. This real estate and improvements are owned by D & LK Husch, Inc.

40.     "Rules" shall mean United States Bankruptcy Rules, Title 11, United States Code.

41.     "Schedules" shall mean the list of assets and liabilities required to be filed pursuant to Section 521 of the Code, and which Debtor has filed, and any amendments thereto.

42.     "Secured Claim" shall mean an Allowed Claim that is a secured Claim against the Debtor determined in accordance with §506(a) of the Code.

43.     "Unclassified Claim" shall mean an Allowed Claim described in Sections 507(a)(1), (2) or (7) of the Code.

44.     "Unsecured Claim" shall mean an Allowed Claim that is not a Secured Claim.

45.     "Unsecured Creditors Committee" shall mean the official Unsecured Creditors' Committee appointed pursuant to Order of the Court in the reorganization case. The members are:     None

46.     "Vehicle/Rolling Stock" shall mean those title vehicles owned by Debtor and used in Debtor's Business and not included in "Heritage Vehicle/Rolling Stock Collateral". A list with description is hereto attached as Exhibit No. 3.

Second Amended Disclosure Statement-8

SOUTHWELL & O'ROURKE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS AT LAW
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

## ARTICLE III.
## HISTORY/PRESENT OPERATION/PROJECTIONS

### History/Present Operations

Debtor is a corporation formed, licensed and authorized to do business under the laws of the State of Washington. The business began in 1937 in Harrah, Washington. It is in its fourth generation of Husch owners. It is an independent agricultural chemical, fertilizer, and seed supplier. Although the majority of its business is conducted in or near the Yakima Valley corridor, it does business in eastern Washington, northern Oregon, and central Idaho.

The three (3) shareholders are:

|  | Percent Stock Held |
|---|---|
| Kelly Husch, President | 50% |
| Deanna Husch, Secretary/Treasurer | 47.354497% |
| Allen Husch, CFO | 2.645503% |

Allen Husch is the son of Deanna Husch, who is the sister-in-law of Kelly Husch. The general day-to-day business operations are directed by Allen Husch.

### Income/Projections

Debtor's gross income appears to be averaging a little over One Million Dollars ($1,000,000.00) per month and has been for a period of time. Debtor's gross income for the last four (4) years is as follows:

| Year | Amount |
|---|---|
| 2021 (thru 3/15) | $1,500,000.00 |
| 2020 | $10,700,000.00 |
| 2019 | $12,900,000.00 |
| 2018 | $11,500,000.00 |
| 2017 | $15,540,000.00 |
| 2016 | $16,630,000.00 |

As reflected above, Debtor has been operating at a loss for tax purposes for several years. However, the majority of the loss is related to depreciation expenses. The actual out of pocket cash flow loss is approximately Two Hundred Fifty Thousand Dollars ($250,000.00).

**SOUTHWELL & O'ROURKE, P.S.**
**A PROFESSIONAL SERVICE CORPORATION**
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

To reduce Debtor's expenses and increase Debtor's net income and cash flow, the following steps have been taken.

1.      In December of 2018, the salary of Kelly Husch was reduced from $13,750.00 per month to $11,250.00 per month. At the same time the salary of Allen Husch was reduced from $12,500.00 per month to $10,000.00 per month.

2.      No salary or dividend has been paid to Deanna Husch since 2017.

3.      The salary paid to Tegan Husch, son of Kelly Husch, has been terminated.

Based upon the actions described above, Debtor projects a sufficient income and cash flow to pay these amounts to creditors described herein. Attached as Exhibit #4 is Debtor's budget and projections.

**Reason for Chapter 11 Case Filing**

For years, Debtor has operated its business using a line of credit of about Two million Five Hundred Thousand Dollars ($2,500,000.00). Debtor would purchase product for resale using the line of credit. For not less than ten (10) years Cashmere Valley Bank provided the line of credit. In the last couple years, Cashmere Valley Bank sold certain of its loans to Heritage Bank, including the line of credit loan to Debtor. Recently, Heritage Bank decided to discontinue farm related loans. Thus, it advised Debtor the line of credit would not be renewed and that Debtor needed to retire all five (5) of its loans.

Debtor attempted to obtain alternative financing to retire the Heritage Bank debt but was not able to do so in a timely manner. As a result, Heritage Bank filed suit against Debtor and others to appoint a receiver to essentially take all Debtor's real and personal property and sell the same to pay the Heritage Bank claim. This would have resulted in the termination of Debtor's business.

To stop the property sale by Heritage Bank, which Debtor's representatives believed would produce far less than fair market value, and to term out certain debt, the Chapter 11 case was filed.

Debtor has been looking for financing to pay off Heritage Bank and set up a line of credit since before Heritage Bank began its suit. Debtor's representatives have inquired in various degrees of not less than ten (10) banks and/or financing companies. As of the date of this First Amended Disclosure Statement, Debtor is finalizing a loan and/or loans of sufficient amount to pay all creditors in full, with an additional one million dollar line of credit. The company to provide the funding is Quaker State Commercial Finance of Conshohocken, Pennsylvania ("Quaker State"). A letter of intent has been issued. However, certain terms are being negotiated. Debtor is fairly certain the loan(s) will be made.

Second Amended Disclosure Statement-10

**SOUTHWELL & O'ROURKE, P.S.**
**A PROFESSIONAL SERVICE CORPORATION**
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

## CURRENT FINANCIAL INFORMATION

Debtor has filed with the Court its Schedule of Assets. As is set forth hereinafter, formal appraisals have been acquired for the majority of property. Debtor believes the financial information used and the values set forth hereinafter are fairly accurate. Debtor uses the GAAP method of accounting. The accounting information is provided by Allen Husch and staff. Where information was inadvertently excluded, amendments and supplements have been provided.

Debtor has filed and is current in filing its monthly operating reports. These reports, beginning with the month of March, 2020, show Debtor's monthly income and expenses.

Debtor fixed the values of certain of its assets based upon not only Debtor's knowledge of facts and values but on information provided by experts. Certain of the following assets were specifically valued, where indicated.

**1. Claim Against Gray Land & Livestock, LLC ("Gray Land")**

Beginning in 2016, and also in 2017, Debtor provided product to Gray Land on open account. Gray Land did not pay for all product. Debtor filed liens against the crops and real estate of Gray Land in Yakima County, State of Washington. Debtor also filed suit in Yakima County Superior Court, State of Washington to foreclose its liens. Thereafter, Gray Land filed a Chapter 11 case. The suit was stayed by Gray Land's Chapter 11 case filing.

Gray Land filed a Chapter 11 case on February 28, 2019 in this Court under case number 19-00467-FPC11. Debtor filed a creditor's claim in that proceeding on April 5, 2019 as a fully secured claim the security being proceeds from crop sales and real estate. The claim is in the amount of Three Hundred Fifty-Six Thousand Two Hundred Eighty-Seven and 58/100 Dollars ($356,287.58) and was computed by Debtor's staff and counsel employed to liquidate the claim, namely, Hummer & Boyd, PLLC.

Debtor believes the claim has a fair market value of not less than Three Hundred Fifty-Six Thousand Two Hundred Eighty-Seven and 58/100 Dollars ($356,287.58). Debtor knows of no offsets or defenses to the claim.

**1. Jones Road Home (Art. II, def. #26)**

Debtor fixed the value of this home at Two Hundred Ten Thousand Dollars ($210,000.00). Mr. Richard Rowland, a certified appraiser employed by Heritage Bank, appraised this real estate and improvements at Two Hundred Ten Thousand Dollars ($210,000.00) as of May 20, 2019. Debtor agrees with the valuation.

**SOUTHWELL & O'ROURKE, P.S.**
**A PROFESSIONAL SERVICE CORPORATION**
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

### 2. Heritage Bank Real Estate Collateral (Art. II, def. #22)

Debtor's representatives fixed the value of its industrial, commercial, and agricultural real estate, also known as "Fertilizer Plant Property," at Four Million Five Hundred Twenty-Five Thousand Dollars ($4,525,000.00). This was the value of this real estate and improvements fixed by Brian Vickers, MAI, as of June 19, 2019. He was employed by Heritage Bank.

### 4. Rental Homes (Art. II, def. #36)

Debtor's representatives fixed the value of Rental Homes (Art. II, def. #36) at One Hundred Sixty Thousand Dollars ($160,000.00). This was the value fixed by Brian Vickers, MAI, as of June 19, 2019.

### 5. Heritage Vehicle/Rolling Stock Collateral (Art. II, def. #24)

The representatives of Debtor fixed the vehicle and rolling stock inventory listed on Exhibit 1 at Nine Hundred Ninety-Six Thousand Seven Hundred Ninety-Five Dollars ($996,795.00). This was the value determined by the appraiser employed by Heritage Bank, namely, Barry Laws.

### 6. Vehicle/Rolling Stock (Art. II, def. #46)

Without professional assistance, Debtor's representative fixed the present fair market value of the vehicles listed on Exhibit No. 2 at One Million Seven Hundred Fifty-Three Thousand Two Hundred Five Dollars ($1,753,205.00). This was done, in part, using online tools.

### 7. Restaurant

Using the rent received per month for this property and improvements and discussing valuation with Accountants and with CFO Selections, Debtor determined the present fair market value of this property to be approximately Two Hundred Thousand Dollars ($200,000.00).

### 8. Inventory

Debtor valued the inventory it held on Petition Date at cost. This was estimated at One Million Two Hundred Thousand Dollars ($1,200,000.00).

///

///

Second Amended Disclosure Statement-12

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

**9. Equipment (Art. II, def. #18)**

Debtor has placed a value of Two Million Seven Hundred Fifty Thousand Nine Hundred Thirty-One Dollars ($2,750,931.00) on its equipment listed on Exhibit No. 1 attached. Debtor believes the value fixed by Mr. Barry Laws, Evaluator, at the above amount is fair and reasonable. Laws fixed the value as of March 13, 2019. He was employed by Heritage Bank to perform this service.

**10. Commercial Lot (Art. II, def. #8(b))**

Debtor's representative put a value of Seventy-Five Thousand Dollars ($75,000.00) on this property. This valuation was made with the help of professional. Additionally, Debtor believes it has a business interested in buying the property for this amount.

V.

SUMMARY OF THE PLAN

It is proposed that there will be twenty-five (25) classes of Creditors. The present members of each class and the approximate amount due and/or claimed by each class on the Petition Date are set forth hereinafter, which may not include interest which has been accruing. This Disclosure Statement contains a list, description and Debtors' estimate of the value of the security claimed by each of the Secured Claim holders, together with the payment required to be made said classes. The classes are as follows:

Class 1(a): Expenses of administration pursuant to Section 503(b)(4) of the Code. Present members are as follows:

| **Member** | **Claim Amounts*** |
| --- | --- |
| Southwell & O'Rourke, P.S., Attorneys | $170,846.20 |
| Hummer & Boyd, PLLC, Attorneys | $19,125.00+ |
| CFO Selections, Advisors | $10,000.00+ |
| Alegria & Co., P.S., Accountants | $5,000.00+ |
| Montoya Hinkley Law Firm | $1,000.00+ |

*The above amounts are estimates. The services are continuing so the amounts are increasing monthly. The amount listed for Southwell & O'Rourke, P.S. is for services through March 17, 2021 in the

Second Amended Disclosure Statement-13

**SOUTHWELL & O'ROURKE, P.S.**
**A PROFESSIONAL SERVICE CORPORATION**
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

amount of $165,007.00 plus unreimbursed costs in the amount of $5,839.20.

Class 1(b): Expenses of Administration pursuant to Section 503(b)(9). Present members are:

| **Member** | **Claim Amount** |
| --- | --- |
| Helena Agri-Enterprises, LLC | $100,878.30 |
| PCS Sales, Inc. | $49,000.00 |
| Makhteshim Agan of N. America (ADAMA) | $15,863.76 |
| Nutrien Ag Solutions, Inc. | $19,600.00 |
| Two Rivers Terminal, LLC | $52,075.45 |
| West Central Distribution, LLC d/b/a CHS | $4,302.36 |

Class 1(c): Expenses of Administration pursuant to 28 U.S.C. § 1930(a)(b) and 11 U.S.C. § 507(a)(8).

| **Member** | **Claim Amount** |
| --- | --- |
| United States Trustee | $0.00 at present |
| USA, IRS | $0.00 at present |
| State of Washington, Department of Revenue | $0.00 at present |

Class 2: Wage claims pursuant to 11 U.S.C. § 507(a)(4).

| **Member** | **Claim Amount** |
| --- | --- |
| Ed Boob | $13,650.00 |
| Pat LeNeave | $13,650.00 |
| Allen Husch | $10,000.00 |
| Kelly Husch | $11,250.00 |

Second Amended Disclosure Statement-14

**SOUTHWELL & O'ROURKE, P.S.**
**A PROFESSIONAL SERVICE CORPORATION**
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

Autumn Torres $6,750.00

Class 3: United States of America, Internal Revenue Service and State of Washington, Department of Revenue. Amounts due: $11,779.31 (disputed) and $0.00, respectively.

Class 4: Executory Contracts and Leases pursuant to 11 U.S.C. § 365.

| **Member** | **Claim Amount** |
|---|---|
| Husch Properties, LLC | $5,000.00+ |
| Allen Husch | $10,000.00 |
| Kelly Husch | $11,250.00 |
| Autumn Torres | $6,750.00 |
| Pat LeNeave | $206,858.81 |
| Ed Boob | $137,797.21 |

Class 5: Yakima County, State of Washington Amount due: $34,999.00

Class 6: Agco Finance, LLC. Amount due: $77,843.79

Class 7: Ally. Amount due: $26,444.21

Class 8: Deere & Company. Amount due: $47,120.51

Class 9: Ford Motor Credit Co. Amount due: $38,993.59

Class 10: AmeriCredit Financial, d/b/a GM Financial. Amount due: $16,047.38

Class 11(a): Heritage Bank. Amount due: $18,572.00

Class 11(b): Heritage Bank. Amount due: $6,050.00

Class 11(c): Heritage Bank. Amount due: $674,190.00

Class 11(d): Heritage Bank. Amount due: $657,858.00

Class 11(e): Heritage Bank. Amount due: $2,201,145.00

Second Amended Disclosure Statement-15

SOUTHWELL & O'ROURKE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS AT LAW
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

**Class 12:**   Wells Fargo Vendor Financial. <u>Amount due</u>: $1,000.00+

**Class 13:**   Helena Agri-Enterprises, Inc. <u>Amount due</u>: $

**Class 14:**   Unsecured Creditors. <u>Amount due</u>: $1,352,299.28+

| <u>Creditor</u> | <u>Amount Due</u> |
|---|---|
| Alegria & Co. | $0.00* |
| Allen Husch | $500.00+ |
| American Express National Bank | $690.46 |
| Autumn Torres | $100.00+ |
| Bridgewell Agribusiness, LLC | $17,129.22 |
| Car Quest | $2,657.76 |
| CFO Selections, LLC | $0.00** |
| David Cowan | $4,266.35 |
| Double R Farms | $53,426.51 |
| Diamond K Gypsum, Inc. | $34,884.24 |
| Ed Boob | $100.00+*** |
| Helena Agri Enterprises, LLC | $346,656.03 |
| Hummer Boyd, PLLC | $9,790.00 |
| Husch Properties, LLC | $1,500.00+ |
| Intergrated Agribusiness Professionals | $119,830.55 |
| International Raw Materials, Ltd. | $91,473.05 |
| Intrepid Potash, Inc. | $12,103.95 |
| Makhteshim Agam of N. America (ADAMA) | $15,863.76 |
| Montoya Hinkley Law Firm | $373.98 |
| Nutrien NW | $19,600.00 |
| Nutrien Ag Solutions, Inc. | $45,514.96 |
| Olson Bros. | $29,362.60 |
| Pat LeNeave | $100.00+*** |
| PCS Sales (USA), Inc. | $49,000.00 |
| PacifiCorp | $4,206.36 |
| Pride Packing | $2,089.94 |
| Rowe Farms | $1,217.44 |
| Simplot Agribusiness | $108,412.65 |
| St. Michelle Wine | $4,422.00 |
| Tegan Husch | $0.00 |
| Two Rivers Terminal, LLC | $186,271.61 |
| Tyson Fresh Meats | $40,012.75 |
| Ultra Yield Miconutrients, Inc. | $28,050.00 |
| West Central Distribution, LLC d/b/a CHS Agronomy | $77,806.44 |

Second Amended Disclosure Statement-16

**SOUTHWELL & O'ROURKE, P.S.**
**A PROFESSIONAL SERVICE CORPORATION**
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

| | |
|---|---|
| Winfield Solutions, LLC | $5,309.10 |
| Zecchino Farms | $3,272.53 |

*The prepetition claim of Alegria & Co. in the amount of $13,906.69 was waived by creditor per signed waiver filed on April 8, 2020 [*ECF 98*].
**The prepetition claim of CFO Selections, LLC in the amount of $9,062.50 was waived by creditor per signed waiver filed on April 30, 2020 [*ECF No. 119*].

*** Disputed in total as a Class 14 claim. Allowed in full as Class 2 and Class 4 claims.

Class 15:     Husch Properties, LLC. Amount due: $50,000.00+

Class 16:     D & LK Husch, Inc. Amount due: $10,000.00+

Class 17:     Cross River Bank and/or Small Business Administration. Amount due: $375,792.00 (Disputed in total)

Class 18:     Credit Purchasing Claims of Customers. Amount due: $628,293.00

| Customer | Credit Amount |
|---|---|
| Double R Ranches | $504,962.00 |
| Dick Berryman | $10,000.00 |
| Auke Bruinsma | $10,573.00 |
| Tony R. Harris Farms | $50,000.00 |
| Colossal Orchards | $4,000.00 |
| Rowe Farms | $26,258.00 |
| Royal Schlepp | $3,000.00 |
| David Cowan | $17,500.00 |
| Dave West | $2,000.00 |

Class 19:     Equity Holders

| Member | Percent Ownership |
|---|---|
| Kelly Husch | 50% |
| Deanna Husch | 47.354497% |
| Allen Husch | 2.645503% |

Second Amended Disclosure Statement-17

**SOUTHWELL & O'ROURKE, P.S.**
**A PROFESSIONAL SERVICE CORPORATION**
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

Debtor's Plan is a partial liquidating Plan, providing for the liquidation and distribution of a portion of property of Debtor. Property shall be liquidated to the extent needed to pay all allowed claims those amounts stated herein.

### Debtor's Business

The Plan provides that Debtor shall continue to operate Debtor's Business (Art. II, def. #14). It provides Debtor's representatives shall use their best efforts to expand its customer base, its income, and its profitability. The net income from Debtor's Business shall be used to pay creditors in full, as described hereinafter.

Management of Debtor post-confirmation will be the primary responsibility of Allen Husch. He will be the final decision maker. Barry Warner, CPA and representative of Alegia & Company, assists Debtor with decisions. Additionally, Bruce Frazier, CPA of CFO Selections, Inc. helps Debtor with books and records, and helps prepare financial information.

Mario Valencia is Debtor's Field Manager and General Manager. He presently manages Debtor's business out of the office. This shall be continued.

### Revise Ownership Structure

Debtor's representatives are working diligently to explore Debtor's options to restructure the ownership of Debtor as well as to obtain financing for partial stock sale or redemption.

Kelly Husch, a fifty percent (50%) shareholder of Debtor, wants to sell his interest in Debtor and retire. As part of his stock sale, either to Debtor or the remaining two (2) shareholders, he wants his guarantees of the five (5) secured claims of Heritage Bank, listed as classes numbered 11(a) through 11(e), released. In order to accomplish the stock sale and the guarantee release, Debtor is looking for a loan and has been since prior to petition date. The loan would be in approximate amount of Five Million Dollars ($5,000,000.00). The loan proceeds would be used to pay Heritage Bank in full, which would then release its claims and guarantees. The balance would be used for working capital.

The new money loan would be secured by Debtor's property, namely, real estate, equipment, inventory, and receivables. The new money loan shall help Debtor create a line of credit fund. This would allow Debtor to stay current on its inventory purchases.

### Sale of Debtor and Business and Assets

Debtor's representatives are exploring if, when, and how Debtor, Debtor's Business, or Debtor's assets may be sold. Debtor's Plan provides if it cannot obtain

Second Amended Disclosure Statement-18

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

financing in a sufficient amount to retire the Heritage Bank debt, it will sell its business and all of its assets.

The Plan provides a sale of Debtor's Business need not include all Debtor's Assets. For example, Debtor could sell its ongoing business without its equipment. In that case, the Plan allows equipment to be sold by separate sale(s).

Any sale will occur only after notice and hearing and only upon terms and conditions sufficient to pay all creditors in full. It is proposed in Plan that upon a sale, the Net Proceeds of Sale shall be disbursed, to the extent sufficient, as follows:

first, the Allowed Secured Claims of classes numbered 6 (Agco Finance), 7 (Ally), 8 (Deere & Company), 9 (Ford Motor Credit), and 10 (GM Financial), if the collateral of the class is included in the sale, until paid in full;

second, the Allowed Secured Claim of Class 5 (Yakima County), to the extent of its lien on the property sold, until paid in full;

third, the Allowed Secured Claims of classes numbered 11(a), 11(b), 11(c), 11(d), and 11(e), namely, Heritage Bank, until paid in full;

fourth, the Allowed Secured Claim of Class 13 (Helena Agri-Enterprises) until paid in full;

fifth, the allowed claims of classes numbered 1(a), 1(b), and 1(c) (Administrative) pro rata until paid in full;

sixth, the allowed claims of Class 2 (wages) pro rata until paid in full;

seventh, the allowed claims of Class 3 (taxes) pro rata until paid in full;

eighth, the allowed claims of Class 14 (Unsecured) pro rata until paid in full; and

ninth, balance to Class 19.

**Reserve for Disputed or Not Yet Allowed Claims**

The Plan specifies that until such time as a disputed claim or a claim not yet determined an allowed claim becomes a final allowed claim, any funds provided herein to be distributed to said claim(s) shall be held in Debtors' estate account. The reserve shall be disbursed if and when said claims become allowed claims.

Second Amended Disclosure Statement-19

SOUTHWELL & O'ROURKE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS AT LAW
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

### Rental Homes

The Plan requires that Debtor shall employ a licensed real estate broker and use its best efforts to sell Rental Homes (Art. II, def. #36). It further requires that the price and terms of sale shall be fixed upon notice and hearing. It further requires that the Net Proceeds of Sale (Art. II, def. #28) shall be disbursed, to the extent sufficient, as follows:

first, the Allowed Secured Claim of Class 5 (Yakima County) until paid in full;

second, the Allowed Secured Claim of Class 11(e) (Heritage Bank) until paid in full; and

third, the Allowed Secured Claim of Class 13 (Helena Agri-Enterprises) until paid in full;

### Jones Road Home

The Plan provides that Debtor shall retain Jones Road Home (Art. II, def. #26) unless and until either the business is sold or there is a default under the terms of the Plan. Should either event occur, this real estate shall be sold as described hereinafter.

The Plan states that Debtor shall employ a licensed real estate broker and use its best efforts to sell Jones Road Home (Art. II, def. #26). The Plan states that it may only be a cash sale at an amount fixed after notice and hearing. The Plan provides that the Net Proceeds of Sale (Art. II, def. #28) shall be disbursed, to the extent sufficient, as follows:

first, the allowed claim of Class 11(e) (Heritage Bank) until paid in full;

second, the allowed administrative claims of classes numbered 1(a), 1(b), and 1(c) pro rata until paid in full;

third, the allowed claims of Class 2 (wages) pro rata until paid in full;

fourth, the allowed claims of Class 3 (Internal Revenue Service and State of Washington) pro rata until paid in full; and

fifth, the allowed claims of Class 14 (Unsecured) pro rata until paid in full.

### Claim Against Gray Land

Debtor's Plan requires that Debtor shall employ counsel and use its best efforts to liquidate the account receivable and lien claim Debtor asserts against Gray Land & Livestock, LLC and its property (Art. II, def. 7(b)). Class 1 member Hummer & Boyd has

Second Amended Disclosure Statement-20

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

20-00465-WLH11    Doc 278    Filed 04/06/21    Entered 04/06/21 15:59:18    Pg 20 of 61

been employed to liquidate the claim. The Plan specifies that the Net Proceeds of Liquidation shall be distributed, to the extent sufficient, as follows:

first, the allowed claim of Class 11(e) (Heritage Bank) until paid in full;

second, the allowed administrative claims of classes numbered 1(a), 1(b), and 1(c) pro rata until paid in full;

third, the allowed claims of Class 2 (wages) pro rata until paid in full;

fourth, the allowed claims of Class 3 (taxes) pro rata until paid in full; and

fifth, the allowed claims of Class 14 (Unsecured) pro rata until paid in full.

## Restaurant and Convenience Store

The Plan provides that Debtor's representatives shall use their best efforts to sell Restaurant and Convenience Store (Art. II, def. #39). It requires the sale shall be upon such terms and conditions as Court may approve after notice and hearing. It provides the sale shall be free and clear of all claims and liens, including those of Heritage Bank and of Class 16 and 18 members. It provides upon sale and closing, the net proceeds of sale shall be disbursed, to the extent sufficient, as follows:

first, Class 5 (Yakima County) to the extent of its lien upon and in the property sold until paid in full;

second, the Allowed Secured Claim of Class 11(e) (Heritage Bank) until paid in full;

third, the allowed claims of classes numbered 1(a), 1(b), and 1(c) pro rata until paid in full;

fourth, the allowed claims of Class 2 (wages) pro rata until paid in full;

fifth, the allowed claims of Class 3 (tax) pro rata until paid in full; and

sixth, the allowed claims of Class 14 (Unsecured) pro rata until paid in full.

## Commercial Lot

Debtor's Plan provides that its representatives shall use their best efforts to sell Commercial Lot (Art. II, def. #8(b)). It further provides that the sale shall be upon such terms and conditions as Court may approve after notice and hearing. The sale shall be free and clear of all claims and liens, including those of Heritage Bank and of Class 16 and

Second Amended Disclosure Statement-21

SOUTHWELL & O'ROURKE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS AT LAW
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

18 members. It also provides that upon sale and closing, the net proceeds of sale shall be disbursed, to the extent sufficient, as follows:

        <u>first</u>, Class 5 (Yakima County) to the extent of its lien upon and in the property sold until paid in full;

        <u>second</u>, the Allowed Secured Claim of Class 11(e) (Heritage Bank) until paid in full;

        <u>third</u>, the allowed claims of classes numbered 1(a), 1(b), and 1(c) pro rata until paid in full;

        <u>fourth</u>, the allowed claims of Class 2 (wages) pro rata until paid in full;

        <u>fifth</u>, the allowed claims of Class 3 (tax) pro rata until paid in full; and

        <u>sixth</u>, the allowed claims of Class 14 (Unsecured) pro rata until paid in full.

## Open Ground 24 Acres

Debtor's Plan proposes that its representatives shall use their best efforts to sell Open Ground 24 Acres (Art. II, def. #29(b)). The sale shall be upon such terms and conditions as Court may approve after notice and hearing. The sale shall be free and clear of all claims and liens, including those of Heritage Bank and of Class 16 and 18 members. It proposes that upon sale and closing, the net proceeds of sale shall be disbursed, to the extent sufficient, as follows:

        <u>first</u>, Class 5 (Yakima County) to the extent of its lien upon and in the property sold until paid in full;

        <u>second</u>, the Allowed Secured Claim of Class 11(e) (Heritage Bank) until paid in full;

        <u>third</u>, the allowed claims of classes numbered 1(a), 1(b), and 1(c) pro rata until paid in full;

        <u>fourth</u>, the allowed claims of Class 2 (wages) pro rata until paid in full;

        <u>fifth</u>, the allowed claims of Class 3 (tax) pro rata until paid in full; and

        <u>sixth</u>, the allowed claims of Class 14 (Unsecured) pro rata until paid in full.

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

**Credit Purchasing**

The Plan provides that the following customers of Debtor, who make up Class 18, hold credits in the amounts indicated to be used toward post-confirmation purchases from Debtor. These credits were created pre-petition date by a customer either prepaying or unintentionally overpaying for product or paying for product or services which were not delivered. The Plan provides that Post-confirmation Debtor shall allow each of these customers to use their credits. Provided, however, the credits may not be used:

    a. If Debtor is in default in any manner in its payments under the Plan of Reorganization;

    b. If the use will interfere with or alter any purchase money security interest given by Debtor to a supplier of product; or

    c. In an amount in excess of ten percent (10%) of credit amount per quarter unless the credit amount is under Twenty-Five Thousand Dollars ($25,000.00). In those cases, the credit may be used in full.

The customer and credit amounts are as follows:

| Customer | Credit Amount |
|---|---|
| Double R Ranches | $504,962.00 |
| Dick Berryman | $10,000.00 |
| Auke Bruinsma | $10,573.00 |
| Tony R Harris Farms | $50,000.00 |
| Colossal Orchards | $4,000.00 |
| Rowe Farms | $26,258.00 |
| Royal Schlepp | $3,000.00 |
| David Cowan | $17,500.00 |
| Dave West | $2,000.00 |

**Additional Specific Treatment of Claims**

Class 1(a) and 1(b)

Debtor's Plan provides the allowed administrative claims of classes numbered 1(a) and 1(b) shall be paid in full with interest. The Plan requires that payment shall be made in full on or before Effective Date or upon Court approval of claims, whichever is later.

///

///

Second Amended Disclosure Statement-23

SOUTHWELL & O'ROURKE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS AT LAW
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

<u>Class 1(c)</u>

Debtor's Plan provides the pre-confirmation fees of the U.S. Trustee remaining unpaid shall be paid in full upon Effective Date. The Plan requires that any administrative claims of the IRS on State of Washington, Department of Revenue shall be timely paid.

<u>Class 2</u>

It is proposed in the Plan that the allowed wage, salary, and commission claims of Class 2 members, to the extent of the priority specified by 11 U.S.C. §507(a)(4), shall be paid in full with interest. It also provides that these claims shall be paid within eight (8) months from Effective Date.

If Class 2 does not accept the Plan, which specifies payment within eight (8) months, the Class will need to be paid in full upon Effective Date.

<u>Class 3</u>

The Plan states that the allowed claims of Class 3 members shall be paid in full with interest. The claims shall be paid in sixteen (16) equal quarterly installments. It also states the first payment shall be made in the first full quarter following Confirmation.

<u>Class 4</u>

The Plan states Debtor shall assume, effective upon confirmation of plan, the leases and executory contracts between Debtor and Class 4 members. It provides that defaults by Debtor shall be cured within eighteen (18) months from Effective Date. Provided, however, that should Debtor sell or liquidate its business or assets, after Office Lease is assumed, the lease shall automatically terminate.

The Plan requires allowed claims of Class 4 shall be paid in full together with interest within six (6) months of Effective Date. The source of funds to pay shall be either property sales or operating income. Provided, however, that should Class 4 members Boob and LeNeave become secured claims, they shall be paid upon a sale of the collateral even if that occurs later than six (6) months from Effective Date.

Class 4 member Husch Properties, LLC and Class 19 shareholders have agreed that the unpaid wage or commission claims of Class 4 members Boob and LeNeave shall be granted a lien upon and in Restaurant (Art. II, def. #39) and Office Property (Art. II, def. #29). The liens will be inferior and subordinate to the lien claims of classes numbered 5 (Yakima County), 11(e) (Heritage Bank), and Class 13 (Helena Agri-Enterprises).

///

Second Amended Disclosure Statement-24

**SOUTHWELL & O'ROURKE, P.S.**
**A PROFESSIONAL SERVICE CORPORATION**
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

<u>Class 5</u>

The Plan provides that the Allowed Secured Claim of Class 5 (Yakima County) shall be paid in full, together with interest, as follows:

      a.     All real estate taxes assessed after Confirmation shall be timely paid in full; and

      b.     All real estate taxes assessed before Confirmation shall be paid in three (3) equal annual installments, with the first installment due within twelve (12) months from Confirmation.

<u>Class 6</u>

Debtor's Plan proposes that the Allowed Secured Claim of Class 6 (Agco) shall be paid in full, together with interest, at the rate of Twelve Thousand One Hundred Ninety-Nine and 74/100 Dollars ($12,199.74) per year. It states the first payment shall be made within thirty (30) days of Effective Date. It further states that any delinquent installments or amounts shall be fully paid within eighteen (18) months of Effective Date.

<u>Class 7</u>

The Plan provides that the Allowed Secured Claim of Class 7 (Ally) shall be paid in full, together with interest, at the rate of Eight Hundred Five Dollars ($805.00) per month. It states the first payment shall be made within thirty (30) days of Effective Date. Additionally, it provides that any delinquent installments or amounts shall be fully paid within eighteen (18) months of Effective Date.

<u>Class 8</u>

Debtor's Plan provides that the Allowed Secured Claim of Class 8 (Deere & Company) shall be paid in full, together with interest, at the rate of Forty-Seven Thousand One Hundred Twenty and 51/100 Dollars ($47,120.51) per year. It further provides that the first payment shall be made within six (6) months of Effective Date. Lastly, it provides that any delinquent installments or amounts shall be fully paid within eighteen (18) months of Effective Date. <u>Note</u>: This claim has been paid in full.

<u>Class 9</u>

It is provided in the Plan that the Allowed Secured Claim of Class 9 (Ford Motor Credit) shall be paid in full, together, with interest, at the rate of One Thousand Four Hundred Ninety-Nine and 96/100 Dollars ($1,499.96) per month. It provides for the first payment to be made within thirty (30) days of Effective Date. Additionally, it provides that

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

delinquent installments or amounts shall be fully paid within thirty-six (36) months of Effective Date.

Class 10

The Plan requires the Allowed Secured Claim of Class 10 (GM Financial) to be paid in full, together with interest, at the rate of Seven Hundred Forty-Eight and 86/100 Dollars ($748.86) per month. It provides that the first payment shall be made within thirty (30) days of Effective Date. Additionally, it provides that any delinquent installments or amounts shall be fully paid within eighteen (18) months of Effective Date.

Class 11(a)

It is proposed by Debtor's Plan that the Allowed Secured Claim of Class 11(a) (Heritage Bank) be paid in full, together with interest, at the rate of Four Hundred Six and 22/100 Dollars ($406.22) per month. It provides the first payment shall be made within thirty (30) days of Effective Date. Additionally, it provides any delinquent installments or amounts shall be fully paid within eighteen (18) months of Effective Date.

Class 11(b)

It is proposed by Debtor's Plan that the Allowed Secured Claim of Class 11(b) (Heritage Bank) shall be paid in full, together with interest, at the rate of One Hundred Twenty-Nine Dollars ($129.00) per month. It provides the first payment shall be made within thirty (30) days of Effective Date. Additionally, it provides any delinquent installments or amounts shall be fully paid within eighteen (18) months of Effective Date.

Class 11(c)

The Plan states the Allowed Secured Claim of Class 11(c) shall be paid in full with interest. It provides if a refinance of Debtor's business is insufficient to pay the Allowed Secured Claim at refinance completion, Debtor and classes numbered 15 (Husch Properties) and 19 (Shareholders) shall use their best efforts to sell Office Property upon such terms and conditions approved by Court after notice and hearing. The Plan states the Net Proceeds of Sale shall be disbursed as follows:

first, Class 5 (Yakima County) to the extent of its unpaid real estate tax claim upon the property sold;

second, the allowed claims of Class 11(c) (Heritage Bank) until paid in full;

third, the allowed claims pro rata of classes 1(a), 1(b), and 1(c) until paid in full;

Second Amended Disclosure Statement-26

**SOUTHWELL & O'ROURKE, P.S.**
**A PROFESSIONAL SERVICE CORPORATION**
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

fourth, the allowed claims of Class 2 (wages) pro rata until paid in full;

fifth, the allowed claims of Class 3 (taxes) pro rata until paid in full; and

sixth, the allowed claims of Class 14 (Unsecured) pro rata until paid in full.

Class 11(d) and 11(e)

The Plan states the Allowed Secured Claims of Class 11(d) and 11(e), namely, Heritage Bank, will be paid in full plus interest. It further states if a refinance of debt and/or a sale of less than all Debtor's property is not sufficient to pay in full the claims of both classes numbered 11(d) and 11(e) within twenty (20) months of Effective Date, Debtor shall sell all its property upon such terms and conditions as are approved by Court after notice and hearing. The sale may be by public auction or by private sale or a combination of both.

The Plan states the net proceeds of sale shall be disbursed, to the extent sufficient, as follows:

first, the Allowed Secured Claim of Class 5 (Yakima County) to the extent of its lien upon the property sold;

second, the Allowed Secured Claims of Class 11(d) and 11(e) (Heritage) pro rata until paid in full;

third, the allowed claims pro rata of classes numbered 1(a), 1(b), and 1(c) until paid in full;

fourth, the allowed claims of Class 2 (wages) pro rata until paid in full;

fifth, the allowed claims of Class 3 (taxes) pro rata until paid in full;

sixth, the allowed claims of Class 14 (Unsecured) pro rata until paid in full; and

seventh, balance to Class 19.

Debtor's Plan provides that until classes numbered 11(d) and 11(e) are paid in full as provided above, Debtor shall pay the sum of Thirty-Five Thousand Dollars ($35,000.00) per month to the classes. This sum shall be prorated between the claims.

///

///

Second Amended Disclosure Statement-27

SOUTHWELL & O'ROURKE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS AT LAW
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

<u>Class 12</u>

The Plan requires that the Allowed Secured Claim of Class 12 (Wells Fargo Vendor) to be paid in full, together with interest, at the rate of One Thousand Dollars ($1,000.00) per month. It states the first payment shall be made within thirty (30) days of Effective Date. Additionally, it provides any delinquent installments or amounts shall be fully paid within eighteen (18) months of Effective Date.

<u>Class 13</u>

The Plan specifies the Allowed Secured Claim of Class 13 (Helena Agri-Enterprises) shall be paid in full with interest. The Plan specifies the allowed claim shall be paid in full not more than ninety (90) days from Effective Date.

<u>Class 14</u>

It is proposed in Plan that the allowed claims of Class 14 (Unsecured) shall be paid in full together with interest. It proposes they shall be paid in twelve (12) equal quarterly installments, with the first installment shall be paid in the third full quarter following Confirmation.

<u>Class 15</u>

Debtor's Plan states that the two (2) members/owners of Class 15 (Kelly and Deanna Husch) shall pay in full and satisfy the claim of Class 11(c) (Heritage). If Class 11(c) is not paid in full from the sale of Office Property, Class 15 shall pay Class 11(c). In that event, the Plan states Class 15 shall become the owner of Office Property Free of any claims of Debtor.

<u>Class 16</u>

The Plan states that the record owners of Class 16, are Kelly Husch and Deanna Husch, each as to an undivided fifty percent (50%) (hereinafter "Store Owners"). Class 16 is owner of Restaurant and Convenience Store (Art. II, def. #39), collateral for loan and claim of Class 11(e).

If Class 11(e) is paid from a source or sources other than sale of Restaurant and Convenience Store, the Plan provides that this collateral shall vest in Store Owners. Otherwise, the property shall be sold and proceeds applied to the Allowed Secured Claim of Class 11(e).

///

///

Second Amended Disclosure Statement-28

**SOUTHWELL & O'ROURKE, P.S.**
**A PROFESSIONAL SERVICE CORPORATION**
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

<u>Class 17</u>

The Plan provides specific treatment of Class 17 members Cross River Bank and/or Small Business Administration. In SEC 1106, <u>Loan Forgiveness</u>: the term "covered loan" means a loan guaranteed under paragraph (36) of section 7(a) of the Small Business Act (15 U.S.C. 636(a)), as added by section 1102. The term "*expected forgiveness amount*" means the amount of principal that a lender reasonably expects a borrower to expend during the covered period on the sum of any – (A) payroll costs. The term "payroll costs" has the meaning given that term in paragraph (36) of section 7(a) of the Small Business Act (15 U.S.C. 636(a)), as added by section 1102 of this Act.

The Plan provides that subject to Debtor providing proof that Debtor spent the total Three Hundred Seventy-Five Thousand Seven Hundred Ninety-Two Dollars ($375,792.00) from covered loan through lender Cross River Bank under the Paycheck Protection Program on payroll costs the loan shall be forgiven and Debtor shall owe nothing to Class 17 members. In that case, Class 17 shall pay nothing to Class 17 members.

<u>Class 18</u>

The members of Class 18 shall be treated as is set forth pursuant to Credit Purchasing provisions. <u>See</u>: page 20.

<u>Class 19</u>

The Plan specifies that the three (3) members of Class 19 (Shareholders) shall be paid nothing as shareholder unless and until all other classes are fully paid.

**<u>Drop Dead Provisions</u>**

Three (3) drop dead provisions are provided as part of Debtor's proposed Plan as follows:

1.      Should any creditor reasonably believe Debtor is not expending sufficient efforts to liquidate property, provided for liquidation by the terms of this Plan, or that an alternative means should be used, such creditor may request the Court to revise the manner of liquidation, after notice and hearing.

2.      Should Debtor fail or be unable to sell property by private sale, Debtor or any creditor may request the Court, After Notice and Hearing (Art. I, def. #3), to order a sale or sales by public auction. This provision applies to all Debtor's property; and

3.      Should Debtor default in payment to creditors per this Plan or default on any of their obligations owed creditors pursuant to the security instruments or other loan documents Debtor executed, said creditor shall give written notice of default to Debtor as

Second Amended Disclosure Statement-29

**SOUTHWELL & O'ROURKE, P.S.**
**A PROFESSIONAL SERVICE CORPORATION**
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

provided for in the security instruments or the other loan documents. Thereafter, should the default not be timely cured, a creditor may exercise its state law and/or contractual remedies without further Order of this Court. Except as expressly modified by the Plan, all terms and conditions of the promissory notes, the deeds of trust, the security agreements, and other loan documents evidencing the Debtor's obligations and covenants to creditors shall and hereby do remain in full force and effect. The Debtor shall remain bound by the terms of these promissory notes, deeds of trust, security agreements, and other loan documents except as expressly modified by the Plan.

## VI.
## EXPLANATION OF THE CLAIMS OF EACH CLASS

Debtor has made great efforts to include, schedule, and list known Creditors. Some Claims have been disputed or are being examined for the purpose of determining if they should be disputed. The following explanations and amounts could change as the resolution of a dispute occurs. However, no significant changes are anticipated. The classes are:

<u>Class 1(a)</u>:    The members of Class 1(a) presently include the following:

| Member | Claim Amount |
|---|---|
| Southwell & O'Rourke, P.S., Attorneys | $170,846.20 |
| CFO Selections | $10,000.00+ |
| Alegria & Co., P.S. | $5,000.00+ |
| Hummer & Boyd, PLLC, Attorneys | $19,125.00 |
| Montoya Hinkley Law Firm | $1,200.00+ |

The professional Claims of this class are provided to be paid from the collection, liquidation, and distribution of property and plan payments as set forth in Article X of the plan. The total claims should not exceed Two Hundred Thousand Dollars ($200,000.00). This is in addition to the pre-petition amount previously paid to Southwell & O'Rourke, P.S. in the amount Twenty-Two Thousand Dollars ($22,000.00) (the "Pre-Petition Payment") disclosed in B2030 (Form 2030) and filed with the Debtors' bankruptcy schedules. However, this is an estimate made at the time of the preliminary drafting of this Disclosure Statement and since the Claims of Class 1(a) are continuing in nature, they cannot be estimated with exact certainty. As of June 1, 2020, the approximate outstanding fees and costs of Class 1(a) members were approximately as follows:

| Member | Claim Amount* |
|---|---|
| Southwell & O'Rourke, P.S., Attorneys | $170,846.20 |
| Hummer & Boyd, PLLC, Attorneys | $19,125.00 |
| CFO Selections | $10,000.00+ |

Second Amended Disclosure Statement-30

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

| | |
|---|---|
| Alegria & Co., P.S. | $5,000.00+ |
| Montoya Hinkley Law Firm | $1,200.00+ |

*The above amounts are estimates. The services are continuing so the amounts are increasing monthly. The amount listed for Southwell & O'Rourke, P.S. is for services through March 17, 2021 in the amount of $165,007.00 plus unreimbursed costs in the amount of $5,839.20.

As described below, Debtor could spend additional substantial sums litigating and/or dealing with fixing claims, whether in dollar amount and/or whether secured or unsecured. Additionally, fees could increase addressing objections to the Plan, Disclosure Statement, and/or confirmation of the Plan.

The present problems Debtor or attorney for Debtor have with providing a present, reasonable and accurate estimate of the fees and costs to be incurred may be summarized as follows:

    1.    Counsel and Debtor are unsure what issues will arise concerning the sales of property of estate, Debtors' implementation of Debtor's plan, or post-confirmation issues;

    2.    Counsel is unsure at the present time what issues will be required to be litigated relating to fixing the Allowed Claims or lift stay issues of classes numbered 6 thru 11(e), inclusive.

    3.    Counsel is not certain what issues will arise concerning objections to claims and/or fixing the claims of disputed members. There is not yet a claims filing requirement or deadline. However, claims listed as disputed must file claims on or before May 13, 2020. Thus, Counsel cannot estimate who will file a claim to which objections are proper; and

    4.    Counsel is unsure at present what confirmation issues will arise.

Any Claims incurred by professionals in assisting Debtor with these issues, if any, will be treated and paid as a Class 1 Claim.

The professional claims of Class 1 will be paid from a combination of liquidation, collection, distribution, and sale of estate property, and from monthly payments by Debtor.

No interim fees for Attorneys or any other Class 1(a) member have been approved by the Court nor applied for.

Second Amended Disclosure Statement-31

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

Class 1(b)

The members of Class 1(b) and approximate claim amounts are as follows:

| Member | Claim Amount |
|---|---|
| Helena Agri-Enterprises, LLC | $100,878.30 |
| PCS Sales, Inc. | $49,000.00 |
| Makhteshim Agan of N. America (ADAMA) | $15,863.76 |
| Nutrien Ag Solutions, Inc. | $24,500.00 |
| Two Rivers Terminal, LLC | $52,075.45 |
| West Central Distribution, LLC d/b/a CHS | $4,302.36* |

*Note: West Central Distribution, LLC held a Class 1(b) administrative claim in the amount of $13,302.36. However, post-petition date, Debtor returned approximately $9,000.00 in product to West Central, reducing the Class 1(b) allowed claim.

These claims are granted and allowed pursuant to 11 U.S.C. § 503(b)(9) which provides in relevant part that creditor will be allowed an administrative expense for the value of goods received by the debtor within twenty (20) days before petition date in the ordinary course of Debtor's business. The four members of Class 1(b) qualify as administrative claim holders under law in the amount set forth.

Class 1(c)

The three (3) members of Class 1(c) hold administrative claims as a priority pursuant to 28 U.S.C. § 1930(a)(6), in the case of the U.S. Trustee for quarterly fees to be assessed, and 11 U.S.C. § 507(a)(8) in the case of the United States of America, Internal Revenue Service and State of Washington, Department of Revenue. The taxes incurred by Debtor operating its business or sale of property may create a tax liability. These liabilities will be claims of Class 1(c).

Class 2: The members of Class 2 are employees of Debtor who were owed wages on petition date. The members and claim amounts are as follows:

| Member | Amount of Claim Allowed |
|---|---|
| Ed Boob | $13,650.00 |
| Pat LeNeave | $13,650.00 |
| Allen Husch | $10,000.00 |
| Kelly Husch | $11,250.00 |
| Autumn Torres | $6,750.00 |

Second Amended Disclosure Statement-32

SOUTHWELL & O'ROURKE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS AT LAW
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

11 U.S.C. § 507(a)(4) addresses wage and commission claims and their priorities. In relevant part, the statute grants a fourth priority position to unpaid wage and commission holders to the extent of $13,650.00 per individual if earned within 180 days before Petition Date.

Some members of Class 2 hold claims in excess of the above listed "Amount of Claim Allowed". However, because of the $13,650.00 dollar limit or requirement that it be earned within 180 days before case filing, the priority amount is limited.

<u>Class 3</u>:       The members of Class 3 are the United States of America, Internal Revenue Service and State of Washington, Department of Revenue, holding claims in the amounts of $11,779.31 and unknown, respectively. Pursuant to Code, section 507(a)(8) these claims are given a priority in order of payment.

<u>Class 4</u>:       The members of Class 4 are those individuals and entities who are either parties to a lease with Debtor or parties to a contract, deemed executory, to which Debtor is a party. The members and claim amounts are as follows:

| <u>Member</u> | <u>Amount of Claim</u> |
|---|---|
| Husch Properties, LLC | $5,000.00+ |
| Allen Husch | $10,000.00 |
| Kelly Husch | $11,250.00 |
| Autumn Torres | $6,750.00 |
| Pat LeNeave | $206,858.81 |
| Ed Boob | $137,797.21 |

These claims are separately classified and treated because Code section 365 provides for some specific rules for leases and contracts, not applicable to other creditors or classes

There is a formal lease between Debtor, as Lessee, and Class 4 member Heritage Properties, LLC. The lease is dated September 2, 2016. Pursuant thereto, Debtor leases its office building at Five Thousand Dollars ($5,000.00) per month. Debtor believes the rent is present fair market value rent.

Heritage Properties, LLC is owned jointly and equally by Kelly Husch and Deanna Husch, both shareholders of Debtor.

Class 4 members Kelly Husch, Allen Husch, and Autumn Torres are parties to oral contracts between them and Debtor fixing their salaries as full-time employees of Debtor. The salaries are in the amounts of $11,250.00, $10,000.00, and $6,750.00 per month, respectively. Kelly Husch and Allen Husch are shareholders. Autumn Torres is the daughter of Kelly Husch.

Second Amended Disclosure Statement-33

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

The salaries of Kelly Husch and Allen Husch were reduced in December of 2018. The salary of Kelly Husch was reduced from $13,750.00 per month to $11,250.00 per month. The salary of Allen Husch was reduced from $12,500.00 per month to $10,000.00 per month.

Class 4 members Pat LeNeave and Ed Boob are commissioned salesman. Each of these men have verbal employment agreements with Debtor.

Class 5:    The single member of Class 5 is Yakima County, State of Washington, holding an Allowed Secured Claim in the approximate amount of Thirty-Four Thousand Nine Hundred Ninety-Nine and 22/100 Dollars ($34,999.22). The security for the Class 5 claim is a first lien position upon and in all real estate owned by Debtor having a present fair market value of more than Five Million Dollars ($5,000,000.00).

The claim is for real estate assessed upon all Debtor's real estate. It is fully due and payable in October of 2020. However, payment is deferrable by reason of the Chapter 11 case filing.

Class 6:    The single member of Class 6 is Agco Finance, LLC, holding an Allowed Secured Claim in the approximate amount of Seventy-Seven Thousand Eight Hundred Forty-Three and 79/100 Dollars ($77,843.79). The security for the Class 6 claim is a first lien position upon and in a T8300 B Terragator, having a present fair market value of approximately One Hundred Fifty Thousand Dollars ($150,000.00).

The Claim of Class 6 was incurred in 2012 and requires payments in the amount of Twelve Thousand One Hundred Ninety-Nine and 74/100 Dollars ($12,199.74) per year. On Petition Date, Debtor was one (1) payment in arrears.

Class 7:    The single member of Class 7 is Ally, holding an Allowed Secured Claim in the approximate amount of Twenty-Six Thousand Four Hundred Forty-Four and 21/00 Dollars ($26,444.21). The security for the Class 7 claim as a first lien position upon and in a 2017 GMC pickup having a present fair market value of approximately Thirty Thousand Dollars ($30,000.00).

The Claim of Class 7 was incurred in 2017 and requires payments in the amount of Eight Hundred Five Dollars ($805.00) per month.  On Petition Date, Debtor was two (2) payments in arrears.

Class 8:    The single member of Class 8 is Deere & Company, holding an Allowed Secured Claim in the approximate amount of Forty-Seven Thousand One Hundred Twenty and 50/100 Dollars ($47,120.50). The security for the Class 8 claim as

Second Amended Disclosure Statement-34

SOUTHWELL & O'ROURKE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS AT LAW
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

a first lien position upon and in a 4830 Hicycle sprayer, having a present fair market value of One Hundred Fifty Thousand Dollars ($150,000.00).

The Claim of Class 8 was incurred on July 10, 2015 and requires payments in the amount of Forty-Seven Thousand One Hundred Twenty and 50/100 Dollars ($47,120.50) per year. On Petition Date, Debtor was one (1) payment in arrears.

Class 9:       The single member of Class 9 is Ford Motor Credit, holding an Allowed Secured Claim in the approximate amount of Thirty-Eight Thousand Nine Hundred Ninety-Three and 59/100 Dollars ($38,993.59). The security for the Class 9 claim is a first lien position upon and in a 2017 Ford Raptor, having a present fair market value of approximately Fifty Thousand Dollars ($50,000.00).

The claim of Class 9 was incurred in 2017 and requires payments in the amount of One Thousand Four Hundred Ninety-Nine and 96/100 Dollars ($1,499.96) per month. On Petition Date, Debtor was two (2) payments in arrears.

Class 10:       The single member of Class 10 is AmeriCredit Financial Services, Inc. d/b/a GM Financial, holding an Allowed Secured Claim in the approximate amount of Seventeen Thousand Nine Hundred Forty-Nine and 85/100 Dollars ($17,949.85). The security for the Class 10 claim is a first lien position upon and in a 2016 GMC Yukon vehicle, having a present fair market value of approximately Forty Thousand Dollars ($40,000.00).

The claim of Class 10 was incurred in October 25, 2016 and requires payments in the amount of Seven Hundred Forty-Eight and 86/100 Dollars ($748.86) per month. On Petition Date, Debtor was two (2) payments in arrears.

Class 11(a):  The single member of Class 11(a) is Heritage Bank, holding an Allowed Secured Claim in the approximate amount of Eighteen Thousand Seven Hundred Fifty-Two Dollars ($18,752.00). The security for the Class 11(a) claim is a first lien position upon and in a KBH Tender and S-150 spreader, having a present fair market value of approximately Thirty-Five Thousand Dollars ($35,000.00).

The Claim of Class 11(a) was incurred on November 9, 2011 and requires payments in the amount of Four Hundred Six and 22/100 Dollars ($406.22) per month. On Petition Date, Debtor was three (3) payments in arrears.

Class 11(b):  The single member of Class 11(b) is Heritage Bank, holding an Allowed Secured Claim in the approximate amount of Six Thousand Fifty Dollars ($6,050.00). The security for the Class 11(b) claim is a first lien position in a Spreader S-15055, having a present fair market value of approximately Eighteen Thousand Dollars ($18,000.00).

Second Amended Disclosure Statement-35

**SOUTHWELL & O'ROURKE, P.S.**
**A PROFESSIONAL SERVICE CORPORATION**
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

The Claim of Class 11(b) was incurred on April 17, 2017 and requires payments in the amount of One Hundred Twenty-Nine Dollars ($129.00) per month. On Petition Date, Debtor was two (2) payments in arrears.

Class 11(c):  The single member of Class 11(c) is Heritage Bank, holding an Allowed Secured Claim in the approximate amount of Six Hundred Seventy-Four Thousand One Hundred Ninety Dollars ($674,190.00). The security for the Class 11(c) claim as a first lien position upon and in Office Property (Art. II, def. #29), having a present fair market value of approximately One Million Dollars ($1,000,000.00). Office Property is co-owned by Kelly and Deanna Husch, pledged for Debtor's benefit.

The Claim of Class 11(c) was incurred on September 22, 2016, and renewed March 13, 2017. It requires payments in the amount of interest only until June 2027, when the entire balance was due and owing. Debtor was two (2) installments in arrears on Petition Date.

Class 11(d):  The single member of Class 11(d) is Heritage Bank, holding an Allowed Secured Claim in the approximate amount of Six Hundred Fifty-Seven Thousand Eight Hundred Fifty-Eight Dollars ($657,858.00). The security for the Class 11(d) claim is a first lien position upon and in inventory, accounts, equipment, farm equipment, and vehicles having a value far greater than the loan balance.

The claim of Class 11(d) was incurred November 10, 2010 and renewed several times thereafter. The last note was signed October 24, 2016. Debtor was to pay the note at Nine Thousand Three Hundred Forty-Five and 04/100 Dollars ($9,345.04) per month, with a balloon installment to pay the loan in full of approximately Five Hundred Ten Thousand Dollars ($510,000.00) on or about October 15, 2021.

On Petition Date, Debtor was behind two (2) installments.

Class 11(e):  The single member of Class 11(e) is Heritage Bank, holding an Allowed Secured Claim in the approximate amount of Two Million Two Hundred One Thousand One Hundred Forty-Five Dollars ($2,201,150.00). The security for the Claim 11(e) claim is a first lien position upon and in several properties hereinafter described, having a present fair market value of approximately Ten Million Dollars ($10,000,000.00).

The claim of Class 11(e) was incurred on November 14, 2012. It was renewed several times thereafter, the last time being April 16, 2019. It required payment in full on or before December 18, 2019.

The collateral for this claim is a first lien position upon and in Heritage Vehicles/Rolling Stock (Art. II, def. #24), Equipment (Art. II, def. #18), Fertilizer Plant Properties (Art. II, def. #20), Inventory (Art. II, def. #25), Rental Homes (Art. II, def. #36),

Second Amended Disclosure Statement-36

SOUTHWELL & O'ROURKE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS AT LAW
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

and Office Property (Art. II, def. #29). This collateral has a fair market value in excess of Ten Million Dollars ($10,000,000.00). This value is based upon appraisals conducted by experts employed by Heritage Bank.

Class 12:    The single member of Class 12 is Wells Fargo Vendor Finance, holding an Allowed Secured Claim in the approximate amount of One Thousand Dollars ($1,000.00). The security for the Class 12 claim is a first lien position upon and in a skid steer loader. This loader is leased by Debtor from Class 12, with option to purchase. The payments due under the lease approximate the value of the loader.

The lease was entered on February 26, 2018. It requires payments of One Thousand Dollars ($1,000.00) per month. On Petition Date, Debtor was two (2) payments in arrears.

Class 13:    The members of Class 13 at the present time are as follows:

1.    Helena Agri-Enterprises, Inc.;
2.    Two Rivers Terminal;
3.    CHS, Inc.; and
4.    J.R. Simplot Company

On or about March 20, 2020, the Court entered an Interim Order and on April 10, 2020, the Court entered a final order authorizing Debtor to obtain secured credit from the four (4) members of Class 13 and grant them liens upon property of estate. Attached hereto as Exhibit No. 4 is a copy of the order approving the secured credit.

To date, only Helena Agri-Enterprises has extended Debtor credit pursuant to the orders of Court.

Class 14:    The members of Class 14 are all Debtors' unsecured creditors who hold claims related to Debtor's business affairs. The Claims hold no security interest in or lien upon Property of the Estate, whether voidable or otherwise, nor any priority to receive payments. The majority of the Claims of this class were incurred in connection with Debtors' Business (Art. II, def. 14). All members of Class 14 with amount due each member as listed in Debtor's Schedules or claims filed or amended herein, which total $1,352,299.28, are as follows:

| Creditor | Amount Due |
| --- | --- |
| Alegria & Co. | $14,520.18* |
| Allen Husch | $500.00+ |
| American Express National Bank | $690.46 |
| Autumn Torres | $100.00+ |
| Bridgewell Agribusiness, LLC | $17,129.22 |

Second Amended Disclosure Statement-37

SOUTHWELL & O'ROURKE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS AT LAW
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

| | |
|---|---|
| Car Quest | $2,657.76 |
| CFO Selections, LLC | $8,482.50** |
| David Cowan | $4,266.35 |
| Double R Farms | $53,426.51 |
| Diamond K Gypsum, Inc. | $34,884.24 |
| Ed Boob | $100.00+*** |
| Helena Agri Enterprises, LLC | $346,656.03 |
| Hummer Boyd, PLLC | $9,790.00 |
| Husch Properties, LLC | $1,500.00+ |
| Intergrated Agribusiness Professionals | $119,830.55 |
| International Raw Materials, Ltd. | $91,473.05 |
| Intrepid Potash, Inc. | $12,103.95 |
| Makhteshim Agam of N. America (ADAMA) | $15,863.76 |
| Montoya Hinkley Law Firm | $373.98 |
| Nutrien NW | $19,600.00 |
| Nutrien Ag Solutions, Inc. | $45,514.96 |
| Olson Bros. | $29,362.60 |
| Pat LeNeave | $100.00+*** |
| PCS Sales (USA), Inc. | $49,000.00 |
| PacifiCorp | $4,206.36 |
| Pride Packing | $2,089.94 |
| Rowe Farms | $1,217.44 |
| Simplot Agribusiness | $108,412.65 |
| St. Michelle Wine | $4,422.00 |
| Tegan Husch | $0.00 |
| Two Rivers Terminal, LLC | $186,271.61 |
| Tyson Fresh Meats | $40,012.75 |
| Ultra Yield Miconutrients, Inc. | $28,050.00 |
| West Central Distribution, LLC d/b/a CHS Agronomy | $77,806.44 |
| Winfield Solutions, LLC | $5,309.10 |
| Zecchino Farms | $3,272.53 |

*The prepetition claim of Alegria & Co. in the amount of $13,906.69 was waived by creditor per signed waiver filed on April 8, 2020, ECF 98.

**The pre-petition claim of CFO Selections, LLC in the amount of $9,062.50 was waived by creditor per signed waiver filed on April 30, 2020, ECF 119.

***Disputed in total as a claim of Class 14. Allowed in Class 2 and Class 4.

Class 15:    The single member of Class 15 is Husch Properties, LLC, holding a secured claim in an amount in excess of Five Thousand Dollars ($5,000.00). Pursuant

Second Amended Disclosure Statement-38

SOUTHWELL & O'ROURKE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS AT LAW
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

to "Commercial Lease" between Class 15, as landlord, and Debtor, as tenant, dated September 2, 2016, Debtor leases its Office Building. It is a twenty (20) year lease with twenty (20) year option to renew.

Class 15 borrowed the majority of the construction funds from Class 11(c) to construct Office Building (Art. II, def. #29). Office Building has a present fair market value of One Million Dollars ($1,000,000.00). The rent Debtor pays equals the monthly payment Class 15 pays Class 11(c) on the loan, plus taxes and insurance. It is a triple net lease. At the inception of the lease, the base rent was Four Thousand Four Hundred Twelve Dollars ($4,412.00) per month plus tax and insurance.

On Petition Date, Debtor was three (3) rent payments delinquent.

Class 16

The single member of Class 16 is D & LK Husch, Inc., a State of Washington corporation. The equal shareholders are Deanna Husch and Kelly Husch, aka Loren Kelly Husch.

Class 16 is the owner of that real estate and improvements designated Parcel No. 18112744019. The improvements on this single parcel are a restaurant and convenience store, both under the same roof of the approximate five thousand (5,000) square foot standalone building.

The restaurant and convenience store is believed to have a present fair market value of Two Hundred Thousand Dollars ($200,000.00). It is pledged to Class 11(e) as additional collateral for its loan.

This property is leased by Class 16 to an unrelated party, who operates both the store and restaurant. The rent is Two Thousand Two Hundred Dollars ($2,200.00) per month.

The tenant has expressed interest in buying the property. The owner is considering a sale.

Class 17: The two (2) members of Class 17 are Cross River Bank and/or Small Business Administration. Under and pursuant to the Paycheck Protection Program, this claim will be forgiven.

Class 18: The nine (9) members of Class 18 are set forth below. These are customers of Debtor, each of whom hold credits in the amounts indicated to be used toward post-confirmation purchases from Debtor. These credits were created pre-petition date by a customer either prepaying or unintentionally overpaying for product or paying for product or services which were not delivered. The Plan provides that post-

SOUTHWELL & O'ROURKE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS AT LAW
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

confirmation Debtor shall allow each of these customers to use their credits. Provided, however, the credits may not be used:

    a.  If Debtor is in default in any manner in its payments under the Plan of Reorganization; or

    b.  If the use will interfere with or alter any purchase money security interest given by Debtor to a supplier of product.

The customer and credit amounts are as follows:

| Customer | Credit Amount |
|---|---|
| Double R Ranches | $504,962.00 |
| Dick Berryman | $10,000.00 |
| Auke Bruinsma | $10,573.00 |
| Tony R. Harris Farms | $50,000.00 |
| Colossal Orchards | $4,000.00 |
| Rowe Farms | $26,258.00 |
| Royal Schlepp | $3,000.00 |
| David Cowan | $17,500.00 |
| Dave West | $2,000.00 |

Class 19: The three (3) members of Class 19 are the Debtor's shareholders, namely, Deanna Husch, 47.35%, Kelly Husch, 50%, and Allen Husch, 2.65%. They hold no rights to payment from property liquidation, except subject to the provisions of the Plan, until all payment to Creditors proposed by the Plan to be paid are in fact paid.

VII.
LIQUIDATION ANALYSIS AS COMPARED TO PLAN PAYMENTS

Debtor is proposing in the Plan to pay Allowed Claims those amounts set forth in Article X. Debtor believes this is as much or more than creditors would receive in a Chapter 7 case. Debtor believes it is full payment.

The Schedules Debtor has filed with the Court list all Debtor's assets with liens against the same existing at the time the case was filed, which is all property in which Debtors have an interest. Following is a summary of those assets which Debtors shall retain upon Confirmation, but which will be used in part to fund Debtors' Plan.

**Property to be Retained**

Debtor believes it can obtain financing in an amount sufficient to pay in full the claims of Heritage Bank. In that event, Debtor's Business would remain intact and operate

Second Amended Disclosure Statement-40

SOUTHWELL & O'ROURKE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS AT LAW
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

to pay claims. If that occurs, the following property would not be liquidated. The property and value is as follows:

| | | |
|---|---|---:|
| 1. | Heritage Bank Real Estate Collateral | $4,525,000.00 |
| 2. | Heritage Bank Rolling Stock Collateral | $996,795.00 |
| 3. | Vehicles/Rolling Stock | $1,753,205.00 |
| 4. | Inventory | $1,200,000.00 |
| 5. | Equipment | $2,750,931.00 |
| 6. | Accounts Receivable | $2,442,471.64 |
| 7. | Loans Receivable | $696,794.48 |
| | Total | $14,365,197.12 |

## Property to be Liquidated

Following is a list of property which will be liquidated and/or sold and non-exempt net proceeds of liquidation or sale paid into the Plan to create monies sufficient to pay a dividend to creditors holding Allowed Claims. This will occur even if Debtor retains and operates the business. It is as follows:

| | | |
|---|---|---:|
| 1. | Rental Home (Def. #36) | $160,000.00 |
| 2. | Claim Against Gray Land (Def. #7(b)) | $356,000.00 |
| 3. | Restaurant and Convenience Store (Def. #39) | $200,000.00 |
| | Total From Liquidation | $716,000.00 |

## Liquidation Under Chapter 7 (Hypothetical)

In a hypothetical Chapter 7 liquidation all allowed claims would be paid in full and shareholders (Class 19) would receive a substantial dividend. This is computed as follows:

| | | |
|---|---|---:|
| a. | Income from items 1 – 7 above (retained property) | $14,365,197.12 |
| b. | Income from items 1 – 3 above (property to be liquidated) | $   716,000.00 |
| | Projected total | $15,081,197.12 |

c. Less:

| | |
|---|---|
| Class 1(a) projected | $200,000.00 |
| Class 1(b) projected | $241,719.87 |
| Class 1(c) projected | $0.00 |
| Class 2 | $55,300.00 |
| Class 3 | $11,779.31 |
| Class 4 | $377,656.02 |
| Class 5 | $34,999.22 |
| Class 6 | $77,843.79 |
| Class 7 | $26,444.21 |
| Class 8 | $47,120.51 |

Second Amended Disclosure Statement-41

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

| | |
|---|---|
| Class 9 | $0.00 (paid in full) |
| Class 10 | $16,047.38 |
| Class 11(a) | $18,572.00 |
| Class 11(b) | $6,050.00 |
| Class 11(c) | $674,190.00 |
| Class 11(d) | $657,858.00 |
| Class 11(e) | $2,201,145.00 |
| Class 12 | $1,000.00 |
| Class 13 | $100,000.00+ |
| Class 14 | $1,315,994.46 |
| Class 15 | $0.00 (waive) |
| Class 16 | $0.00 (waive) |
| Class 17 | $0.00 (forgiven) |
| Class 18 | $628,293.00 |
| Class 19 | $0.00 |
| Total | $6,692,012.77 |

Based upon the foregoing analysis of assets and their liquidation values and debts, there would be $2.25 in asset value for each $1.00 in debt.

**Payment from Earnings**

Debtor shall pay Debtor's disposable net income for a period needed to pay all claims in full commencing on Effective Date.

**Projected Dividend/Payment**

Debtor projects full payment to creditors, payment of any tax liability created by the sale of any property, and full distribution to unsecured creditors.

This would show that under any scenario, all creditors, even if any disputed claims were allowed, would be paid in full.

There are a few assumptions upon which the foregoing projections are based as follows:

1.     That the property can be disposed of and/or liquidated for the amounts and/or for the estimated prices;

2.     That the costs of liquidation are as approximately estimated at not more than ten percent (10%) of market value;

3.     That the tax liability generated by sales, collections, and liquidations do not exceed the estimated amount by any significant degree;

Second Amended Disclosure Statement-42

**SOUTHWELL & O'ROURKE, P.S.**
**A PROFESSIONAL SERVICE CORPORATION**
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

4.     That Class 1 administrative expenses are accurately estimated;

5.     That Debtor's disposable income is not less than the amount projected;

6.     That all Class 14 (Unsecured) members hold an Allowed Claim (Art. II, def. #5) in the amount stated herein.

7.     That Debtor is successful liquidating Claims Against Gray Land (Art. II, def. #7(b)).

However, to the extent any general unsecured claim is disallowed, the remaining Class 14 (Unsecured) members who hold an Allowed Claim (Art II, def. #4) would receive a higher percent dividend sooner.

VIII.
<u>EXEMPTIONS</u>

Debtor is a corporation registered and existing under the laws of the State of Washington. Pursuant to 11 U.S.C. § 522(b), only an individual may claim property as exempt property. Debtor is not entitled to and therefore does not claim any property as exempt property.

IX.
<u>LITIGATION PENDING OR CONTEMPLATED</u>.

On Petition Date, Debtor was involved in Litigation, both as Plaintiff and as Defendant. The litigation against Debtor was the primary cause for the case filing. Further detail is provided hereinafter.

1. <u>Pre-Petition Date Litigation</u>

a.     <u>Debtor v. Gray Land and Livestock, LLC ("Gray Land")</u>: Debtor filed suit against Gray Land in Yakima County Superior Court, State of Washington ("State Court") for monies owed in the amount of approximately Three Hundred Fifty-Six Thousand Dollars ($356,000.00). In this suit, Debtor asserted the claim was secured by Gray Land crops and real estate. Although Gray Land did not dispute the balance due, it disputed the claim was secured. Gray Land filed a Chapter 11 case in the United States Bankruptcy Court for Eastern District of Washington on February 28, 2019, under case number 19-00467-FPC11. This filing occurred just before State Court entered judgment on the claim.

**SOUTHWELL & O'ROURKE, P.S.**
**A PROFESSIONAL SERVICE CORPORATION**
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

At present, Debtor filed a creditor's claim in the Gray Land Chapter 11 case. The claim has not been determined.

b.     Heritage Bank v. Debtor, et. al.: Heritage Bank filed suit against Debtor and others in Yakima County Superior Court, State of Washington on or about February 20, 2020, under case number 20-2-00286-39 ("Heritage Suit"). The suit sought to appoint a receiver for the property of Debtor and the property co-defendants pledged, sell the property, and pay bank's claim.

Co-Defendants in the suit were Husch Properties, LLC, Deanna Husch, and Kelly Husch. Deanna and Kelly Husch are related by marriage. Deanna Husch married Allen Husch, now deceased and brother of Kelly Husch. Deanna and Kelly Husch guaranteed the bank debt.

Husch Properties, LLC ("HP") is a State of Washington, limited liability company owned equally by Kelly Husch and Deanna Husch. HP is the owner of Debtor's office building and allowed this real estate to be pledged as collateral to Heritage Bank.

Although not named as a party defendant in Heritage Suit, D & LK Husch, Inc. is the legal owner of a restaurant/convenience store located upon the Debtor's business premises. That real estate and improvements are pledged as collateral for the bank loan.

Deanna and Kelly Husch are equal shareholders of D & LK Husch, Inc.

The value of the property securing the Heritage Bank claim of approximately Three Million Five Hundred Fifty-Seven Thousand Eight Hundred Fifteen Dollars ($3,557,815.00) totals about Ten Million Dollars ($10,000,000.00) and is discussed in detail hereinafter.

2. Post-Petition Date Litigation: The only litigation commenced Post-Petition Date to which Debtor is a party was filed by Debtor's affiliate Husch Properties, LLC and Debtor's two (2) majority shareholders, Kelly and Deanna Husch, in this Court on March 10, 2020 under adversary proceeding number 20-80008-WLH. It was a notice of removal of Heritage Suit from Yakima County Superior Court to this bankruptcy court.

This post-petition date litigation is pending herein.

3. Anticipated Litigation: Debtor is uncertain if any litigation will be required other than that identified above. However, in the Chapter 11 case of Gray Land (See: 1(a) above), Debtor may be compelled to file a suit in that Chapter 11 case to obtain a determination of Court as to the amount and validity of Debtor's creditors' claim filed

Second Amended Disclosure Statement-44

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

therein. Gray Land originally did not dispute the dollar amount of Debtor's claim. The issue was whether it is a secured claim, in whole or in part.

4. <u>Preservation of Rights</u>: The Debtor and the Estate retain all rights of and to commence and pursue any and all Causes of Action (under any theory of law, including, without limitation, the Bankruptcy Code, and in any Court or other tribunal including, without limitation, in an adversary proceeding filed in the Chapter 11 Case) to the extent the Debtor deems appropriate. Potential Causes of Action may, but need not (if at all), be pursued by the Debtor prior to the Effective Date, to the extent warranted. Potential Causes of Action that may be pursued by the Debtor and/or the Estate prior to the Effective Date and by the Debtor and/or the Estate after the Effective Date, also include, without limitation, any other Causes of Action, whether legal, equitable, or statutory in nature, arising out of, or in connection with, the affairs of the Debtor, including, without limitation, the following: possible claims against lenders or third parties, counterclaims, defenses, and objections relating to any Claims or other obligations; contract or tort claims which may exist or subsequently arise; any and all Avoidance Actions pursuant to any applicable section of the Bankruptcy Code arising from any transaction involving or concerning the Debtor.

The Debtor and the Estate expressly reserve any and all Causes of Action for later enforcement by the Debtor and/or the Estate (including, without limitation, Causes of Action that may be set forth in the Plan or not specifically identified or which the Debtor may presently be unaware of or which may arise or exist by reason of additional facts or circumstances unknown to the Debtor at this time or facts or circumstances which may change or be different from those which the Debtor believes to exist) and, therefore, no preclusion doctrine, including, without limitation, the doctrines of *res judicata*, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable, or otherwise) or laches shall apply to such claims or Causes of Action as a result of the confirmation or consummation of this Plan, *or any aspect of the Disclosure Statement, this Plan, or the Confirmation Order*. In addition, the Debtor and the Estate expressly reserve the right to pursue or adopt any claim, crossclaim, or counterclaims alleged in any lawsuit in which the Debtor is a defendant or an interested party, against any Entity, including, without limitation, the plaintiffs or co-defendants in such lawsuits, subject to the provisions of this Plan or any Final Order.

The Debtor and the Estate do not intend, and it should not be assumed that because any existing or potential Causes of Action have not yet been pursued by the Debtor and the Estate or are not set forth herein, that any such Causes of Action have been waived. Without limiting the generality and breadth of the foregoing, the following potential Causes of Action are hereby expressly preserved for pursuit by the Debtor or the Estate:

Any and all losses, damages, claims, demands, debts, actions, causes of action, suits, contracts, agreements, obligations, accounts, damages, lawsuits, judgments,

Second Amended Disclosure Statement-45

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

promises, charges, rights, interest, costs, attorneys' fees, expenses, payments, rights of indemnity, legal or equitable, rights of subrogation, rights of contribution, right of reimbursement, and liabilities of any kind or character whatsoever, whether known or unknown, suspected or unsuspected, in contract or in tort, at law or in equity, and any other claims and remedies of any nature whatsoever, that exist, or have existed, or might exist, or might have existed, or which do exist, or which herein after shall or may exist, fixed, contingent, derivative, successor, or otherwise, which Debtor or the Estate had, now has, or might hereafter have against anyone, jointly or severally, for or by reason of any matter, cause, or thing whatsoever, including claims, counter-claims, cross-claims, offsets, and defenses (collectively "Claims"). Debtor and the estate also retain any avoidable transfers, claims, and causes of action arising under 11 U.S.C. §§544, 545, 547, 548, 549, 550, and any claims arising under §362. Debtor specifically retains and intends to liquidate the Claims against Gray Land. <u>See</u>: Plan at page 15.

X.
TAX CONSEQUENCES OF DEBTOR'S PLAN

The Plan will impact various Creditors differently, depending on the nature of their Claim, their taxpayer status, their accounting method, and other variables. Creditors should consult their own independent tax advisors regarding the tax impact of the Plan upon their individual circumstances.

Under ordinary circumstances, the cancellation or discharge of indebtedness gives rise to recognition of income to the extent such debts are relieved. 11 U.S.C. 346(j)(1) provides that, with certain exceptions, income is not realized by the Debtor by reason of forgiveness or discharge of indebtedness in a bankruptcy case. Nevertheless, the discharge of indebtedness, even under bankruptcy, would give rise to a reduction of tax attributes, including the following: net operating losses for the current year or carry-forwards to that year, general business tax credits carried over to the taxable year, excess charitable contributions, the adjusted basis of non-exempt property currently held by Debtor, and current and carryover capital losses. Debtor shall be entitled to use any pre-petition Net Operating Loss carry forward, or any similar tax attributes, to the extent necessary to reduce Debtor's tax liability.

Debtor's accountant, Barry Warner and Alegria & Co., CPA, P.S., has advised Debtor that the Debtor's proposed Plan will not create any income tax liability.

As a general rule, should the total amount of debt being discharged and excluded from income exceed the amount of tax attributes and basis of property to be reduced, the balance of the discharged debt escapes tax and disappears. It is anticipated that there will not be a discharge of debt for the Debtor because all Allowed Claims will be paid in full.

SOUTHWELL & O'ROURKE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS AT LAW
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

Debtor believes its tax rate will not exceed 35%. Assuming Debtor was required to sell all its property, and based upon the tax basis and liquidation amounts, and computing 10% sales cost as expense deduction, it is projected that Debtors will not incur any tax liability.

Debtor's attorneys, not being versed in tax matters, have given no advice to Debtor concerning neither tax matters nor the tax consequences of an Order of Confirmation. Debtor is relying solely on Debtor's accountant.

Any capital gain taxes created by the sale of any property or post-petition taxes owed by the Estate due the United States of America, Internal Revenue Service shall be paid as a Class 1 claim. Any taxes accruing post-petition by the Debtor or the Estate due the United States of America, Internal Revenue Service shall be timely paid, and all post-petition tax returns due by the Debtor or the Estate to the United States of America, Internal Revenue Service shall be timely filed. The Debtor or the Estate will timely file all tax returns to the Insolvency Section, IRS, 920 W. Riverside, Room 440, MS 791-S, Spokane WA 99201.

XI.
CONFIRMATION OF PLAN

In the event the Plan is not accepted by Creditors, Debtor shall still request the Court to enter an Order of Confirmation. To obtain such an Order, Debtor must establish to the satisfaction of the Court that the Plan meets the requirements of the Code and that it does not discriminate unfairly, and is fair and equitable, with respect to each class of Claims and interests that is impaired under, and has not accepted, the Plan.

XII.
DISCHARGE

Except as otherwise provided by the Plan, all Claims against the Debtor or the Estate which arose prior to Confirmation will be discharged as is set forth hereinafter, whether the Claims accrued before or after the Petition Date, provided the claim holder received proper notice. Creditors will, however, retain the power to enforce the rights given to them, if any, by Plan. The discharge will be effective as to each Claim, regardless of whether a proof of claim was filed, whether the Claim was allowed, or whether the holder(s) of the Claim voted for or against the Plan.

XIII.
CLOSURE OF CASE

Article XXII of Debtor's Plan contains a "substantial consummation" provision. Generally once a Plan is deemed substantially consummated, it may be closed by the Court. Upon Debtor's application, a final decree will be entered closing the case.

Second Amended Disclosure Statement-47

SOUTHWELL & O'ROURKE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS AT LAW
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

However, this does not prevent Creditors from enforcing the rights given to them by Debtor's Plan in the appropriate Court. Further, pursuant to present Local Rule 3022-1(a)(3), the case cannot be closed until those events specified in XII above occur. If a final account has not been filed within sixty (60) days following the confirmation of the Plan, a final decree may be entered and the case closed, unless a party in interest has filed a written objection.

XIV.
## MANAGEMENT COMPENSATION

As set forth in Article X of the Plan, Debtor's Business (Art. II, def. #14) shall be continuously operated with present management. The income Debtor earns from business activity shall be used to pay allowed claims.

XV.
## OBJECTIONS TO CLAIMS

Debtor is reviewing and evaluating certain claims to determine whether any objections to claims should be filed. Debtor may object to any claims before or after the Effective Date (Art. II, def. #17).

XVI.
## TRANSACTIONS WITH INSIDERS

Debtor has not had any specific transactions with "insiders" in the last two (2) years, except as set forth in Debtor's Bankruptcy Schedules or hereinafter. However, the following events with or including "insiders" are deemed relevant:

1. On March 16, 2020, a payroll was due to be paid by Debtor to its employees. Although Debtor held sufficient monies in its general operating account to cover the approximate Sixty-Five Thousand Dollars ($65,000.00) payroll, Debtor did not yet have Court authority to use the funds held, claimed by Heritage Bank as cash collateral. Instead of allowing employees to go unpaid, Deanna Husch loaned Debtor the funds needed. She shall recover said monies as a general unsecured creditor.

2. Without written contracts to enforce the reduction, shareholders-employees Kelly Husch and Allen Husch reduced their salaries by the sums of Two Thousand Five Hundred Dollars ($2,500.00) per month, respectively. These reductions are confirmed by the Plan.

///

///

Second Amended Disclosure Statement-48

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

## XVII.
### ADDITIONAL PROVISIONS

In addition to the summary of the Plan set forth in this Disclosure Statement, the Plan contains provisions concerning duties and responsibilities of the Debtor and its creditors concerning changes of address, modifications of the Plan and jurisdiction of the Bankruptcy Court. Furthermore, the Plan specifically addresses issues concerning the treatment of executory contracts, the prohibition against assessing penalties or penalty interest, the recoverability of attorneys' fees, the retention, creation, or removal of liens, encumbrances, or security interests, and other important areas which should be reviewed by you.

## XVIII.
### CONCLUSION

The foregoing is a brief summary of the highlights of the Plan of Reorganization, as well as containing information concerning the Debtor. This Disclosure Statement should not be the only document relied upon for voting purposes. Creditors are urged to read the Plan in full. Creditors are further urged to consult with counsel to fully understand the Plan. The Plan, although relatively simple in form, is based on complex law and an intelligent judgment concerning such Plan probably cannot be made without understanding the bankruptcy law.

DATED this _5th_ day of April, 2021.

HUSCH & HUSCH, INC.,

By: _____
ALLEN HUSCH, CFO

### VERIFICATION

ALLEN HUSCH, CFO of Debtor herein, states under penalty of perjury of the laws of the State of Washington, that he has read the foregoing, understands the contents and believes it to be true to the best of his knowledge and information.

_____
ALLEN HUSCH

Second Amended Disclosure Statement-49

SOUTHWELL & O'ROURKE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS AT LAW
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

PRESENTED BY:

SOUTHWELL & O'ROURKE, P.S.

BY: /s/ Dan O'Rourke
   DAN O'ROURKE, WSBA #4911
   Attorney for Debtors

PRESENTED BY:

SOUTHWELL & O'ROURKE, P.S.

BY: /s/ Kevin O'Rourke
   KEVIN O'ROURKE, WSBA #28912
   Attorney for Debtors

Second Amended Disclosure Statement-50

SOUTHWELL & O'ROURKE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS AT LAW
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

| Item No. | Quan-tity | Item Name | Manufacturer | Size/Type | Condition | Year | Serial Number | Current Value |
|---|---|---|---|---|---|---|---|---|
| 1 | 1 | Spreader 5000+ hrs. | Ag Terragator | 8300 | V.Good | 2012 | A8300FGN311066 | $115,500 |
| 2 | 1 | Spreader 4800 hrs. | Ag Terragator | TG-8300B | V.Good | 2013 | A8300CFNS11015 | $150,000 |
| 3 | 1 | Spreader | Ag Terragator | 1803 | Good | 1991 | 1624252 | $25,000 |
| 4 | 1 | Rogator | Ag Chem | 1084 | V.Good | 2009 | SC8TNUS11362 | $35,711 |
| 5 | 1 | Sprayer | John Deere | 4830 | V.Good | 2014 | 4830XCD0028315 | $183,576 |
| 6 | 1 | Truck | Peterbuilt | 388 | Good | 2011 | P88XXBD120335 | $110,000 |
| 7 | 1 | Trk. 1,005,000 ml. | Peterbuilt | 357 | Good | 1968 | X60X5WD484966 | $50,000 |
| 8 | 1 | Trk. 831,000 ml. | Pttner 550g.add tk. | SLD-120 | Good | 1998 | DSEBT7P731994 | $110,000 |
| 9 | 1 | Truck 1,078,000 ml. | Kworth 12T 53 tk. | T-800 | Good | 1991 | 1XK60M35611983 | $48,000 |
| 10 | 1 | Truck | Kworth 12T trh.box | T-800 | Good | 1990 | KDD286L5543264 | $37,450 |
| 11 | 1 | Truck #24 | Kworth 2800g ssik | T-800 | Good | 1990 | T7F8SLC014710 | $27,500 |
| 12 | 1 | Truck #20 | Pbit. 12t barhbox | 378 | Good | 1990 | ALB9X4LD301714 | $37,495 |
| 13 | 1 | Truck flatbed | Peterbuilt | 379 | Good | 1990 | ALB9XXLD301717 | $16,000 |
| 14 | 1 | Truck | Kwrth 4K etank.tank | T-800 | Good | 1989 | DD282K5836820 | $60,000 |
| 15 | 1 | Truck 1,015,000 ml#29 | Pb2.15Tss barhbox | 378 | Good | 1989 | D280CRD280283 | $70,000 |
| 16 | 1 | Truck | Pb2.2500Q.ss tank | 377 | Good | 1989 | CB9X3KD274333 | $65,000 |
| 17 | 1 | Bin truck | Kenworth | T-800 | Good | 1987 | DD280X7H9347782 | $27,500 |
| 18 | 1 | Truck 1,033,000 ml. | International | 9370 | Good | 1985 | BLWR8FCA10286 | $25,000 |
| 19 | 1 | Truck | Kenworth | T-800 | Good | 1995 | LB9X4SJ845223 | $50,000 |
| 20 | 1 | Bin trk. 1,098,000ml. | Kenworth | T-800 | V.Good | 2001 | DXUXX07R170105 | $80,000 |
| 21 | 1 | Truck | KW 2800g.ss tank | T-800 | Good | 2001 | XB0X418656321 | $95,000 |
| 22 | 1 | Tanker Truck | International | F-9370 | Good | 1985 | BLWRDFCA10325 | $14,200 |

| Total Value of Evaluated Items | This Page<br>Additional Pages | | | | | | | $1,444,931<br>$1,305,000 |
|---|---|---|---|---|---|---|---|---|
| Less Liens | | | | | | | | $0 |
| Net Evaluated Value | | | | | | | | $2,750,931 |

CUSTOMER: Husch & Husch Inc.                    Evaluated by: Barry Lows

DATE: 3/13/2018                                    Signature: *Barry Lows* (signature)

Page 1.

EXHIBIT #1

## HERITAGE BANK
## EQUIPMENT EVALUATION

| Item No. | Quan-tity | Item Name | Manufacturer | Size/Type | Condition | Year | Serial Number | Current Value |
|---|---|---|---|---|---|---|---|---|
| 1 | 1 | Pickup 64,000 ml. | Ford | Raptor | V.Good | 2017 | W1RG8HFA09110 | $50,000 |
| 2 | 1 | Pickup | GMC | | V.Good | 2017 | N/A | $34,450 |
| 3 | 1 | Suv | GMC | Yukon | V.Good | 2016 | 2HKJ3GR375415 | $40,000 |
| 4 | 1 | Pickup | GMC | 2500 | V.Good | 2016 | 12ZE8IFF118145 | $34,000 |
| 5 | 1 | Pickup 105,000 ml. | Chev. | Silvarado 1500 | V.Good | 2014 | FEC6EZ139662 | $25,000 |
| 6 | 1 | Pickup | Chev. | Silverade 1500 | V.Good | 2014 | PEC2EZ250581 | $25,000 |
| 7 | 1 | Pickup | Ford | F-150 | Good | 2013 | W1R510FD84797 | $13,000 |
| 8 | 1 | Pickup 113,000 mi. | Ford | F-150 | Good | 2013 | F1EF60FE07987 | $13,000 |
| 9 | 1 | Pickup | Ford | F-250 | Good | 2013 | 7X2865DEA38883 | $17,575 |
| 10 | 1 | Pickup 124,000 ml. | Ford | F-250 | Good | 2012 | F2B82CEC05095 | $16,175 |
| 11 | 1 | Pickup | Ford | F-250 | Good | 2012 | F2B68CED18768 | $16,275 |
| 12 | 1 | Pickup | Ford | F-150 | Good | 2011 | 1FXETBFD32946 | $11,800 |
| 13 | 1 | Pickup | GMC | Sierra | Good | 2009 | EK03269G168039 | $20,150 |
| 14 | 1 | Pickup 160,000 ml. | GMC | Sierra 250 | Good | 2008 | K236508F103661 | $17,850 |
| 15 | 1 | Pickup 130,000 ml. | GMC | Sierra | Good | 2007 | KZYR77CE529091 | $9,676 |
| 16 | 1 | Pickup 108,000 ml. | Ford | F-450 | Good | 2003 | X4TP03EC68478 | $12,950 |
| 17 | 1 | Pickup | Ford | F-550 | Good | 2002 | F57F62EB44650 | $21,000 |
| 18 | 1 | Pickup 281,000 ml. | GMC | | Good | 2000 | K19TXYE112189 | $7,500 |
| 19 | 1 | Pickup | GMC | 1 ton | Good | 1998 | C34R7WF040714 | $7,500 |
| 20 | 1 | Pickup | GMC | 1 ton | Good | 1988 | DJR34J2JJ503065 | $6,500 |
| 21 | 1 | Boom Truck | Ford | | Good | 1984 | D7QU3EVA27208 | $7,500 |
| 22 | 1 | Pickup | Chev. | 1 ton | Good | 1982 | C34M7CV110008 | $10,000 |

| Total Value of Evaluated Items | This Page | | $424,700 |
|---|---|---|---|
| | Additional Pages | | |

| Less Liens | | | $0 |
|---|---|---|---|

| Net Evaluated Value | | | $424,700 |
|---|---|---|---|

CUSTOMER: Husch & Husch Inc.

DATE: 3/13/2019

Page 2

Evaluated by: Barry Lewis

Signature: Barry Lewis

HERITAGE BANK
## EQUIPMENT EVALUATION

| Item No. | Quan-tity | Item Name | Manufacturer | Size/Type | Condition | Year | Serial Number | Current Value |
|---|---|---|---|---|---|---|---|---|
| 1 | 1 | Truck 820 | Peterbuilt | | V.Good | 1984 | 9DN9X1EP161527 | $25,000 |
| 2 | 1 | Pickup | Ford | | Good | 1980 | K74NVHG7276 | $3,500 |
| 3 | 1 | Pickup | Chevrolet | | Good | 1979 | C17DE9V143702 | $1,14. |
| 4 | 1 | Tender trailer | Simonsen | | V.Good | 2012 | P04827RW028107 | $4. · |
| 5 | 1 | Tender trailer | KBH | 25 Ton | V.Good | 2010 | FH3224BC62102d | اجامرہ |
| 6 | 1 | SS Discharge Tender | KBH | | Good | 2001 | 9FH3211C623107 | $25,000 |
| 7 | 1 | Trailer | Peerless | | Good | 2000 | 048354DK53484 | $25,000 |
| 8 | 1 | Equipment Trailer | | | Good | 1992 | WA89154392 | $20,000 |
| 9 | 1 | Tender trailer | Adams | 203 | V.Good | Newer | N/A | $35,000 |
| 10 | 1 | Skidsteer Loader | Bobcat | S740-T4 | V.Good | 2018 | B3B13613 | $50,000 |
| 11 | 1 | Skidsteer Loader | Bobcat | | V.Good | 2007 | 531112669 | $25,000 |
| 12 | 1 | Forklift | Toyota | 8FGU-25 | V.Good | 2012 | 8FGU2535863 | $25,000 |
| 13 | 1 | Tractor with bucket ldr. | John Deere | 4320 | Good | 1994 | T613R022936R | $13,000 |
| 14 | 1 | Skidsteer Loader | New Holland | L-865 Turbo | V.Good | Newer | 8921 | $12,500 |
| 15 | 1 | Forklift | Hyster | 50 | Good | Used | N/A | $5,000 |
| 16 | 1 | Forklift 4357 hrs. | Clark | GPX-20 | Good | Used | 10757170KOF | $5,500 |
| 17 | 1 | Backhoe | John Deere | 310-A | Good | Used | N/A | $7,500 |
| 18 | 1 | Tractor 4314 hrs. | Ford | 4830 | Good | Used | N/A | $5,500 |
| 19 | 1 | Sea Trailer | Trindy | | V.Good | 2004 | N/A | $42,000 |
| 20 | 60 | Fertilizer Leg Bins | | Poly 4 ton | V.Good | Newer | N/A | $450,000 |
| 21 | 1 | Conveyor scale/beam | DeJong | FZ382-O 86/5in. | V.Good | Newer | 24155 | $9,500 |
| 22 | 1 | Air Compressor - diesel | Sullair | 185 | V.Good | Used | N/a | $14,000 |

| | | |
|---|---|---|
| Total Value of Evaluated Items | This Page | $863,000 |
| | Additional Pages | |
| Less Liens | | $0 |
| Net Evaluated Value | | $863,000 |

CUSTOMER: Husch & Husch Inc.

Evaluated by: Barry Laws

DATE: 3/13/2019

Signature: *Barry Laws*

Page 3

| Item No. | Quan-tity | Item Name | Manufacturer | Size/Type | Condition | Year | Serial Number | Current Value |
|---|---|---|---|---|---|---|---|---|
| 1 | 1 | Fertilizer Spreader | Wilmar | Super 500 | V.Good | Newer | NW001076 | $8,500 |
| 2 | 1 | Fertilizer Spreader | Wilmar | 150 | Good | 2017 | VI001030 | $2,500 |
| 3 | 1 | Fertilizer Spreader | Wilmar | 150 | Good | Used | JV760128 | $2,500 |
| 4 | 1 | Fertilizer Spreader | Wilmar | 150 | Good | Used | EV001011 | $2,500 |
| 5 | 10 | Fertilizer Spreaders | Wilmar | 150 | Good | Used | N/A | $25,000 |
| 6 | 8 | Fertilizer Spreaders | S&A | | Good | Used | N/A | $16,000 |
| 7 | 1 | SB Fert. Spreader | | 5600 | V.Good | Used | N/A | $13,000 |
| 8 | 1 | SS Fert. Spreader | | 5150 | V.Good | Used | N/A | $9,400 |
| 9 | 20 | Poly Liq. Fert. Tanks | | 1500 Gal. | V.Good | 2000 | N/A | $25,000 |
| 10 | 4 | Poly Liq. Fert. Tanks | | 500 Gal. | V.Good | 2000 | N/A | $1,700 |
| 11 | 1 | Street Sweeper | Advance | 56.- 346 hrs. | Good | Used | N/A | $8,500 |
| 12 | 1 | Spreader 6000 hr | Ag Terregator | 1603-T | Good | Used | N/A | $17,500 |
| 13 | 2 | Conveyor Booms | Delong | | Good | Used | N/A | $13,000 |
| 14 | 1 | Truck | International | 9370 | Good | 1985 | LWR8FCA103331 | $14,200 |
| 15 | | Misc. trailers, poly, aluminum and stainless steel tanks & equipment. | | | | | | $30,000 |
| 16 | | | | | | | | |
| 17 | | | | | | | | |
| 18 | | | | | | | | |
| 19 | | | | | | | | |
| 20 | | | | | | | | |
| 21 | | | | | | | | |
| 22 | | | | | | | | |

| | | |
|---|---|---|
| Total Value of Evaluated Items | This Page<br>Additional Pages | $186,300 |
| Less Liens | | $0 |
| Net Evaluated Value | | $185,300 |

CUSTOMER: Husch & Husch Inc.

Evaluated by: Barry Lowe

DATE: 3/13/2019

Signature: Barry Lowe

Page 4.

| Year | Make | Model | Vin | |
|------|------|-------|-----|---|
| 1990 | Kenworth | FB-Delvr | 9DWMT7F39LC014710 | #27,500 |
| 1990 | Peterbilt | Tractor | 1XPALB9XXLD301717 | $18,000 |
| 1990 | Peterbilt | Tractor | 1XPALB9X4LD301714 | $37,495 |
| ~~2011~~ | ~~Ford~~ | ~~F1R~~ | ~~1FTTW1R63BFA11919~~ | wreck-0 |
| 2007 | GMC | 2KH | 1GTHK24K77E529091 | $9,500 |
| 2003 | Kenworth | F4D | 1FDXX47PO3EC58476 | $50,000 |
| 1995 | Frue | Tractor | 1NKDLB9X4SJ646223 | $60,000 |
| 1994 | Kenworth | Tractor | 1H2P04827RW028102 | $30,000 |
| 1991 | Kenworth | TT | 1XKDD69X9MS561983 | $98,000 |
| 2001 | Kenworth | Tractor | 1NKDXBOX41S868321 | $95,000 |
| 1989 | Kenworth | Tractor | 1XKDD29X2KS536820 | $60,000 |
| 1989 | Peterbilt | Tractor | 1XP5D29XXKD280283 | $70,000 |
| 1998 | Peterbilt | Truck | 1NPFX60X5WD464966 | $50,000 |
| 1985 | International | Tractor | 2HSFBLWR5FCA10286 | $25,000 |
| 2006 | GMC | C&C | 1GDJ7C1C96F420917 | $20,000 |
| ~~2008~~ | ~~Ford~~ | ~~F4D~~ | ~~1FDXF46R68EA65441~~ | 0  SOLD |
| 2002 | Ford | F5D | 1FDAF57F62EB44650 | $21,000 |
| 2009 | B-B | DRYBOX | 4LSAB282X9F017196 | $30,000 |
| 2011 | KBH | TENDER | 1T9FH3224BC621028 | $35,000 |
| 2008 | GMC | 2KH | 1GTHK23608F183661 | $17,850 |
| ~~2008~~ | ~~GMC~~ | ~~2GH~~ | ~~1GTHG23X38F150938~~ | 0 |
| 1989 | Peterbilt | Tractor | 1XPCDB9X3KD274333 | $65,000 |
| 2004 | HMDE | Regator Trailer | WA98214339 | $30,000 |
| 1996 | Freightliner | 120 Tractor | 1FUYDSEB7TP731994 | $110,000 |
| 1990 | Kenworth | Tractor | 1XKDD29X8LS546284 | $37,450 |
| ~~2000~~ | ~~FORD~~ | ~~F350~~ | ~~1FDXF4LC68EA65N4~~ | |

Date 9-14-16

*L. Kelly Husch*
L. Kelly Husch, President of Husch & Husch, Inc

*Deanna Husch*
Deanna Husch, Sec/Treas of Husch & Husch, Inc

$996,795.00

EXHIBIT #2

91-0787596  
01/01/2018 - 12/31/2018  
Sorted: Department

HUSCH AND HUSCH, INC. [40100]  
**Depreciation Expense**  
Financial  
01/01/2018 - 12/31/2018

3/12/2019  
4:40:41PM

| System No. | S | Description | Date In Service | Method / Conv. | Life | Cost / Other Basis | Sec. 179/ Bonus/ (Cur. Yr. Only) | Beg. Accum. Depreciation/ (Sec. 179) | Current Depreciation | Total Depreciation/ (Sec. 179) |
|---|---|---|---|---|---|---|---|---|---|---|
| **UREA PLANT** | | | | | | | | | | |
| 672 | | UREA BUILDING UPGRADE | 2/28/2016 | SL / N/A | 39.0000 | 43,039.60 | 0.00 | 2,023.23 | 1,103.58 | 3,126.81 |
| 939 | | LADDERS | 6/1/2017 | SL / N/A | 5.0000 | 4,316.00 | 0.00 | 503.53 | 863.20 | 1,366.73 |
| Subtotal: UREA PLANT | | | | | | 192,024.84 | 0.00 | 43,563.53 | 5,171.91 | 48,735.44 |
| Less dispositions and exchanges: | | | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Net for: UREA PLANT | | | | | | 192,024.84 | 0.00 | 43,563.53 | 5,171.91 | 48,735.44 |
| **VEHICLES - HARRAH** | | | | | | | | | | |
| 342 | | LOW BOY TRAILER | 6/1/1975 | SL / N/A | 6.0000 | 3,938.00 | 0.00 | 3,938.00 | 0.00 | 3,938.00 |
| 344 | | 1973 GMC TRUCK | 2/1/1976 | SL / N/A | 6.0000 | 6,500.00 | 0.00 | 6,500.00 | 0.00 | 6,500.00 |
| 358 | | 1982 CHEV TRUCK | 8/1/1983 | R / HY | 3.0000 | 10,700.00 | 0.00 | 10,379.00 | 0.00 | 10,379.00 |
| 359 | | 1974 KENW TRACTOR (#39) | 8/1/1983 | R / HY | 3.0000 | 12,500.00 | 0.00 | 12,275.00 | 0.00 | 12,275.00 |
| 360 | | 1973 KENW DMP TRK (#30) | 8/1/1983 | R / HY | 3.0000 | 10,012.00 | 0.00 | 9,712.00 | 0.00 | 9,712.00 |
| 377 | | NURSE BOX | 11/1/1983 | R / HY | 5.0000 | 6,451.00 | 0.00 | 6,128.00 | 0.00 | 6,128.00 |
| 365 | | TRAILER-METAL TANKER | 8/30/1984 | R / HY | 5.0000 | 6,352.00 | 0.00 | 6,035.00 | 0.00 | 6,035.00 |
| 366 | | 8000 GAL LIQ TANK | 9/30/1984 | R / HY | 5.0000 | 3,500.00 | 0.00 | 3,325.00 | 0.00 | 3,325.00 |
| 303 | | 1984 PETERBILT #61527 (#73) | 2/28/1991 | M / HY | 5.0000 | 18,000.00 | 0.00 | 18,000.00 | 0.00 | 18,000.00 |
| 398 | | 92 TERRAGATOR | 10/31/1991 | M / HY | 5.0000 | 136,471.00 | 0.00 | 136,471.00 | 0.00 | 136,471.00 |
| 405 | | 1988 GMC 1-T FLATBED | 8/31/1992 | M / HY | 5.0000 | 10,025.00 | 0.00 | 10,025.00 | 0.00 | 10,025.00 |
| 409 | | HOME-MADE EQUIP TRLR | 2/28/1993 | SL / N/A | 5.0000 | 8,932.00 | 0.00 | 8,932.00 | 0.00 | 8,932.00 |
| 29 | | NURSERY TRAILER | 3/31/1995 | SL / N/A | 10.0000 | 6,756.00 | 0.00 | 6,756.00 | 0.00 | 6,756.00 |
| 476 | | 1985 INTERNATIONAL TRCK | 10/15/1996 | SL / N/A | 5.0000 | 24,000.00 | 0.00 | 24,000.00 | 0.00 | 24,000.00 |
| 477 | | 1985 INTERNATIONAL TRCK | 10/15/1996 | SL / N/A | 5.0000 | 10,500.00 | 0.00 | 10,500.00 | 0.00 | 10,500.00 |
| 480 | | 1985 FORD TRUCK | 10/15/1996 | SL / N/A | 5.0000 | 11,561.00 | 0.00 | 11,561.00 | 0.00 | 11,561.00 |
| 478 | | 3200 GAL D. C. TANK ON INTL TRCK | 12/15/1996 | SL / N/A | 5.0000 | 8,492.00 | 0.00 | 8,492.00 | 0.00 | 8,492.00 |
| 501 | | 2500 GALLON TANK ON 1985 FORD 8000 | 3/3/1997 | SL / N/A | 5.0000 | 7,735.00 | 0.00 | 6,699.00 | 0.00 | 6,699.00 |
| 505 | | CONVERT 1985 INT'L TO TANKER | 3/15/1997 | SL / N/A | 5.0000 | 2,721.00 | 0.00 | 2,357.00 | 0.00 | 2,357.00 |
| 503 | | 1985 INTERNATIONAL TRUCK | 6/18/1997 | SL / N/A | 5.0000 | 9,500.00 | 0.00 | 9,500.00 | 0.00 | 9,500.00 |
| 522 | | 1977 CHEV TRUCK | 2/12/1998 | SL / N/A | 5.0000 | 3,300.00 | 0.00 | 3,300.00 | 0.00 | 3,300.00 |
| 523 | | 1980 FORD TRUCK | 2/12/1998 | SL / N/A | 5.0000 | 5,050.00 | 0.00 | 5,050.00 | 0.00 | 5,050.00 |
| 524 | | BED & GATE FOR ONE TON TRUCK | 7/31/1998 | SL / N/A | 5.0000 | 3,243.00 | 0.00 | 3,243.00 | 0.00 | 3,243.00 |
| 532 | | NURSEBOX | 1/31/1999 | MSL / HY | 5.0000 | 17,712.00 | 0.00 | 8,995.00 | 0.00 | 8,995.00 |
| 540 | | 1989 PETERBUILT VIN#274333 | 4/30/2000 | SL / N/A | 5.0000 | 17,835.27 | 0.00 | 17,835.27 | 0.00 | 17,835.27 |
| 542 | | 1989 KENWORTH TRACTOR #9536820 (#76) | 6/30/2000 | SL / N/A | 5.0000 | 18,918.00 | 0.00 | 18,918.00 | 0.00 | 18,918.00 |
| 547 | | 1987 KENWORTH TRACTOR (#77) | 10/31/2000 | SL / N/A | 3.0000 | 17,820.00 | 0.00 | 17,820.00 | 0.00 | 17,820.00 |
| 550 | | IMPROVEMENTS TO ROGASTOR | 2/28/2001 | MSL / HY | 5.0000 | 4,657.00 | 0.00 | 4,657.00 | 0.00 | 4,657.00 |
| 557 | | 1 TON GATED TRUCK | 6/30/2001 | SL / N/A | 5.0000 | 15,403.00 | 0.00 | 15,403.00 | 0.00 | 15,403.00 |
| 584 | | CHEVY LIQUID PLANT TRUCK | 10/31/2002 | SL / N/A | 5.0000 | 2,750.00 | 0.00 | 2,750.00 | 0.00 | 2,750.00 |
| 585 | | 2000 CHEV 1500 P/U (#14) | 10/31/2002 | SL / N/A | 5.0000 | 22,827.00 | 0.00 | 22,828.70 | 0.00 | 22,828.70 |
| 609 | | 1990 KENWORTH T-800 (#24) | 12/18/2003 | SL / N/A | 6.0000 | 20,054.00 | 0.00 | 20,054.00 | 0.00 | 20,054.00 |
| 12 | | #24 KW Modication to Tanker | 5/15/2004 | SL / N/A | 5.0000 | 19,407.00 | 0.00 | 19,407.00 | 0.00 | 19,407.00 |
| 19 | | Vehicles - Unknown | 5/15/2004 | SL / N/A | 5.0000 | 4,417.00 | 0.00 | 4,417.00 | 0.00 | 4,417.00 |
| 31 | | Rocky Mountain Truck | 5/15/2005 | SL / N/A | 5.0000 | 20,109.50 | 0.00 | 20,109.50 | 0.00 | 20,109.50 |
| 188 | | UNKNOWN Vehicle Additions | 4/15/2007 | SL / N/A | 10.0000 | 2,201.21 | 0.00 | 2,201.21 | 0.00 | 2,201.21 |
| 203 | | 2007 Homemade Eq Trailer | 7/15/2007 | SL / N/A | 10.0000 | 14,382.02 | 0.00 | 14,382.02 | 0.00 | 14,382.02 |
| 222 | | Tank Truck Upgrade | 11/15/2007 | SL / N/A | 10.0000 | 4,820.65 | 0.00 | 4,820.65 | 0.00 | 4,820.65 |

#3

# HUSCH AND HUSCH, INC. [40100]
## Depreciation Expense
### Financial
### 01/01/2018 - 12/31/2018

3/12/2019
4:40:41PM

| System No. | S | Description | Date In Service | Method / Conv. | Life | Cost / Other Basis | Sec. 179/ Bonus/ (Cur. Yr. Only) | Beg. Accum. Depreciation/ (Sec. 179) | Current Depreciation | Total Depreciation/ (Sec. 179) |
|---|---|---|---|---|---|---|---|---|---|---|
| **VEHICLES - HARRAH** | | | | | | | | | | |
| 224 | | Upgrade W. Peterbilt | 1/15/2008 | SL / N/A | 5.0000 | 1,795.38 | 0.00 | 1,795.38 | 0.00 | 1,795.38 |
| 247 | | GMC Truck Sierra 250 - Allen's | 4/15/2008 | SL / N/A | 6.0000 | 50,193.58 | 0.00 | 50,193.58 | 0.00 | 50,193.58 |
| 272 | | P/U VIN | 7/15/2008 | SL / N/A | 5.0000 | 5,750.00 | 0.00 | 5,750.00 | 0.00 | 5,750.00 |
| 308 | | Upgrade #S1 | 7/15/2008 | SL / N/A | 5.0000 | 6,623.57 | 0.00 | 6,623.57 | 0.00 | 6,623.57 |
| 311 | | Upgrade #22 | 7/15/2008 | SL / N/A | 5.0000 | 6,194.01 | 0.00 | 6,194.01 | 0.00 | 6,194.01 |
| 320 | | Upgrade #77 | 7/15/2008 | SL / N/A | 5.0000 | 2,608.69 | 0.00 | 2,608.69 | 0.00 | 2,608.69 |
| 330 | | UPGRADE KW | 8/1/2008 | SL / N/A | 5.0000 | 1,881.45 | 0.00 | 1,881.45 | 0.00 | 1,881.45 |
| 341 | | Spreader Upgrade | 1/1/2009 | SL / N/A | 5.0000 | 1,110.29 | 0.00 | 1,110.29 | 0.00 | 1,110.29 |
| 352 | | Upgrade #77 KW | 1/1/2009 | SL / N/A | 5.0000 | 3,619.19 | 0.00 | 3,619.19 | 0.00 | 3,619.19 |
| 353 | | Hydraulic Fertilizer Truck - 16 ton | 1/1/2009 | SL / N/A | 5.0000 | 45,683.50 | 0.00 | 45,683.50 | 0.00 | 45,683.50 |
| 356 | | 1990 Peterbilt Tractor - 301714 | 2/1/2009 | SL / N/A | 5.0000 | 24,420.50 | 0.00 | 24,420.50 | 0.00 | 24,420.50 |
| 356 | | 1990 Peterbilt Tractor - 301717 | 2/1/2009 | SL / N/A | 5.0000 | 24,420.50 | 0.00 | 24,420.50 | 0.00 | 24,420.50 |
| 352 | | Buyout of Terragator Lease - 30705 | 2/1/2009 | SL / N/A | 5.0000 | 69,043.07 | 0.00 | 69,043.07 | 0.00 | 69,043.07 |
| 386 | | Alter #20 (1990 Pete Tractor) | 7/1/2009 | SL / N/A | 5.0000 | 8,132.12 | 0.00 | 8,132.12 | 0.00 | 8,132.12 |
| 399 | | Upgrade to Terragator | 7/1/2009 | SL / N/A | 5.0000 | 5,028.20 | 0.00 | 5,028.20 | 0.00 | 5,028.20 |
| 403 | | 2003 Ford F450 58476 | 7/1/2009 | SL / N/A | 5.0000 | 12,063.50 | 0.00 | 12,063.50 | 0.00 | 12,063.50 |
| 354 | | Peterbilt Upgrade | 9/1/2009 | SL / N/A | 5.0000 | 4,417.30 | 0.00 | 4,417.30 | 0.00 | 4,417.30 |
| 371 | | 2009 Chevrolet Silverado (2067) | 10/2/2009 | SL / N/A | 5.0000 | 22,876.20 | 0.00 | 22,876.20 | 0.00 | 22,876.20 |
| 368 | | 2002 F550 Truck (4650) | 10/5/2009 | SL / N/A | 5.0000 | 8,542.75 | 0.00 | 8,542.75 | 0.00 | 8,542.75 |
| 373 | | Upgrade to 1990 Pete 301714 | 11/1/2009 | SL / N/A | 5.0000 | 24,107.75 | 0.00 | 24,107.75 | 0.00 | 24,107.75 |
| 402 | | Upgrade to 1990 Pete #1202 | 12/1/2009 | SL / N/A | 5.0000 | 2,840.97 | 0.00 | 2,840.97 | 0.00 | 2,840.97 |
| 429 | | 2003 Ford S/N 58476 | 1/31/2010 | SL / N/A | 5.0000 | 1,099.44 | 0.00 | 1,099.44 | 0.00 | 1,099.44 |
| 431 | | Upgrade to 1 Ton Truck | 2/11/2010 | SL / N/A | 5.0000 | 1,136.10 | 0.00 | 1,136.10 | 0.00 | 1,136.10 |
| 440 | | 2007 GMC T5150 VIN #1GTEK19J877755431 | 5/1/2010 | SL / N/A | 5.0000 | 24,157.08 | 0.00 | 24,157.08 | 0.00 | 24,157.08 |
| 485 | | #20 UPGRADE | 7/31/2010 | SL / N/A | 5.0000 | 3,036.24 | 0.00 | 3,036.24 | 0.00 | 3,036.24 |
| 491 | | #30 UPGRADE | 7/31/2010 | SL / N/A | 5.0000 | 2,826.83 | 0.00 | 2,826.83 | 0.00 | 2,826.83 |
| 507 | | #28 UPGRADE | 7/31/2010 | SL / N/A | 5.0000 | 2,583.64 | 0.00 | 2,583.64 | 0.00 | 2,583.64 |
| 511 | | 07 GMC P/U VIN# 1GTHK24K77E529091 | 8/31/2010 | SL / N/A | 7.0000 | 15,419.79 | 0.00 | 15,419.79 | 0.00 | 15,419.79 |
| 512 | | UPGRADE TO 1994 PETE (ASSET #393 ON S | 9/30/2010 | SL / N/A | 5.0000 | 4,618.61 | 0.00 | 4,618.61 | 0.00 | 4,618.61 |
| 518 | | Upgrade #74 Peterbilt | 1/31/2011 | SL / N/A | 5.0000 | 5,705.39 | 0.00 | 5,705.39 | 0.00 | 5,705.39 |
| 522 | | UPGRADE INTL #28 | 2/28/2011 | SL / N/A | 5.0000 | 2,408.08 | 0.00 | 11,665.69 | 432.04 | 12,097.93 |
| 525 | | 1996 Frtlner, 1998 Pete | 3/31/2011 | SL / N/A | 7.0000 | 12,097.93 | 0.00 | 3,339.35 | 0.00 | 3,339.35 |
| 529 | | Vehicle Repairs | 4/1/2011 | SL / N/A | 5.0000 | 3,339.35 | 0.00 | 30,492.00 | 0.00 | 30,492.00 |
| 530 | | 1998 PTRBILT Vin #INPFX60X5WD464056 | 4/1/2011 | SL / N/A | 5.0000 | 30,492.00 | 0.00 | 5,016.07 | 752.41 | 5,768.48 |
| 536 | | New 1 Ton Gates | 4/30/2011 | SL / N/A | 10.0000 | 7,524.08 | 0.00 | 6,583.33 | 1,000.00 | 7,583.33 |
| 638 | | 1991 KW VIN 1XKDD69X0M561983 | 5/31/2011 | SL / N/A | 10.0000 | 10,000.00 | 0.00 | 2,290.95 | 0.00 | 2,290.95 |
| 642 | | #58 UPGRADE | 5/31/2011 | SL / N/A | 5.0000 | 2,290.95 | 0.00 | 4,428.70 | 0.00 | 4,428.70 |
| 643 | | Upgrade Liquid Peterbilt | 5/31/2011 | SL / N/A | 5.0000 | 4,428.70 | 0.00 | 2,862.12 | 0.00 | 2,862.12 |
| 644 | | Upgrade Rogator | 5/31/2011 | SL / N/A | 5.0000 | 2,862.12 | 0.00 | 31,378.00 | 0.00 | 31,378.00 |
| 653 | | 2001 KENWORTH | 6/30/2011 | SL / N/A | 5.0000 | 31,378.00 | 0.00 | 4,542.69 | 0.00 | 4,542.69 |
| 654 | | #53 UPGRADE | 6/30/2011 | SL / N/A | 5.0000 | 4,542.69 | 0.00 | 2,298.22 | 0.00 | 2,298.22 |
| 655 | | #58 UPGRADE | 6/30/2011 | SL / N/A | 5.0000 | 2,298.22 | 0.00 | 6,793.34 | 0.00 | 6,793.34 |
| 659 | | Upgrade #222 Tank Truck Baffles | 8/31/2011 | SL / N/A | 5.0000 | 6,793.34 | 0.00 | 6,875.00 | 1,100.00 | 7,975.00 |
| 660 | | 1984 FRUE SEMI TRACTOR | 9/30/2011 | SL / N/A | 25.0000 | 27,500.00 | 0.00 | 2,545.20 | 0.00 | 2,545.20 |
| 661 | | Upgrade #368 2002 F550 TRUCK (4650) | 9/30/2011 | SL / N/A | 3.0000 | 2,545.20 | 0.00 | 4,891.50 | 0.00 | 4,891.50 |
| 664 | | Kenworth Engine | 10/31/2011 | SL / N/A | 5.0000 | 4,891.50 | 0.00 | 1,937.32 | 0.00 | 1,937.32 |
| 677 | | #53 UPGRADE | 5/31/2012 | SL / N/A | 5.0000 | 1,937.32 | 0.00 | 1,937.32 | 0.00 | 1,937.32 |

91-0787696
01/01/2018 - 12/31/2018

Sorted: Department

HUSCH AND HUSCH, INC. [40100]
**Depreciation Expense**
Financial
01/01/2018 - 12/31/2018

3/12/2019
4:40:41PM

| System No. | S | Description | Date In Service | Method / Conv. | Life | Cost / Other Basis | Sec. 179/ Bonus/ (Cur. Yr. Only) | Beg. Accum. Depreciation/ (Sec. 179) | Current Depreciation | Total Depreciation/ (Sec. 179) |
|---|---|---|---|---|---|---|---|---|---|---|
| **VEHICLES - HARRAH ·** | | | | | | | | | | |
| 694 | | UPGRADE #54 KW | 7/31/2012 | SL / N/A | 5.0000 | 1,622.99 | 0.00 | 1,622.99 | 0.00 | 1,622.99 |
| 696 | | #30 UPGRADE | 8/31/2012 | SL / N/A | 5.0000 | 4,993.00 | 0.00 | 4,993.00 | 0.00 | 4,993.00 |
| 697 | | 2002 1 TON DIESEL UPGRADE TURBO | 8/31/2012 | SL / N/A | 5.0000 | 2,940.57 | 0.00 | 2,940.57 | 0.00 | 2,940.57 |
| 704 | | 2012 FORD S-DTY F-250 (1) | 12/1/2012 | SL / N/A | 5.0000 | 31,375.40 | 0.00 | 31,375.40 | 0.00 | 31,375.40 |
| 705 | | 2012 FORD S-DTY F-250 (2) | 12/1/2012 | SL / N/A | 5.0000 | 31,048.28 | 0.00 | 31,048.28 | 0.00 | 31,048.28 |
| 707 | | 2006 CHEVY TRUCK C7500 24' BOX VIN# 1C | 2/28/2013 | SL / N/A | 5.0000 | 30,179.35 | 0.00 | 29,173.37 | 1,005.98 | 30,179.35 |
| 713 | | 2013 FORD F 250 P/U SN# 1FT7X2B65DEA39 | 4/30/2013 | SL / N/A | 5.0000 | 35,182.53 | 0.00 | 32,837.05 | 2,345.48 | 35,182.53 |
| 715 | | 2004 40' BELT TRAILER SN#ITBSC42234B65 | 4/30/2013 | SL / N/A | 5.0000 | 30,000.00 | 0.00 | 28,000.00 | 2,000.00 | 30,000.00 |
| 716 | | 1995 KW TRACTOR SN# 1NKDLB0X47J8462 | 5/31/2013 | SL / N/A | 25.0000 | 18,000.00 | 0.00 | 3,300.00 | 720.00 | 4,020.00 |
| 722 | | New Engine 1 Ton Truck | 6/15/2013 | SL / N/A | 5.0000 | 3,437.00 | 0.00 | 3,150.58 | 286.42 | 3,437.00 |
| 723 | | UPGRADE #53 | 7/31/2013 | SL / N/A | 5.0000 | 3,300.55 | 0.00 | 2,915.49 | 385.06 | 3,300.55 |
| 733 | | UPGRADE #54 | 7/31/2013 | SL / N/A | 5.0000 | 2,798.45 | 0.00 | 2,470.20 | 328.25 | 2,798.45 |
| 734 | | UPGRADE #27 | 7/31/2013 | SL / N/A | 5.0000 | 3,046.22 | 0.00 | 2,690.81 | 355.41 | 3,046.22 |
| 735 | | UPGRADE #77 | 7/31/2013 | SL / N/A | 5.0000 | 3,641.10 | 0.00 | 3,216.31 | 424.79 | 3,641.10 |
| 736 | | FLAT BED TRUCK | 7/31/2013 | SL / N/A | 5.0000 | 3,689.90 | 0.00 | 3,259.41 | 430.49 | 3,689.90 |
| 737 | | CONVERT KODIAC TRUCK TO LIQUID CARR | 7/31/2013 | SL / N/A | 5.0000 | 3,164.02 | 0.00 | 2,794.87 | 369.15 | 3,164.02 |
| 738 | | 1990 KW | 8/8/2013 | SL / N/A | 5.0000 | 8,223.09 | 0.00 | 7,263.74 | 959.35 | 8,223.09 |
| 739 | | REBUILD #73 | 8/29/2013 | SL / N/A | 5.0000 | 3,289.28 | 0.00 | 2,850.73 | 438.55 | 3,289.28 |
| 743 | | UPGRADE #4 PICKUP | 8/31/2013 | SL / N/A | 5.0000 | 4,119.82 | 0.00 | 3,570.49 | 549.33 | 4,119.82 |
| 745 | | #55 TANK & MOUNT | 10/30/2013 | SL / N/A | 5.0000 | 4,324.67 | 0.00 | 3,603.88 | 720.79 | 4,324.67 |
| 747 | | 8IN TRUCK CYLINDER | 10/30/2013 | SL / N/A | 5.0000 | 3,644.30 | 0.00 | 3,036.92 | 607.38 | 3,644.30 |
| 750 | | 2006 GMC MODEL. C7C FB TRUCK "KODIAK | 10/30/2013 | SL / N/A | 5.0000 | 25,500.00 | 0.00 | 21,250.00 | 4,250.00 | 25,500.00 |
| 754 | | 2013 FORD F-150 SN# 1FTMF1EF6DFE07987 | 12/11/2013 | SL / N/A | 5.0000 | 32,688.80 | 0.00 | 26,695.85 | 5,992.95 | 32,688.80 |
| 762 | | UPGRADE #56 | 12/16/2013 | SL / N/A | 5.0000 | 2,746.06 | 0.00 | 2,242.61 | 503.45 | 2,746.06 |
| 758 | | #24 UPGRADE | 12/31/2013 | SL / N/A | 5.0000 | 6,442.85 | 0.00 | 5,154.28 | 1,288.57 | 6,442.85 |
| 759 | | #27 UPGRADE | 12/31/2013 | SL / N/A | 5.0000 | 5,691.54 | 0.00 | 4,553.24 | 1,138.30 | 5,691.54 |
| 760 | | #58 UPGRADE | 12/31/2013 | SL / N/A | 5.0000 | 1,481.42 | 0.00 | 1,185.12 | 296.30 | 1,481.42 |
| 767 | | #28 UPGRADE | 1/31/2014 | SL / N/A | 5.0000 | 2,015.60 | 0.00 | 1,578.89 | 403.12 | 1,982.01 |
| 768 | | 1990 KW UPGRADE | 1/31/2014 | SL / N/A | 5.0000 | 3,988.48 | 0.00 | 3,124.53 | 797.70 | 3,922.03 |
| 772 | | BELT TRAILER | 2/28/2014 | SL / N/A | 5.0000 | 1,278.62 | 0.00 | 980.26 | 255.72 | 1,235.98 |
| 773 | | UPGRADE #29 | 2/28/2014 | SL / N/A | 5.0000 | 2,527.45 | 0.00 | 1,937.71 | 505.49 | 2,443.20 |
| 774 | | UPGRADE #73 | 2/28/2014 | SL / N/A | 5.0000 | 2,934.09 | 0.00 | 2,249.48 | 588.82 | 2,838.30 |
| 776 | | 2011 PETERBILT MODEL 388 VIN#IXPWPBS: | 2/28/2014 | SL / N/A | 5.0000 | 69,184.00 | 0.00 | 53,041.07 | 13,836.80 | 66,877.87 |
| 779 | | REFURBISH 2013 FORD PICKUP | 3/31/2014 | SL / N/A | 5.0000 | 2,881.04 | 0.00 | 2,160.79 | 576.21 | 2,737.00 |
| 782 | | 2007 KENWORTH | 3/31/2014 | SL / N/A | 5.0000 | 37,617.00 | 0.00 | 28,212.75 | 7,523.40 | 35,736.15 |
| 783 | | 2013 FORD PICKUP VIN#1FTFW1R51DFD84 | 3/31/2014 | SL / N/A | 5.0000 | 62,000.00 | 0.00 | 46,500.00 | 12,400.00 | 58,900.00 |
| 784 | | 2014 CHEVY PICKUP VIN #1GCVKPEC6EZ1: | 3/31/2014 | SL / N/A | 5.0000 | 34,915.12 | 0.00 | 26,186.33 | 6,983.02 | 33,169.35 |
| 785 | | 2014 CHEVY PICK UP VIN#1GCVKPEC2EZ2: | 3/31/2014 | SL / N/A | 5.0000 | 34,123.93 | 0.00 | 25,592.96 | 6,824.79 | 32,417.75 |
| 789 | | 2015 GMC P/U VIN #1GT122E61FF118145 | 4/30/2014 | SL / N/A | 5.0000 | 56,377.24 | 0.00 | 41,343.32 | 11,275.45 | 52,618.77 |
| 799 | | TERRAGATOR UPGRADE | 8/1/2014 | SL / N/A | 5.0000 | 5,182.24 | 0.00 | 3,541.20 | 1,036.45 | 4,577.65 |
| 800 | | 2014 250 TRX Honda | 9/1/2014 | SL / N/A | 5.0000 | 4,081.92 | 0.00 | 2,721.27 | 816.38 | 3,537.65 |
| 805 | | TRUCK #22 UPGRADE | 12/1/2014 | SL / N/A | 5.0000 | 4,636.65 | 0.00 | 2,860.50 | 927.73 | 3,788.23 |
| 806 | | TRUCK #24 UPGRADE | 12/1/2014 | SL / N/A | 5.0000 | 4,601.11 | 0.00 | 2,960.68 | 960.22 | 3,920.90 |
| 807 | | TRUCK #25 UPGRADE | 12/1/2014 | SL / N/A | 5.0000 | 3,271.00 | 0.00 | 2,017.12 | 654.20 | 2,671.32 |
| 808 | | TRUCK #53 UPGRADE | 12/1/2014 | SL / N/A | 5.0000 | 4,885.04 | 0.00 | 3,012.45 | 977.01 | 3,989.46 |
| 809 | | TRUCK #73 UPGRADE | 12/1/2014 | SL / N/A | 5.0000 | 3,381.22 | 0.00 | 2,086.07 | 676.24 | 2,761.31 |
| 810 | | TRUCK #31 UPGRADE | 12/1/2014 | SL / N/A | 5.0000 | 5,879.43 | 0.00 | 3,625.66 | 1,175.89 | 4,801.55 |
| 824 | | UPGRADE #23 | 2/1/2015 | SL / N/A | 5.0000 | 1,373.91 | 0.00 | 801.44 | 274.78 | 1,076.22 |

20-00465-WLH11     Doc 269     Filed 03/16/21     Entered 03/16/21 12:53:49     Pg 56 of 59
20-00465-WLH11     Doc 278     Filed 04/06/21     Entered 04/06/21 15:59:18     Pg 58 of 61

# HUSCH AND HUSCH, INC. [40100]
## Depreciation Expense
Financial
01/01/2018 - 12/31/2018

| System No. | S | Description | Date In Service | Method / Conv. | Life | Cost / Other Basis | Sec. 179/ Bonus/ (Cur. Yr. Only) | Beg. Accum. Depreciation/ (Sec. 179) | Current Depreciation | Total Depreciation/ (Sec. 179) |
|---|---|---|---|---|---|---|---|---|---|---|
| **VEHICLES - HARRAH** | | | | | | | | | | |
| 828 | | VEHICLES UPGRADE #52 | 4/1/2015 | SL / N/A | 5.0000 | 2,828.46 | 0.00 | 1,555.65 | 565.69 | 2,121.34 |
| 829 | D | 2011 FORD VIN: 1FTFX1ETXBFD32946 | 5/1/2015 | SL / N/A | 5.0000 | 31,537.30 | 0.00 | 16,819.89 | 4,204.97 | 21,024.86 |
| 832 | | VEHICLE UPGRADE #27 | 7/1/2015 | SL / N/A | 5.0000 | 4,197.79 | 0.00 | 2,099.90 | 839.56 | 2,939.46 |
| 852 | | UPGRADE 1984 FORD TRUCK | 12/1/2015 | SL / N/A | 5.0000 | 2,533.59 | 0.00 | 1,055.67 | 506.72 | 1,562.39 |
| 853 | | UPGRADE #70 TRUCK | 12/1/2015 | SL / N/A | 5.0000 | 6,494.13 | 0.00 | 2,705.90 | 1,298.83 | 4,004.73 |
| 854 | | UPGRADE #24 TRUCK | 12/1/2015 | SL / N/A | 5.0000 | 3,699.03 | 0.00 | 1,541.27 | 739.81 | 2,281.08 |
| 856 | | 2007 GMC C7500 CAB AND CHASSIS SERIA | 12/1/2015 | SL / N/A | 5.0000 | 24,500.00 | 0.00 | 10,208.33 | 4,900.00 | 15,108.33 |
| 851 | | UPGRADE KW T800 TRUCK | 12/11/2015 | SL / N/A | 5.0000 | 4,828.74 | 0.00 | 2,011.98 | 965.75 | 2,977.73 |
| 884 | | 2016 GM DENALI VIN#1GKS2HKJ3GR37541! | 10/25/2016 | SL / N/A | 5.0000 | 78,672.52 | 0.00 | 17,890.25 | 16,334.50 | 33,224.75 |
| 876 | | UPGRADE TRUCK #11 | 12/1/2016 | SL / N/A | 5.0000 | 1,315.85 | 0.00 | 265.10 | 263.17 | 548.27 |
| 877 | | UPGRADE TRUCK #16 | 12/1/2016 | SL / N/A | 5.0000 | 1,402.79 | 0.00 | 303.94 | 280.56 | 584.50 |
| 878 | | UPGRADE TRUCK #20 | 12/1/2016 | SL / N/A | 5.0000 | 1,637.87 | 0.00 | 354.87 | 327.57 | 682.44 |
| 879 | | UPGRADE TRUCK #24 | 12/1/2016 | SL / N/A | 5.0000 | 4,494.62 | 0.00 | 973.83 | 898.92 | 1,872.75 |
| 880 | | UPGRADE TRUCK #27 | 12/1/2016 | SL / N/A | 5.0000 | 1,142.60 | 0.00 | 247.56 | 228.52 | 476.08 |
| 881 | | UPGRADE TRUCK #44 | 12/1/2016 | SL / N/A | 5.0000 | 1,018.22 | 0.00 | 220.61 | 203.64 | 424.25 |
| 882 | | UPGRADE TRUCK #73 | 12/1/2016 | SL / N/A | 5.0000 | 2,615.00 | 0.00 | 631.58 | 583.00 | 1,214.58 |
| 883 | | UPGRADE TRUCK #77 | 12/1/2016 | SL / N/A | 5.0000 | 1,436.87 | 0.00 | 311.32 | 287.37 | 598.69 |
| 884 | | UPGRADE TRUCK #91 | 12/1/2016 | SL / N/A | 5.0000 | 5,974.54 | 0.00 | 1,294.49 | 1,194.91 | 2,489.40 |
| 885 | | SCISSOR LIFT TRUCK | 12/1/2016 | SL / N/A | 5.0000 | 15,744.93 | 0.00 | 3,411.41 | 3,148.99 | 6,560.40 |
| 903 | | 2017 FORD F450 PICKUP - KELLY | 3/9/2017 | SL / N/A | 5.0000 | 90,328.27 | 0.00 | 15,054.71 | 18,065.65 | 33,120.36 |
| 914 | | 2017 GMC SIERRA - MARIO VFN:3GTU2NEC | 8/8/2017 | SL / N/A | 5.0000 | 53,335.22 | 0.00 | 4,444.60 | 10,667.04 | 15,111.64 |
| 916 | | UPGRADE TRUCK #24 | 9/1/2017 | SL / N/A | 5.0000 | 5,420.88 | 0.00 | 361.39 | 1,084.18 | 1,445.57 |
| 917 | | UPGRADE TRUCK #29 | 9/1/2017 | SL / N/A | 5.0000 | 2,085.78 | 0.00 | 139.05 | 417.16 | 556.21 |
| 918 | | UPGRADE TRUCK #31 | 9/1/2017 | SL / N/A | 5.0000 | 2,301.03 | 0.00 | 153.40 | 460.21 | 613.61 |
| 919 | | UPGRADE TRUCK #44 | 9/1/2017 | SL / N/A | 5.0000 | 1,674.11 | 0.00 | 111.61 | 334.82 | 446.43 |
| 920 | | UPGRADE TRUCK #53 | 9/1/2017 | SL / N/A | 5.0000 | 3,185.64 | 0.00 | 212.38 | 637.13 | 849.51 |
| 921 | | UPGRADE TRUCK #55 | 9/1/2017 | SL / N/A | 5.0000 | 5,001.92 | 0.00 | 333.46 | 1,000.38 | 1,333.84 |
| 922 | | UPGRADE TRUCK #77 | 9/1/2017 | SL / N/A | 5.0000 | 3,964.07 | 0.00 | 264.27 | 792.81 | 1,057.08 |
| 945 | | UPGRADE TRUCK #53 | 6/1/2018 | SL / N/A | 5.0000 | 5,985.09 | 0.00 | 0.00 | 695.93 | 695.03 |
| 946 | | UPGRADE TRUCK #85 | 6/1/2018 | SL / N/A | 5.0000 | 2,745.16 | 0.00 | 0.00 | 320.27 | 320.27 |
| 947 | | UPGRADE TRUCK #76 | 6/1/2018 | SL / N/A | 5.0000 | 2,800.71 | 0.00 | 0.00 | 327.45 | 327.45 |
| 948 | | UPGRADE TRUCK #22 | 6/1/2018 | SL / N/A | 5.0000 | 14,077.35 | 0.00 | 0.00 | 1,642.36 | 1,642.36 |
| 949 | | UPGRADE TRUCK #77 | 6/1/2018 | SL / N/A | 5.0000 | 4,438.05 | 0.00 | 0.00 | 517.54 | 517.54 |
| Subtotal: VEHICLES - HARRAH | | | | | | 2,124,422.69 | 0.00 | 1,648,879.64 | 171,861.26 | 1,820,560.92 |
| Less dispositions and exchanges: | | | | | | 31,537.30 | | 16,819.89 | 0.00 | 21,024.86 |
| Net for: VEHICLES - HARRAH | | | | | | 2,092,885.59 | 0.00 | 1,631,859.75 | 171,861.26 | 1,799,536.06 |
| Subtotal: | | | | | | 8,824,008.62 | 0.00 | 6,011,731.35 | 538,253.69 | 6,549,984.94 |
| Less dispositions and exchanges: | | | | | | 31,537.30 | 0.00 | 16,819.89 | 0.00 | 21,024.86 |
| Grand Totals: | | | | | | 8,792,471.32 | 0.00 | 5,994,911.46 | 538,253.69 | 6,528,960.08 |

20-00465-WLH11  Doc 269  Filed 03/16/21  Entered 03/16/21 12:53:49  Pg 57 of 59
20-00465-WLH11  Doc 278  Filed 04/06/21  Entered 04/06/21 15:59:18  Pg 59 of 61

**So Ordered.**

**Dated: April 10th, 2020**



Whitman L. Holt
**Bankruptcy Judge**

1

2

3

4

5

6

7

8

9

10           UNITED STATES BANKRUPTCY COURT

11      IN AND FOR THE EASTERN DISTRICT OF WASHINGTON

12 In re:                     No.: 20-00465-WLH11

13 HUSCH & HUSCH, INC.,

14           Debtor.             Chapter 11

15

16

17

18

19

20

21

22

23

24

25

Chapter 11

**ORDER AUTHORIZING DEBTOR TO
OBTAIN SECURED CREDIT FROM
SUPPLIERS PURSUANT TO 11 U.S.C.
§ 364(c)(3)**

THIS MATTER coming before the court this April 10, 2020, upon the Motion of the Debtor for Final Order Authorizing Debtor to Obtain Secured Credit From Suppliers Pursuant to 11 U.S.C. § 364(c)(3) [*ECF No. 33*] (the "Motion"), it appearing that sufficient notice to creditors has been given, no objections thereto have been made, or, if made have been overruled, and good cause appearing for the requested Motion, as supplemented [*ECF No. 79*] it is

ORDERED that the Debtor's Motion [*ECF No. 33*], subject to the following provisions, be and the same is hereby Granted.

Order-1

SOUTHWELL & O'ROURKE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS AT LAW
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 09201
TELEPHONE (509) 624-0159

EXHIBIT 4

Pg 1 of 2
Pg 10 of 11
20-00465-WLH11   Doc 269   Filed 03/16/21   Entered 03/16/21 12:53:49   Pg 58 of 59
20-00465-WLH11   Doc 278   Filed 04/06/21   Entered 04/06/21 15:59:18   Pg 60 of 61

**IT IS FURTHER ORDERED:**

1. The terms and conditions of the interim order [*ECF No. 54*] shall remain effective, subject to the provisions of this final order.

2. The total amount of secured debt that may be incurred in a one-month period will not exceed $1,750,000.00. The total balance due Product Suppliers by Debtor shall not exceed Three Million Dollars ($3,000,000.00) at any time.

3. The Debtor shall provide a copy of the report to each Product Supplier of each Product Supplier's respective product sales every week beginning on the third day following each business week, as well as a report of payments made to Product Supplier's pursuant to this order, to Heritage Bank and any other requesting creditor.

///END OF ORDER//

PRESENTED BY:

SOUTHWELL & O'ROURKE, P.S.

BY: /s/ Dan O'Rourke
    DAN O'ROURKE, WSBA #4911
    Attorney for Debtor

* Changes made by court

Order-2

SOUTHWELL & O'ROURKE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS AT LAW
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159
