Daniel J. Bugbee, WSBA No. 42412  
155 NE 100th St., Suite 205  
Seattle, WA 98125  
Tel: (206) 489-3819  
dbugbee@lawdbs.com  
*Attorneys for Liquidating Agent McCallen & Sons, Inc.*

The Honorable Whitman L. Holt

IN THE UNITED STATES BANKRUPTCY COURT  
FOR THE EASTERN DISTRICT OF WASHINGTON

In re:

**HUSCH & HUSCH, INC.,**

Debtor.

No. 20-0465-WLH11

**MOTION TO COMPEL TRANSFER OF NON-DEBTOR PROPERTIES**

    McCallen & Sons, Inc. ("MSI" or "Liquidating Agent"), in its capacity as the court appointed liquidating agent of Husch & Husch, Inc. ("Debtor") hereby moves this Court to compel transfer to the Debtor of certain non-Debtor properties. The Chapter 11 Plan confirmed by this Court called for liquidation of three properties owned by entities and individuals closely related to Debtor. However, certain subsequent rulings of this Court have called into question the Liquidating Agent's standing and authority to transfer title to and otherwise administer those properties. Transfer of these properties to the Debtor is required to effectuate the purpose and intent of the Plan. While the non-debtor individuals and entities have seemingly agreed to comply with the Liquidating Agent's request, they have failed to perform thus far. This Court has authority pursuant to 11 U.S.C. § 1142(b) and related case law to compel the transfers, and should do so to prevent further delay.



MOTION TO COMPEL TRANSFERS OF NON-DEBTOR PROPERTIES - 1

155 NE 100th Street, Suite 205   Seattle, WA 98125  
p: 206.489.3802 | f: 206.973.8737

## STATEMENT OF FACTS

1. This chapter 11 voluntary proceeding was filed on March 4, 2020. ECF No. 1.

2. No official committee of unsecured creditors has been appointed in this proceeding. ECF. No. 70.

3. On August 25, 2021, the court confirmed the Debtor's Fourth Amended Plan ("Plan"). ECF No. 422.

4. Pursuant to the Plan, on October 12, 2021, the court entered an order (the "Appointment Order") appointing MSI as the liquidating agent under the Plan with full authority to sell substantially all of the assets of the Debtor, together with certain assets of non-Debtors Husch Properties, LLC, L. Kelly Husch, and Deanna Husch (the "Non-Debtor Properties"). ECF No. 437.

5. The Appointment Order provided that "McCallen is hereby appointed as Liquidating Agent with power of sale over all assets and real property of Husch & Husch and Husch Properties and certain limited property of other Related Parties, including but not limited to the Property described above and in Exhibit A hereto . . . (the "Estate")." *Id.* at ¶ 1. Exhibit A to the Appointment Order specifically included the three parcels that are the subject of this Motion. Kelly Husch and Husch Properties, LLC both approved the order through counsel.

6. The first Non-Debtor Property at issue is owned equally by Deanna and L. Kelly Husch, and is located at 3990 Harrah Road, Wapato, WA, Parcel No. 18112744019 (the "Restaurant Lot"). An operating Mexican restaurant is located on the lot. The Husches granted Heritage Bank a Deed of Trust on the Restaurant Lot to secure the debts of the Debtor. *Heritage Bank v. Husch Properties, LLC, et al*, Adversary Case No. 20-80008-WLH, ECF No. 1. The Plan defines the Restaurant Lot at Section 1(39), and provides for liquidation of this property for the benefit of Debtor's creditors at Section X.

MOTION TO COMPEL TRANSFERS OF NON-DEBTOR PROPERTIES - 2



A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737

20-00465-WLH11    Doc 566    Filed 11/02/22    Entered 11/02/22 16:37:00    Pg 2 of 11

7. The next Non-Debtor Property is owned by Husch Properties, LLC[1] and is located at 8031 Branch Road, Harrah, WA, Parcel No. 18112744037 (the "Office Lot"). An office building is located on this property, which is leased to Debtor for use as its corporate offices. Husch Properties granted Heritage Bank a Deed of Trust on the Office Lot to secure the debts of the Debtor. Adversary Case No. 20-80008-WLH, ECF No. 1. The Plan defines the Office Lot at Section 1(29)(a), and provides for liquidation of this property for the benefit of Debtor's creditors at Section X.

8. The final Non-Debtor Property is owned by L. Kelly Husch and is located at 2730 Jones Road, Wapato, WA, Parcel No. 19110721002 (the "Jones Road Lot"). L. Kelly Husch granted Heritage Bank a Deed of Trust on the Jones Road Lot to secure the debts of the Debtor. Adversary Case No. 20-80008-WLH, ECF No. 1. The Plan defines the Jones Road Lot at Section 1(26), and provides for liquidation of this property for the benefit of Debtor's creditors at Section X. While the Plan originally provided for sale of the Jones Road Lot only upon the happening of certain contingencies, the amendment to the Plan provided that if the claims of Heritage Bank were not paid within ten days of the Plan's effective date, the Liquidating Agent was to sell all property immediately. ECF Nos. 400-1 at ¶ 11; 407.

9. When seeking removal of Heritage Bank's state-court receivership action to this Court, with regard to the Non-Debtor Properties, L. Kelly Husch, Deanna Husch, and Husch Properties, LLC, stated as follows:

> Not only are the properties owned by Husch & Husch, Inc. identified in the Petition utilized by the Debtor, but in addition D. Husch's parcel number 181127-44019 is used in part by the Debtor for storage of valuable equipment. (Allen Decl., ¶2). Also, as a principle in Husch & Husch, Inc. and alleged guarantor of Husch & Husch, Inc.'s debt, D. Husch deposits rents from said parcel into accounts for the benefit of Husch & Husch, Inc. (Allen Decl., ¶2). Furthermore, business offices of Husch & Husch, Inc. are located on Husch Properties parcel number 181127-44037. (Allen Decl., ¶2). These two parcels are adjacent to, and used as part of the same complex of properties owned by

---

[1] In late 2007, Husch Properties, LLC was administratively dissolved by the Office of the Secretary of State for the State of Washington, for failure to timely file its required reports.



MOTION TO COMPEL TRANSFERS OF NON-DEBTOR PROPERTIES - 3

A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737

Husch & Husch, Inc. Along with this, parcel 191107-21002 owned by K. Husch and recited in the receivership has been used at times to store valuable property of Husch & Husch, Inc. when necessary.

Adversary Case No. 20-80008-WLH, ECF No. 1. Clearly, these Non-Debtor Properties were utilized by Debtor, were an important part of Debtor's business, and were pledged as security for Debtor's debts. As there is significant value in these Non-Debtor Properties, their liquidation was an essential part of the approved Plan.

10. MSI engaged in efforts to sell the Jones Road Lot and entered into a Residential Purchase and Sale Agreement regarding the same. ECF No. 517. On May 12, 2022, the Liquidating Agent filed its Motion to Approve Sale of Property Free and Clear of Liens ("First Sale Motion"). *Id.*

11. At that time, MSI was aware of a claimed Leasehold interest (the "Lease") on the Jones Road Lot between Tegan K. Husch as Lessor and TLC Orchards, LLC ("TLC") as Lessee. It is MSI's opinion that the Lease is invalid and not binding on the Jones Road Lot, as it was not executed by the Property owner and does not contain the requisite formalities necessary for a real property Lease—notably the Lease is not notarized. RCW 59.04.010; ECF No. 517. MSI's Sale Motion requested a finding by the Court that the Lease was not binding upon the Estate or the Property. *Id.*

12. On or about June 8, 2022, MSI filed an adversary proceeding against TLC, seeking a declaratory judgment that the Lease is invalid and not binding on the Estate or Property. *See McCallen & Sons, Inc. v. TLC Orchards*, Adversary Case No. 22-80012-WLH, ECF No. 1. TLC filed a Motion to Dismiss, claiming that the Court lacked subject matter jurisdiction over the Property and therefore this adversary proceeding, and that the Liquidating Agent lacked standing. *Id.*, ECF No. 5.

13. On September 6, 2022, the Court granted Defendant TLC's Motion to Dismiss that adversary proceeding, ruling that the Liquidating Agent lacked standing to prosecute the



MOTION TO COMPEL TRANSFERS OF NON-DEBTOR PROPERTIES - 4

DBS | LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737

suit. No. 22-80012-WLH, ECF No. 18. The Court's ruling raised significant issues regarding the authority of the Liquidating Agent to manage and liquidate the Non-Debtor Properties that were included in the Plan. Judge Holt further indicated that because these Non-Debtor Properties are not owned by the Debtor, they are not property of the "estate" as defined by the Plan, which calls into question whether they can be sold free and clear of liens pursuant to Section 363 and have the proceeds distributed pursuant to the Plan. ECF No. 16.

14. On September 14, 2022, the Liquidating Agent, through counsel, sent correspondence to counsel for Kelly and Deanna Husch, demanding that the owners quitclaim the Non-Debtor Properties to the Debtor, so that they could be liquidated as provided for by the Plan. Declaration of Daniel Bugbee in Support of Motion to Compel Transfers of Non-Debtor Properties ("Bugbee Dec."), Ex. A.

15. Deanna Husch agreed to make the requested transfer, and did execute a quitclaim deed for the Restaurant Lot. *Id.* at ¶ 4.

16. On or about October 11, 2022, counsel for Kelly Husch indicated that he would agree to execute the deeds and deliver them to the Liquidating Agent, to be held for recording until after court approval of an eventual sale. *Id.*, Ex. B. The Liquidating Agent agreed. However, to date, Kelly Husch has still not executed and delivered the deeds on behalf of himself or Husch Properties. *Id.* at ¶ 5-7; Ex. C.

17. Due to the continued delay in Mr. Husch executing the deeds, the Liquidating Agent now seeks a Court Order compelling L. Kelly Husch and Husch Properties, LLC to quitclaim these properties to the Debtor, so they may be liquidated for the benefit of creditors, as contemplated by the Plan.

## LEGAL ARGUMENT

1. **The Liquidating Agent has Standing to Seek a Court Order Necessary to Effectuate the Plan.**



MOTION TO COMPEL TRANSFERS OF NON-DEBTOR PROPERTIES - 5

18.     The Appointment Order appointed McCallen & Sons as Liquidating Agent "with power of sale over all assets and real property of Husch & Husch <u>and Husch Properties and certain limited property of other Related Parties</u>, including but not limited to the Property described above and in Exhibit A hereto . . ." ECF No. 437 at ¶ 1. (emphasis added). The "Estate" for liquidation, as defined by the Appointment Order, specifically included the Restaurant Lot, the Office Lot, and the Jones Road Lot. *Id.* at ¶ 1. Upon appointment, the Liquidating Agent was deemed to have "exclusive possession and control over the Estate." *Id.* at ¶ 3. The Appointment Order gave the Liquidating Agent all the powers of a Chapter 7 Trustee: "The Liquidating Agent shall have all other powers and rights of a Liquidating Agent appointed under the Bankruptcy Code, including, without limitation, all of those duties, powers, and rights of a trustee as set forth in 11 U.S.C. § 704 and the Plan (as may be amended by the court)." *Id.* The Appointment Order further provides "the Liquidating Agent may at any time apply to this court for further instructions or for modification of this Order of for further powers necessary to enable the Liquidating Agent to properly perform its duties . . ." *Id.* at ¶ 4(e). The Liquidating Agent has standing and authority to request the Court compel transfer of the Non-Debtor Properties to the Debtor, to facilitate their liquidation in accordance with the terms of the Plan.

**2. This Court has Authority to Compel Transfer of the Non-Debtor Properties to the Debtor.**

19.     The Bankruptcy Code provides a means by which the court may compel non-debtor parties to execute documents necessary to effectuate a confirmed Plan. "[T]he court may direct the debtor and any other necessary party to execute or deliver or to join in the execution or delivery of any instrument required to effect a transfer of property dealt with by a confirmed plan and to perform any other act, including the satisfaction of any lien that is necessary for the consummation of the plan." *See* 11 U.S.C. §1142(b). "Subsection (b) implicitly contemplates a creditor, shareholder, or other party affected by the plan moving for an order which triggers the

DBS | LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802  |  f: 206.973.8737

court's authority to direct a recalcitrant debtor or other party to perform acts necessary to consummate the plan." *In re Harlow Properties, Inc.*, 56 B.R. 794, 798 (B.A.P. 9th Cir. 1985)

20. For instance, in *Official Unsecured Creditors' Committee v. Siskind*, the bankruptcy court relied on Section 1142(b) when it ordered certain related parties to contribute funds that they had pledged to the Plan. 137 B.R. 165, 170 (Bankr. W.D. Pa. 1992) ("Bankruptcy Code contains the requisite basis for the Court to interpret the Confirmed Plan and to compel the Defendants to fund the Confirmed Plan provided that it so requires and that the Confirmed Plan properly sets forth the agreement of the parties"). Even more similar is *in re Harlow Properties, Inc.*, a case originating in this district, in which the Plan provided for sale of a parcel of land owned by Debtor's principals and leased to the Debtor, if plan payments were not timely made. 56 B.R. at 796. When the debtor defaulted on plan payments, the court held it had jurisdiction over a creditor's motion to compel sale of the non-debtor property under Section 1142(b). *Id.* at 798.

21. Further, the Appointment Order imposed a duty upon L. Kelly Husch and Husch Properties, LLC to cooperate with the Liquidating Agent in effectuating the Plan and its contemplated liquidation. Appointment Order, ¶ 4(f) ("the debtor and related parties shall provide all cooperation and assistance as they would be required to provide if the liquidating agent had been appointed as a trustee under the bankruptcy code"). The Liquidating Agent sent a demand letter requesting that the owners of the Non-Debtor Properties quit claim them to the Debtor, in order to allow them to be sold by the Liquidating Agent as provided for by the Plan. While Mr. Husch has indicated he will sign on behalf of himself and Husch Properties, his continued delay in doing so raises questions regarding the veracity of this promise. Even after Plan confirmation, a bankruptcy court retains jurisdiction to enforce its own orders. *Huse v. Huse-Sporsem, A.S. (In re Birting Fisheries, Inc.)*, 300 B.R. 489, 499 (9th Cir. BAP 2003) (bankruptcy court's core jurisdiction includes confirmation of plans, and core



MOTION TO COMPEL TRANSFERS OF NON-DEBTOR PROPERTIES - 7

A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737

20-00465-WLH11    Doc 566    Filed 11/02/22    Entered 11/02/22 16:37:00    Pg 7 of 11

jurisdiction continues for the court to enforce its orders). The Appointment Order provides a further basis for compelling the transfers as requested by this Motion.

3. **This Court should Grant an Order Compelling the Transfers of the Non-Debtor Properties, as Transfer is Appropriate and Necessary to Effectuate the Plan.**

22. The Court should compel the Non-Debtor Parties to quitclaim the Non-Debtor Properties to the Debtor, in order to effectuate the intent of the Plan. If the transfers are not made, the Liquidating Agent's ability and authority to liquidate these properties is hamstrung. The Court has already ruled that the Liquidating Agent lacked standing to determine the impact of the TLC Lease on the Jones Road Lot, and also opined that the Liquidating Agent may not be able to sell these Non-Debtor Properties free and clear of liens, as they are not property of the "Estate" as defined in the Plan. In so ruling, the court threw into question whether or not the Liquidating Agent would even be able to transfer title to the Non-Debtor Properties to a purchaser. The Liquidating Agent cannot proceed with its efforts to liquidate these properties for the benefit of estate creditors until these issues are resolved.

23. Transfer of the Non-Debtor Properties to the Debtor via quitclaim deed is the fastest and cleanest method by which to ensure that these Non-Debtor Properties are considered property of the "Estate" as defined in Section 1(19) of the Plan and within the meaning of 11 U.S.C. § 541. 11 U.S.C. § 541(a)(7) states that estate property includes "[a]ny interest in property that the estate acquires after the commencement of the case," and thus these Non-Estate Properties will be within the scope of the Estate and the Liquidating Agent's granted authority upon transfer.

24. These Non-Debtor Properties were explicitly included in the assets to be liquidated for the benefit of the estate's creditors, and thus the inability to effectively liquidate these properties would throw into question the continued feasibility of the Plan as well as thwart the reasonable expectations of those creditors and stakeholders who voted in favor of the Plan. Owners Deanna Husch, L. Kelly Husch, and Husch Properties, LLC were all involved in



MOTION TO COMPEL TRANSFERS OF NON-DEBTOR PROPERTIES - 8

revision and negotiating the terms of the Plan and all agreed to the Appointment Order, as indicated by the signatures of their counsel, which provided for liquidation of the Non-Debtor Properties. These related parties are bound by the terms of the Plan, and through their own adversary proceeding, they indicated their belief that these lots should be treated as part of Debtor's bankruptcy. There is no surprise or unfairness in requiring these parties to quitclaim the Non-Debtor Properties to the Debtor at this juncture.

25. These Non-Debtor Properties represent a significant portion of the value of the estate. The proposed transfers are a preferable solution to seeking to modify the Plan. The requested quitclaim transfers are also preferrable to having the Liquidating Agent market the Non-Debtor Properties and compelling the owners to deed the properties to the ultimate purchaser as part of a sale motion, because issues remain with these Properties (such as the TLC Lease and dealing with other tenants), which could depress the sales price of these assets if they cannot be resolved by the Liquidating Agent prior to sale. Additionally, several of the Non-Debtor Properties (the Restaurant Lot and the Office Lot) are best marketed and sold in conjunction with other Debtor properties—and the complexities inherent in marketing and closing a sale of properties owned by three different parties to one buyer (especially when transfer might have to be compelled by the court) could cause interested buyers to balk. Transfer of the Non-Debtor Properties to the Debtor at this juncture is appropriate and necessary to effectuate the agreed terms of the Plan.

## CONCLUSION

As in the *Siskind* case, without compelling the transfer of these Non-Debtor Properties to the Debtor, "it is impossible to administer the estate, implement the Confirmed Plan, and close this case . . ." *Siskind*, 137 B.R. at 170. MSI respectfully requests that the Court grant this Motion and compel L. Kelly Husch and Husch Properties, LLC to timely execute and deliver to



DBS|LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802  |  f: 206.973.8737

the Liquidating Agent quitclaim deeds and Real Estate Excise Tax Affidavits, to facilitate transfer of the Non-Debtor Properties to the Debtor.

DATED this 2nd day of November, 2022.

DBS | LAW

By /s/ *Daniel J. Bugbee*
Daniel J. Bugbee, WSBA No. 42412
155 NE 100th St., Suite 205
Seattle, WA 98125
Tel: (206) 489-3819
dbugbee@lawdbs.com
*Attorneys for McCallen & Sons, Inc*

## CERTIFICATE OF SERVICE

I, Daniel J. Bugbee hereby certify on November 2, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which, pursuant to Local Rule 5005-1(c)(1), causes parties who are registered ECF participants to be served by electronic means.

Dated this 2nd day of November, 2022 at Seattle, Washington.

DBS | LAW

By /s/ *Daniel J. Bugbee*
Daniel J. Bugbee, WSBA No. 42412
155 NE 100th St., Suite 205
Seattle, WA 98125
Tel: (206) 489-3819
dbugbee@lawdbs.com
*Attorneys for McCallen & Sons, Inc*



MOTION TO COMPEL TRANSFERS OF NON-DEBTOR PROPERTIES - 11